# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK
### SYRACUSE DIVISION

---

ANN MARIE RUDD, MATTHEW ROACH, MELISSA LONGO, JENNIFER DOTY, and GARRETT TITCHEN,

                             Plaintiffs,

              -against-

T.L. CANNON CORP., d/b/a APPLEBEES, T.L. CANNON MANAGEMENT CORP., TLC WEST, LLC, TLC CENTRAL, LLC, TLC UTICA, LLC,  TLC EAST, LLC, and TLC NORTH, LLC; DAVID A. STEIN, individually and as Owner and Chairman of T.L. Cannon Corp. and as Director and Chairman of T.L. Cannon Management Corp.; MATTHEW J. FAIRBAIRN, individually and as Owner and President of T.L. Cannon Corp. and as Director and Chief Executive Officer of T.L. Cannon Management Corp.; and JOHN A. PERRY, individually and as Vice-President and Director of Operations of T.L. Cannon Corp. and as President of T.L. Cannon Management Corp.

                           Defendants.

---

JURY TRIAL DEMANDED

CIVIL CASE NO.: 3:10-cv-00591-TJM-DEP

---

FLSA COLLECTIVE ACTION

And

CLASS ACTION

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CERTIFICATION OF CLASS ACTION AND FLSA COLLECTIVE ACTION

# TABLE OF CONTENTS

APPLICABLE FEDERAL AND LOCAL RULES.......................................................................1

ARGUMENT .........................................................................................................................2

POINT I
CLASS CERTIFICATION UNDER FED. R. CIV. P 23 IS APPROPRIATE
IN THIS ACTION ................................................................................................................2

A.  *Examination of LCvR23.1 and Fed. R. Civ.. P. 23* ............................................2

B.  *General Rule 23 Standards* .................................................................................3

C.  *Specific Rule 23 Prerequisites For a Class Action* ...........................................5

    i.  Rule 23(a)(1) is Satisfied Because Joinder is Impracticable ........................5

    ii.  Rule 23(a)(2) is Satisfied Because of Numerous Questions
    of Law and Fact Common to the Class...........................................................6

    iii.  Rule 23(a)(3) is Satisfied Because the Plaintiff's Claims are Typical............................7

    iv.  Rule 23(a)(4) is Satisfied Because the Plaintiffs Adequately Represent the Class .......8

    v.  Plaintiffs Have Met Their Burden Under Rule 23(b)'s Requirements .........................8

D.  *Certification under Rule 23(b)(2) is Both Appropriate and Necessary in This* Action ........9

POINT II
COLLECTIVE ACTION AND COURT ISSUED NOTICE TO PUTATIVE
FLSA PLAINTIFFS IS APPROPRIATE IN THIS ACTION ................................................11

A.  *Introduction*......................................................................................................11

B.  *Collective Actions under the FLSA* .................................................................13

C.  *The Factual Nexus is Established in this Case* .................................................14

D.  *The Collective Action Notice* .........................................................................15

E.  *Defendant Should Disclose the Names and Addresses of Prospective Plaintiffs* .............15

CONCLUSION....................................................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Archibald v. Marshalls of Ma, Inc.*,
  2009 U.S. Dist. Lexis 106467 (S.D.N.Y. Nov. 12, 2009) (Loretta A. Preska, C.D.J.) ........... 11

*Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129 (D. Nev. 1999)......................................... 16

*Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335 (2d Cir. 1979)............... 15

*Cook v. United States*, 109 F.R.D. 81 (E.D.N.Y. 1985) .............................................................. 17

*Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983) ............................................................ 4

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)............................ 16

*Duling, Anderson, and Sewer v. Gristede's*,
  2010 U.S. Dist. Lexis 20438 (S.D.N.Y. Mar. 8, 2010) (Laura Taylor Swain, D.J.)............ 9, 10

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)...................................................................... 4

*Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147 (1982)...................................................... 4, 7

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
  282 F. Supp.2d 101 (S.D.N.Y. 2003) .................................................................................. 13, 15

*Gonzalez v. Rite Aid of New York, Inc.*, 199 F.Supp.2d 122 (S.D.N.Y. 2002) ........................... 16

*Hnot v. Willis Group Holdings Ltd.*, 228 F.R.D. 476 (S.D.N.Y. 2005)....................................... 10

*Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997)................................................... 13-17

*Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989)................................................... 15, 16

*Indergit v. Rite Aid Corp.*,
  2010 U.S. Dist. Lexis 32322 (S.D.N.Y. Mar. 31, 2010) (Paul G. Gardephe, D.J.) ................. 11

*Lundquist v. Security Pacific Auto Financial Svcs. Corp.*, 993 F.2d 11 (2d Cir. 1993)............. 6-8

*Mendez v. Radec Corp.*, 260 F.R.D. 38 (W.D.N.Y. 2009) ............................................................ 5

*Miles v. Merrill Lynch & Co. (In re IPO)*, 471 F.3d 24 (2d Cir. 2006)...................................... 3-9

*Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*,
  645 F.2d 757 (9th Cir. 1981) ................................................................................................... 16

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) ................................................................ 6

*Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147 (2d Cir. 2001)......................... 9, 10

*Schwed v. General Electric Co.*, 159 F.R.D. 373 (N.D.N.Y. 1995) ............................................ 13

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier*,
  546 F.3d 196 (2d Cir. 2008)..................................................................................................... 3-9

*Velez v. Novartis Pharm. Corp.*, 244 F.R.D. 243 (S.D.N.Y. 2007)............................................. 10

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) ....................................... 13, 14

**Statutes, Codes and Rules** **Page(s)**

29 C.F.R. § 541.100 ................................................................................................................ 14

29 C.F.R. § 541.600 ................................................................................................................ 14

29 C.F.R. § 779.400 ................................................................................................................ 14

29 U.S.C. § 206 ....................................................................................................................... 14

29 U.S.C. § 207 ....................................................................................................................... 14

29 U.S.C. § 213 ....................................................................................................................... 14

29 U.S.C. § 216 ............................................................................................................. 1, 11, 14

Fed.R.Civ.P. 23 ................................................................................................................. 3, 14

## APPLICABLE FEDERAL AND LOCAL RULES

Plaintiffs' motion for class certification under Federal Rule of Civil Procedure Rule 23 applies to the First through the Sixth claims in the Verified Complaint.  Plaintiffs' claims for relief under the Seventh, Eighth, and Ninth claims in the Verified Complaint are subject to collective action certification by the Court as an FLSA collective action under 29 U.S.C. § 200, *et seq*.  This motion encompasses both of plaintiffs' requests, one for class certification of Class I under Fed. R. Civ. P. 23, and one for certification of the collective action for Classes II and III under the FLSA.

In the Verified Complaint, Claims 1 through 6 are part of the proposed Class I, subclasses A through G respectively, of similarly situated hourly employees of TL Cannon's Applebee's Restaurants entitled to the specified relief in the respective claims based upon violations of New York law by all Defendants.  Claim No. 7 is the proposed Class II (no subclasses) encompassing all similarly situated hourly employees of TL Cannon's Applebee's Restaurants who are entitled to the relief specified for Defendants' violations of Federal Law and the FLSA.  Claims 8 and 9 are part of the proposed Class III, subclasses A and B respectively, of similarly situated employees of TL Cannon's Applebee's Restaurants who were labeled as "managers," excluding key hourly employees, and who are entitled to the specified relief in the respective claims against all Defendants for violations of Federal Law and the FLSA.

**ARGUMENT**

**Point I**

**Class Certification Under Fed. R. Civ. P 23 Is Appropriate In This Action**

A. *Examination of LCvR23.1 and Fed. R. Civ.. P. 23*

This action is ideally suited for class certification under Federal Rules of Civil Procedure Rule 23. The complaint and the instant motion indicates that all of the prerequisites of Rule 23(a) are satisfied by the facts of this case. Further, the plaintiffs' class is the type of class that also satisfies any one of the three prerequisites contained in Rule 23(b), where only one of those criteria needs to be satisfied. Rule 23(c) provides that as early as practicable after suit is filed, the Court must determine by Order whether to certify the action as a class action, direct notice to the class, and appoint counsel under Rule 23(g). Local Rule LCvR 23.1 requires that the party seeking to maintain the class action under Rule 23 must include the words "Class Action" in the complaint or pleading, which has been done in this case. Local Rule LCvR 23.2 simply requires the plaintiff to file a motion, with the assigned district judge, as soon as practicable after the commencement of a "class action," which is the purpose of this motion.

The proposed primary Class I in this case is made up of similarly situated non-exempt employees of Defendants' Applebee's Restaurants for violations of New York State Labor Laws. The six subclasses of Class I are comprised of the majority of the total class members where similarly situated employees may be members of each and every subclass. The subclasses included all those members of the primary Class I who are then differentiated by the specific allegations and violations as alleged in the first six claims. The proposed total class is large, consisting of at least 2,120 employees and may very well exceed 5,300 employees, and the

actions complained of by the named plaintiffs as demonstrated by the complaint and the attachments thereto apply to each and every class member.

Moreover, it is probable that the members of the primary Class and each and every subclass are identical as all of TL Cannon's current and past employees qualify as members under each class and subclass.  More importantly, if class members were to bring their claims individually, considering the total number of potential plaintiffs is 5300, the number of cases and/or District Courts adjudicating substantially identical litigation with the same defendant would be staggering, where each plaintiff would have to argue the same legal theories and establish essentially the same facts, leading to gross inefficiencies and potentially inconsistent and varying adjudications and incompatible outcomes.

B.  *General Rule 23 Standards*

Rule 23 provides for treatment of an action as a class action when the plaintiffs demonstrate that all the prerequisites of Rule 23(a) are satisfied, and that the class falls within one of the defined categories contained in Rule 23(b).  The standard of proof for a Rule 23 motion requires a District Court to ascertain whether the claims presented in the complaint and motion meet the preconditions of part (a) in the first instance, namely "numerosity, commonality, typicality, and adequacy."  *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier*, 546 F.3d 196, 201-02 (2d Cir. 2008).  Only then may it consider granting class certification under the standards of Rule 23(b).  *Id*.

When considering whether to grant class certification under the standards of Rule 23(b), the standard of proof applicable to the evidence proffered to meet Rule 23's requirement is a "preponderance of the evidence."  *Id*.; *see generally, Miles v. Merrill Lynch & Co. (In re IPO)*, 471 F.3d 24 (2d Cir. 2006) [directing District Courts "to assess all relevant evidence admitted at

the class certification stage," to "resolve factual disputes relevant to each Rule 23 requirement"

regardless of any overlap with the merits].  In *In re IPO*, the Second Circuit Court of Appeals

directed that inquiries into Rule 23 class certification be conducted in a particular manner:

> (1) a district judge may certify a class only after making determinations
> that each of the Rule 23 requirements has been met; (2) such
> determinations can be made *only if* the judge resolves factual disputes
> relevant to each Rule 23 requirement and finds that whatever underlying
> facts are relevant to a particular Rule 23 requirement have been
> established and is persuaded to rule, based on the relevant facts and the
> applicable legal standard, that the requirement is met; (3) the obligation to
> make such determinations *is not lessened* by overlap between a Rule 23
> requirement and a merits issue, even a merits issue that is identical with a
> Rule 23 requirement.

*In re IPO*, 471 F.3d at 41 (emphasis added).

Class actions have two primary purposes, the promotion of judicial economy by avoiding

multiple lawsuits for the same issues and the protection of the rights of persons who may not be

able to present claims on an individual basis.  *See Crown, Cork & Seal Co. v. Parker*, 462 U.S.

345, 350-52 (1983).  Further, although district courts may make a rigorous analysis of the motion

to certify the class and the plaintiff bears the initial burden of advancing reasons and facts by a

preponderance of the evidence that a putative class meets the Rule 23 requirements, plaintiffs'

allegations in the complaint are taken as true.  *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S.

147, 161-62 (1982); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176-78 (1974); *see also,*

*Bombardier*, 546 F.3d 196.  Moreover, an inquiry into the merits of the case is improper except

where some limited discovery is needed to determine if the plaintiffs have met their burden with

respect to Rule 23, which may sometimes overlap with what is otherwise a factual issue on the

merits.  *Falcon*, 457 U.S. at 161-62; *Eisen*, 417 U.S. at 176-78 (1974); *Bombardier*, 546 F.3d at

204; *see In re IPO*, 471 F.3d at 41.

4

Finally, the amount of discovery necessary for class certification issues "is generally left to the trial court's considerable discretion" where that court "receives enough evidence, by affidavits, documents, or testimony, to be satisfied that each and every Rule 23 requirement has been met." *Bombardier*, 546 F.3d at 204; *see In re IPO*, 471 F.3d at 41.  Provided that a plaintiff's claims are based on reasonable foundation and facts that support the Rule 23 motion by a preponderance of the evidence, a court should not deny certification merely because of a defendant's challenge, especially where a district court's ability to manage litigation as it develops includes the power to decertify the class.  *See Bombardier*, 546 F.3d 196; *see In re IPO*, 471 F.3d 24; *see generally*, *Mendez v. Radec Corp.*, 260 F.R.D. 38 (W.D.N.Y. 2009).

C.   *Specific Rule 23 Prerequisites For a Class Action*

As demonstrated below, this case clearly satisfies each of the requirements of Rule 23 as set forth by the Second Circuit.  The requirements of Rule 23(a) are:  (1) the class size is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties fairly and adequately protect the interests of the class.  The plaintiffs have met all of these initial prerequisites.

i.   *Rule 23(a)(1) is Satisfied Because Joinder is Impracticable*

Joinder is impracticable in this case considering the potential size of the plaintiff class is between 2,120 and 5,300 employees.  Moreover, the large size of the plaintiffs' class if further hampered by the fact similarly situated plaintiffs are likely spread throughout multiple counties in New York State in and around where the Defendants' 53 Applebee's Restaurants are located.  Upon information and belief, all of the aforementioned 5,000 plus potential employees who are similarly situated herein comprise the main class and are members of each and every subclass.

Defendants are located in several states, including New York, Connecticut, and Florida, and only they are in the best position to know the names and addresses of all individuals similarly situated to the named plaintiffs who currently work or have worked for them at their Applebee's Restaurants.

     ii.     _Rule 23(a)(2) is Satisfied Because of Numerous Questions of Law and Fact Common to the Class_

The questions of both law and fact raised by the allegations in the Verified Complaint are common among all class members, including both the named plaintiffs and those similarly situated in that all class and sub-class members had identical employment relationships with Defendants.  Further, the Defendants applied and enforced the same policies, rules, and procedures in each and every one of their Applebee's Restaurants as it pertains to the class members.  Accordingly, the harm incurred by all of the plaintiffs and their fellow proposed class and sub-class members is based upon the same legal theories and identical employment relationships that caused the class members to incur the _same or substantially similar_ harm, with the only difference between the class members being the _degree of harm_ each suffered, solely based on the number of years of employment with Defendants' Applebee's Restaurants.

The common questions of law as to all the claims herein are based on federal law or the laws of New York, to which Defendants are subject to based upon their conduct of business, their overall business presence, and their contacts with the State of New York and the facts as stated in this case, such that this class action is ripe for certification.  _See Phillips Petroleum Co. v. Shutts_, 472 U.S. 797, 813-15 (1985).  Further, the class is narrowly defined such that the questions of law and fact as articulated above and in the Verified Complaint properly apply to the entire putative class.  _See In re IPO_, 471 F.3d 24; _Lundquist v. Security Pacific Auto Financial Svcs. Corp._, 993 F.2d 11 (2d Cir. 1993).  Finally, any opt-out notice issued to any of

these putative class members pursuant to a duly approved order of this Court will adequately explain for purposes of due process that New York is the governing law applied to their claims unless such similarly situated individuals choose to opt-out and pursue their own individual claims.

      iii.    *Rule 23(a)(3) is Satisfied Because the Plaintiff's Claims are Typical*

Rule 23(a)(3) is met if the claims of the representative parties are typical of the claims of the class in that they arise from the same event, practice or course of conduct that gives rise to the claim of other class members based on the same legal theory. *Bombardier*, 546 F.3d at 202-04; *In re IPO*, 471 F.3d 24; *Lundquist*, 993 F.2d 11. The named plaintiffs allege that the proposed class members were subjected to the same unlawful conduct as the named plaintiffs because the unlawful conduct was carried out by corporate policy, custom, and practice. The minor variations regarding the damages suffered by each class member stemming from the unlawful conduct is based strictly on the number of years of employment with Defendants' Applebee's Restaurants and it is not enough to overcome a district court's certification of the class. *Id.*; *see also, General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) [the requirements of commonality, typicality, and adequacy tend to merge, analyzed together to determine whether to maintain the class and grant certification].

In this case, the complaint and the attached exhibits clearly demonstrate that the named plaintiffs represent the typical claims of the putative class members. The individual verifications of all the named Plaintiffs affirm that they each have suffered the harm alleged in the complaint as a result of Defendants' custom, policies, and practices, establishing that plaintiffs' claims and injuries are typical of all of TL Cannon's Applebee's employees.

iv.     _Rule 23(a)(4) is Satisfied Because the Plaintiffs Adequately Represent the Class_

Rule 23(a)(4) simply requires that the representative party will fairly and adequately protect the interests of the class.  *See, e.g., In re IPO*, 471 F.3d at 40-42 [a judge shall make determinations about each Rule 23 requirement including the establishment of underlying facts]. When there is no conflict of interest between the legal interests of the named plaintiffs and those of the proposed class, and the plaintiff's counsel is qualified and generally able to conduct the proposed litigation, the requirements of Rule 23(a)(4) have been satisfied.  *See Bombardier*, 546 F.3d at 202-04; *In re IPO*, 471 F.3d 24.

The named Plaintiffs are committed to this action and their interests as either past employees and/or current employees of Defendants' Applebee's Restaurants establishes beyond a preponderance of the evidence that the named Plaintiffs adequately represent the proposed class.  Additionally, Plaintiff's counsel, O'Hara, O'Connell, and Ciotoli, has been representing litigants in New York in both federal and state court for over thirty years.  The attorneys have tried numerous cases in both state and federal courts involving complex legal and factual issues. Plaintiff's counsel is confident that they can provide the representation the putative class will require.

v.     _Plaintiffs Have Met Their Burden Under Rule 23(b)'s Requirements_

Based on the foregoing discussion, the complaint in this matter, the attachments, and the affidavits, the plaintiffs have shown that they satisfy the requirements under Rule 23(b).  The putative class is widespread over many jurisdictions, the operative federal and state law is most familiar to those federal courts in New York, the behavior challenged is and has been uniformly directed against the named plaintiffs and the class members by defendants, and that conduct predominates over any individual issue that the named plaintiffs have raised.  The class action

mechanism proposed in this case, both with its attending notification procedures and the single

forum of adjudication of the class members' rights, is ideally suited to resolving this particular

type of issue, which as a matter of judicial economy, will preserve resources, promote uniformity

and fairness, and prevent conflicting outcomes.  *Lundquist*, 993 F.2d 11; *In re IPO*, 471 F.3d 24;

*Bombardier*, 546 F.3d 196.

D.  <u>*Certification under Rule 23(b)(2) is Both Appropriate and Necessary in This Action*</u>

       Rule 23(b)(2) provides that a class action may be maintained if Rule 23(a) is satisfied and

"the party opposing the class has acted or refused to act on grounds that apply generally to the

class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting

the class as a whole."  In other words, certification under Rule 23(b)(2) is appropriate if "broad,

class-wide injunctive or declaratory relief is necessary to redress a group-wide injury," including

those cases where the complained of injuries are continuing to occur.  *Robinson v. Metro-North*

*Commuter R.R. Co.*, 267 F.3d 147, 162 (2d Cir. 2001).  Before allowing Rule 23(b)(2)

certification, a court should "satisfy itself" that:  "(1) even in the absence of a possible monetary

recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief

sought; and (2) the injunctive relief sought would be both reasonably necessary and appropriate

were the plaintiffs to succeed on the merits."  *Id.*, at 164.

       In this case, injunctive relief is both necessary and vital to redress the class-wide injury

imposed upon the class and subclass members by Defendants, where such harm is continuing to

be imposed on all of Defendants' current employees, and where, upon information and belief,

such current employees comprise over 50% of the proposed class and sub-class members.  *See*

*Duling, Anderson, and Sewer v. Gristede's*, 2010 U.S. Dist. Lexis 20438 at 12 (S.D.N.Y. Mar. 8,

2010) (Laura Taylor Swain, D.J.).  Further, given the transient and low paid minimum wage

nature of large majority of Defendants' Applebees' employees, it is highly likely injunctive relief in this action is the _only way_ for both current and future employees to obtain the relief to which they are entitled, which is to prevent Defendants from continuing with its illegal and unlawful labor practices. *Id.*; *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 164 (2d Cir. 2001). This is especially true here where it is estimated that the monetary damages at issue in this case amount to an approximate average of between $6.00 and $40.00 per employee, per week of employment, which is clear positive weight to the fact that injunctive relief is predominant over the compensatory damages being sought. *Robinson*, 267 F.3d at 164-65; *Gristede's*, 2010 U.S. Dist. Lexis 20438 at 12.

Finally, where the monetary damages are incidental to the conduct that is at the heart of the claim for injunctive relief and composed of requests for back pay and remedial pay, such as with Plaintiffs' claims herein, an award of back pay is consistent with a complaint that lends itself to properly and predominantly seeking injunctive relief. *Robinson*, 267 F.3d at 164; *Gristede's*, 2010 U.S. Dist. Lexis 20438 at 12; *Velez v. Novartis Pharm. Corp.*, 244 F.R.D. 243, 270-71 (S.D.N.Y. 2007). Plaintiffs' primary purpose in this lawsuit is to prevent Defendants from continuing to violate both New York and Federal law, which, upon information and belief and as a matter of corporate practice, policy, and custom, Defendants have done for years and will continue to do in the future. *See Id.* If Plaintiffs prevail on the merits, injunctive relief will be appropriate and reasonably necessary, because it would serve little purpose to award money damages for class members past injuries such as back pay, which is itself equitable relief, without addressing the corporate practices that perpetuate that harm to a large majority of the class members. *Velez*, 244 F.R.D. at 271; *Hnot v. Willis Group Holdings Ltd.*, 228 F.R.D. 476, 486 (S.D.N.Y. 2005), *citing Robinson*, 267 F.3d at 157; *see also*, *Indergit v. Rite Aid Corp.*, 2010

U.S. Dist. Lexis 32322 at 13 (S.D.N.Y. Mar. 31, 2010) (Paul G. Gardephe, D.J.) [permitting a

claim for injunctive relief under Fed. R. Civ. P. 23 for plaintiffs class action NYLL claims];

*Archibald v. Marshalls of Ma, Inc.*, 2009 U.S. Dist. Lexis 106467 at 5 (S.D.N.Y. Nov. 12, 2009)

(Loretta A. Preska, C.D.J.) [same].

In light of the foregoing, Plaintiffs respectfully request the Court to grant the aforesaid

motion and enter an order certifying the proposed Class I with its subclasses and attendant causes

of action as a class action for the similarly situated persons defined above and in the complaint.

**Point II**

**Collective Action and Court Issued Notice To Putative
FLSA Plaintiffs Is Appropriate In This Action**

A. *Introduction*

The FLSA expressly permits the maintenance of collective actions by similarly situated

employees for an employer's violation of the provisions requiring payment of minimum wage

and overtime compensation.  FLSA § 216(b) provides in pertinent part as follows:

> Any employee who violates the provisions of section 206 [requiring
> payment of minimum wage] or section 207 [requiring payment of
> overtime compensation for hours worked in excess of 40 per week] of this
> title shall be liable to the employee or employees affected in the amount of
> their unpaid minimum wages, or their unpaid overtime compensation, as
> the case may be, and in an additional equal amount as liquidated damages
> . . . An action to recover  liability . . . may be maintained against any
> employer . . . by any one or more employees for and in behalf of
> themselves and other employees similarly situated.  No employee shall be
> a party plaintiff to any such action unless he gives his consent in writing to
> become such a party and such consent is filed in the court in which such
> action is brought.  The court in such action shall, in addition to any
> judgment awarded to the plaintiff or plaintiffs, allow a reasonable
> attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b) (2007).  For the sake of brevity, the factual allegations as alleged in the above portion of this motion for Class Certification under the first six claims are incorporated as if fully stated herein.

However, it is indisputable that Plaintiffs seek to recover for unpaid overtime and regular wages on behalf of themselves and similarly situated employees of TL Cannon.  Accordingly, the plaintiffs collective action class consists of: 1) all current and former hourly employees of TL Cannon's Applebee's Restaurants who had time deducted from their paychecks for breaks that they did not take and who were not compensated for all regular time and overtime as worked; 2) for all current and former manager employees of TL Cannon's Applebee's Restaurants: (a) who were misclassified as exempt employees where upwards of 80% of their work was hourly, non-exempt work such that they were actually non-exempt employees and Defendants failed to pay required overtime compensation; and (b) who were misclassified as "salaried" employees such that they were actually hourly employees and Defendants failed to pay required overtime compensation.

Plaintiffs now move the Court to enter an Order permitting this action to proceed as a collective action under the FLSA as to the seventh, eighth, and ninth claims, requiring Defendants to disclose the names and last-known address of current and former hourly and management employees, respectively, of their 63 Applebee's restaurants.  Plaintiffs further request that the Court approve the form, content, and distribution of Plaintiffs' proposed "NOTICE AND CONSENT TO BECOME A PARTY PLAINTIFF" forms, attached as Exhibit "3" to the Affirmation of Frank S. Gattuso filed herewith, ensuring that potential collective action class members will be advised of the pendency of this action and their right to "opt in" to this case pursuant to FLSA § 216(b).

B.  *Collective Actions under the FLSA*

In order to maintain a collective action under FLSA § 216(b), the named plaintiffs must demonstrate that other potential plaintiffs are "similarly situated."  *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003).  This "similarly situated" requirement is satisfied if the named plaintiffs demonstrate the existence of a "factual nexus between the [named plaintiff's] situation and the situation of the other current and former [employees]."  *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997).

Specifically, the named plaintiffs need only make a "modest factual showing sufficient to demonstrate that [the named plaintiffs] and potential plaintiffs together were victims of a common policy or plan that violated the law" to satisfy the similarly situated requirement under the FLSA.  *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005); *see also Hoffman*, 982 F. Supp. at 261.  Further, "the requirements of FRCP 23 do not apply to the approval of a collective action and thus 'no showing of numerosity, typicality, commonality and representativeness need to be made'."  *Id*.  Nor are the plaintiffs required to prove that the putative class members shared identical positions or performed identical work, "only that they were victims of a common plan or policy."  *Young*, 229 F.R.D. at 54; *Schwed v. General Electric Co.*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995).  Finally, District Courts have discretionary power to authorize the sending of notice to potential class members in a collective action under the FLSA and, therefore, "the burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated'."  *Hoffman*, 982 F. Supp. at 261.

As demonstrated by the foregoing authority, collective actions under the FLSA are materially different from class actions under Fed.R.Civ.P.23.  Rule 23 requires the proponent of

13

the class action to demonstrate the existence of several factual circumstances, including

numerosity of the proposed class, common questions of law or fact, typicality of claims or

defenses, and adequate and fair protection of the interests of the class by the representative

parties.  Fed.R.Civ.P. 23.  These circumstances are simply not applicable to collective actions

under the FLSA, which requires the named plaintiffs to show only that potential plaintiffs likely

exist.  Finally, notice approval for the FLSA collective action by the Court is an independent

finding separate and apart from the plaintiffs' concurrent motion for class certification under

Fed.R.Civ.P. 23 and, therefore, the Court is free to grant this motion without regard to the

plaintiffs' pending request for class certification.  *See Young*, 229 F.R.D. at 54; *see also*

*Hoffman*, 982 F. Supp. at 261.

C.  <u>*The Factual Nexus is Established in this Case*</u>

       The allegations in the Verified Complaint, along with the exhibits attached thereto,

together with the Attorney Affirmation of Frank S. Gattuso in Support of the Motion for Class

and Collective Action Certification demonstrate that Defendants promulgated, adopted, and

enforced policies and procedures effectively preventing hourly employees from receiving their

required rest periods, that hourly employees had breaks manually adjusted into their time clock

records resulting in the deduction of time that they actually worked, the primary work duties of

TL Cannon's managers consisted of  hourly, non-exempt work whereas Defendants misclassified

them as exempt "bona fide executive" employees, and that managers were not paid on a salary

basis thereby requiring Defendants to pay them overtime compensation.  *See* 29 U.S.C. §§ 206,

207, 213, and 216; *see* 29 C.F.R. §§ 541.100, 541.600, *et seq*, and 779.400, *et seq*.

D. *The Collective Action Notice*

FLSA § 216(b) has no specific provision for issuing notice to prospective plaintiffs in collective actions. However, it is well established that District Courts have the power to send such a notice to potential plaintiffs. *E.g., Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 335-36 (2d Cir. 1979); *Hoffman*, 982 F. Supp. at 261 (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989)); *Gjurovich*, 282 F. Supp. 2d at 104. It is important to note that, in issuing a notice to potential plaintiffs, the Court does not adjudicate the merits of the claims of either the named or potential plaintiffs or whether the potential plaintiffs are in fact similarly situated with the named plaintiffs, the Court simply determines whether the named Plaintiffs have proven at the preliminary stage that they are similarly situated, a determination that the Court can reverse after discovery is complete. *Gjurovich*, 282 F.2d at 105.

Plaintiffs separately submit herewith a proposed "Notice of Lawsuit and Consent to Join" forms for the Court's inspection and approval. *See* Ex. 3. This notice comports to the type of specific requirements exhaustively enumerated by Judge Smith in the Court's decision in *Gjurovich*. 282 F.2d at 106-109.

E. *Defendant Should Disclose the Names and Addresses of Prospective Plaintiffs*

Only the Defendants have control and possession of the records necessary to disclose the names and addresses of potential plaintiffs in this case. The Supreme Court has confirmed this Court's inherent authority to require Defendants to disclose information so that Plaintiffs' counsel can circulate the Notice of Lawsuit and Consent to Join forms required under the FLSA. *See Hoffman-La Roche*, 493 U.S. at 170. In addition, Defendants should be ordered to provide this information in both paper and digital format to expedite the distribution of the notices, and the proposed Order submitted herewith so provides.

Plaintiffs' motion for permission to authorize notice to potential class members is critical because the statute of limitations for claims brought under the FLSA may not be tolled for a particular plaintiff until he or she files with this Court a "Consent to Join" form. *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999); *Partlow v. Jewish Orphans' Home of Southern Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981) ("It is true that the FLSA statute of limitations continues to run until a valid consent is filed."); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000); *Hoffman*, 982 F. Supp. at 262; 29 U.S.C. § 216(b).  The implication of the continued running of the statute of limitations is obvious; each day that passes before notice is given causes prejudice to the absent plaintiffs.  The statute of limitations demonstrates not only the need for the distribution of notice purported class members, but the expediency in which the distribution must occur.  Further, because the FLSA provides for damages premised on a plaintiff's successful claim for unpaid wages under the FLSA, the prejudice to the plaintiffs is multiplied by each additional delay in notification.  *See e.g. Gonzalez v. Rite Aid of New York, Inc.*, 199 F.Supp.2d 122, 134 (S.D.N.Y. 2002).

Plaintiffs are not requesting unusual or extraordinary relief, but are requesting relief clearly within the sound discretion of this Court.  *Hoffmann-La Roche*, 493 U.S. at 171.  The United States Supreme Court is unequivocal as to a District Court's authority to order notice to putative class members:

> Because trial involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by state, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time . . . The court is not limited to waiting passively for objections about the manner in which the consents were obtained.  By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.

16

*Id*. at 171-172; *see also Hoffman*, 982 F. Supp. at 262 ["courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."]; *Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ["certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion."].

<u>**CONCLUSION**</u>

Plaintiffs have shown that they are similarly situated with other former and current employees of Defendants' Applebee's Restaurants.  Accordingly, it is respectfully submitted plaintiffs have satisfied the requisite components necessary for class certification under Fed. R. Civ. P. 23.  As such, it is further submitted that this Court should grant plaintiffs class action status under Fed. R. Civ. P. 23(b)(2) as to the first six claims in the Verified Complaint according to their overriding request for injunctive relief.

Defendants should also be required to provide the names and addresses of all current and former Applebee's employees, both hourly and managers, for the period of 3 years preceding the date of the Court's Order on this motion as those current and former employees qualify as potential collective action plaintiffs within the FLSA statute of limitations.

Finally, plaintiffs respectfully request the Court approve the proposed "Notice of Lawsuit and Consent to Join" forms so that notice of this action may be communicated to similarly situated individuals of their right to recover under the collective action portion of this action.

For the foregoing reasons, Plaintiffs respectfully request that their motion with regard to this class and collective action be granted.

Dated:  May 18, 2010                                    Yours, etc.


                                                       s/ Frank S. Gattuso
                                                       Frank S. Gattuso
                                                       Bar Roll No.: 513636
                                                       *Attorney for Plaintiffs*
                                                       O'Hara, O'Connell & Ciotoli
                                                       7207 East Genesee Street
                                                       Fayetteville, New York 13066-1262
                                                       Tel (315) 451-3810
                                                       Fax (315) 451-5585