Craig R. Benson
Elena Paraskevas-Thadani
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022-3298
212.583.9600

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANN MARIE RUDD, MATTHEW ROACH, MELISSA LONGO, JENNIFER DOTY, and GARRETT TITCHEN, <br><br> Plaintiffs, <br><br> -against- <br><br> T.L. CANNON CORP., d/b/a APPLEBEES, T.L. CANNON MANAGEMENT CORP., TLC WEST, LLC, TLC CENTRAL, LLC, TLC UTICA, LLC, TLC EAST, LLC, and TLC NORTH, LLC; DAVID A. STEIN, individually and as Owner and Chairman of T.L. Cannon Corp. and as Director and Chairman of T.L. Cannon Management Corp.; MATTHEW J. FAIRBAIRN, individually and as Owner and President of T.L. Cannon Corp. and as Director and Chief Executive Officer of T.L. Cannon Management Corp.; and JOHN A. PERRY, individually and as Vice-President and Director of Operations of T.L. Cannon Corp. and as President of T.L. Cannon Management Corp., <br><br> Defendants. | CIVIL CASE NO.: 3:10-cv-00591-TJM-DEP |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION OF CLASS ACTION AND FLSA COLLECTIVE ACTION

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY ................................... 2

ARGUMENT ............................................................................................ 3

I.    PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF PROOF WITH REGARD TO THE ELEMENTS OF RULE 23 AND THEREFORE CLASS CERTIFICATION MUST BE DENIED .................................................... 3

    A.    The Applicable Standard for Class Certification Under Rule 23 Requires Evidence, and Plaintiffs Have Failed to Submit Any ............................. 3

    B.    Plaintiffs Have Failed to Meet Their Burden Under 23(a) .................... 6

        1.    Plaintiffs have failed to establish by a preponderance of the evidence Rule 23(a)(1)'s requirement that the putative class is so numerous that joinder is impracticable ....................................... 6

        2.    Plaintiffs have failed to establish by a preponderance of the evidence Rule 23(a)(1)'s requirement of commonality or typicality ......... 7

        3.    Plaintiffs are not adequate class representatives because they are all former employees of a single location ............................... 10

    C.    Plaintiffs Cannot Represent a Rule 23(b)(2) Class ........................... 11

        1.    Plaintiffs do not have standing to sue for injunctive relief .................... 12

        2.    Injunctive relief is not available for the Plaintiffs' uniform or laundry claims, because even according to Plaintiffs any alleged violations have been rectified .................................................. 13

    D.    The proposed class counsel cannot fairly and adequately represent the proposed class under Rule 23(g) ..................................................... 14

        1.    Because class counsel worked at Defendant Applebee's as a manager, server and in other positions, and is a possible defendant, fact witness, and class member, class counsel is not adequate and must be disqualified ................................................................ 14

        2.    Class Counsel cannot simultaneously represent Rudd, who is herself a potential defendant in the action, and the remaining named Plaintiffs or other Plaintiffs in the putative class ......................... 16

II.    PLAINTIFFS HAVE FAILED TO ESTABLISH THAT CLASS II OR CLASS III SHOULD BE CERTIFIED AS A COLLECTIVE ACTION UNDER THE FLSA ......... 17

    A.    Standard for a Collective Action under Section 216(b) ....................... 17

    B.    Neither Class II nor Class III can be certified as a collective action .................. 18

1. Plaintiffs have failed to establish that any other non-exempt or exempt employees have interest in this litigation .................................... 19

2. Plaintiffs cannot meet the requirement of similarly situated with respect to the non-exempt class ............................................................. 20

3. Plaintiffs cannot meet the similarly situated requirement with respect to the exempt class .................................................................... 22

4. Plaintiffs' proposed collective notice is defective and should be stricken and to the extent Court is inclined to grant collective certification, Defendants should have opportunity to propose a Notice .......................................................................................................... 23

CONCLUSION ................................................................................................................. 26

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Adair v. Wisconsin Bell, Inc.,*
2008 WL 4224360, at * 2 (E.D. Wis. Sept. 11, 2008) .............................................. 19

*Amendola v. Bristol-Myers Squibb Co.,*
558 F. Supp. 2d 459 (S.D.N.Y. 2008)...................................................................... 19

*Barfield v. New York City Health & Hosps. Corp.,*
2005 U.S. Dist. LEXIS 28884, at *3 (S.D.N.Y. Nov. 17, 2005) ...................... 17, 20

*Barten v. KTK & Assoc. Inc.,*
2007 WL 2176203 (M.D. Fla. July 26, 2007) ......................................................... 19

*Beebe Bourne v. The Walt Disney Co.,*
2003 U.S. Dist. LEXIS 2818, *15 (S.D.N.Y. Mar. 4, 2003) .................................. 13

*Belles v. Schweiker,*
720 F.2d 509 (8th Cir. 1983) .................................................................................... 8

*Bernard v. Household Int'l, Inc.,*
231 F. Supp. 2d 433 (E.D.Va. 2002) ....................................................................... 21

*Brundage v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers,*
Civ. A. No. 00-4549, 2005 WL 1198868, *2 (E.D. Pa. May 19, 2005) ................. 12

*Cadle v. Hayes,*
116 F.3d, 957 (1st Cir. 1997)..................................................................................... 5

*Carter v. Newsday,* Inc.,
76 F.R.D. 9 (E.D.N.Y. 1976) ..................................................................................... 8

*Cash v. Conn Appliances,*
2 F. Supp. 2d 884 (E.D. Tex. 1997) .......................................................................... 19

*Castro v. Spice Place, Inc.,*
2009 U.S. Dist. LEXIS 7678, at *5 (S.D.N.Y. Jan. 29, 2009)................................. 17

*Caviness v. Nucor-Yamato Steel Co.,*
No. J-C-92-23, 1993 WL 330648 (E.D. Ark. Apr. 19, 1993)................................. 12

*Charrons v. Pinnacle Group NY LLC,*
2010 U.S. Dist. LEXIS 42327, at * 22 (S.D.N.Y. Apr. 27, 2010)...................... 8, 12

*Chu Chung v. New Silver Palace Rest.,*
246 F. Supp. 2d 220 (S.D.N.Y. 2002)................................................................. 15, 16

*Cintron v. Hershey Puerto Rico, Inc.,*
363 F. Supp.2d 10 (D.P.R. 2005)............................................................................. 24

*Cokely v. New York Convention Center Operating Corp.,*
2003 U.S. Dist. LEXIS 5198, at * 7-8 (S.D.N.Y. Mar. 31, 2003)........................ 5, 8

*Colson v. Avnet,*
687 F. Supp.2d 914 (D. Ariz. 2010) ........................................................................ 11

*Cooper v. Food Lion, Inc.,*
1998 U.S. App. LEXIS 11809, at *40 (4 Cir. June 4, 1998);.................................. 24

*Damassia v. Duane Reade, Inc.,*
2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 5, 2006) .......................................... 6

*Davis v. Abercrombie & Fitch Co.,*
2008 U.S. Dist. LEXIS 86577, at *36-37 (S.D.N.Y. Oct. 23, 2008)...................... 25

# TABLE OF AUTHORITIES

**Page**

*Davis v. Charoen Pokphand (USA), Inc.,*
  303 F. Supp. 2d 1272 (M.D. Ala. 2004) ........................................................ 18, 19

*Design Solange Ltd. v. Lane Bryant, Inc.,*
  2000 U.S. App. LEXIS 1857, *3 (2d Cir. 2000) .......................................... 13

*Diaz v. Electronics Boutique of Am., Inc.,*
  2005 U.S. Dist. LEXIS 30382, at * 19  (W.D.N.Y. Oct. 13, 2004)................... 20, 21

*Dodge v. County of Orange,*
  103 F. App'x 688 (2d Cir. 2004) ................................................................... 11

*Dybach v. Florida Dep't of Corrections,*
  942 F.2d 1562 (11th Cir. 1991) .................................................................... 20

*East Texas Motor Freight Systems, Inc. v. Rodriguez,*
  431 U.S. 395 (1977 ....................................................................................... 11

*Eldred v. Comforce Corp., Inc.,*
  2010 U.S. Dist. LEXIS 18260,  at *56 (N.D.N.Y. Mar. 2, 2010)....................... 25

*Fechter v. HMW Industries,*
  117 F.R.D. 362 (E.D. Pa. 1987)..................................................................... 15

*Fisher v. U.S.,*
  69 Fed. CL 193 (Fed. Cl. 2006) ................................................................... 19

*Gordon v. Kaleida Health, Inc.,*
  2009 U.S. Dist. LEXIS 95729,  at *32-33 (W.D.N.Y. Oct. 14, 2009) ............... 25

*Harper v. Lovett's Buffet, Inc.,*
  185 F.R.D. 358 (M.D. Ala. 1999)................................................................... 18

*Harris v. Initial Security, Inc,.*
  *05 Civ. 3873, 2007 U.S. Dist. LEXIS 18397* ............................................... 11

*Heerwagen v. Clear Channel Communs.,*
  435 F.3d 219 (2d Cir. 2006)............................................................................ 3

*Holmes, v. Pension Plan of Bethlehem Steel Corp.,*
  213 F.3d 124 (3d Cir. 2000)............................................................................ 12

*Horne v. United Servs. Auto. Assoc.,*
  279 F. Supp. 2d 1231 (M.D. Ala. 2003) ........................................................ 18

*In re Fine Paper Antitrust Litigation,*
  617 F.2d 22 (3d Cir. 1980)............................................................................. 16

*In re Flag Telecom Holdings, Ltd. Securities Litigation,*
  574 F.3d 29 (2d Cir. 2009)............................................................................. 4

*In re Global Crossing, Ltd. Sec. Litig.,*
  313 F. Supp. 2d 189 (S.D.N.Y. 2003).......................................................... 13, 23

*In re Initial Pub Offerings Sec. Litig.,*
  471 F.3d 24 (2d Cir. 2006).......................................................................... 3, 4, 8

*In re Philip Morris Inc.,*
  214 F.3d 132 (2d Cir. 2000)........................................................................... 8

*Kamen v. American Tele. & Telegraph Co.,*
  791 F.2d 1006, 1011 (2d Cir. 1986)............................................................... 5

*Kapiti v. Kelly,*
  2008 U.S. Dist. LEXIS 64154, *13-14 (S.D.N.Y. Aug. 18, 2008).................. 6, 8

iv.

TABLE OF AUTHORITIES

Page

*Kaplan v. Pomerantz,*
    132 F.R.D. 504 (N.D. Ill. 1990) ................................................................. 16
*Kingsepp v. Wesleyan University,*
    142 F.R.D. 597 (S.D.N.Y. 1992) ................................................................ 16
*Kuhn v. Philadelphia Elec. Co.,*
    487 F. Supp. 974 (E.D. Pa. 1980), *aff'd,* 745 F.2d 47 (3d Cir. 1984) ....................... 24
*Lance v. Scotts Co.,* C.A.
    No. 04-5270, 2005 WL 1785315, at * 8-9 (N.D. Ill. July 21, 2005) ...................... 19
*LaRoque v. Domino's Pizza,*
    557 F. Supp.2d 346 (E.D.N.Y. 2008) .......................................................... 20
*Levinson v. Primedia Inc.,*
    2003 U.S. Dist. LEXIS 20010,  at *4 (S.D.N.Y. Nov. 6, 2003) .................... 17, 22, 24
*Marisol v. Giuliano,*
    126 F.3d 372 (2d Cir. 1977) ................................................................... 8
*Mechigian v. Art Capital Corp.,*
    612 F. Supp. 1421 (S.D.N.Y. 1985) ............................................................ 7
*Mendoza v. Casa De Cambio Delgado, Inc.,*
    2008 U.S. Dist. LEXIS 61557, at * 9-10 (S.D.N.Y. Aug. 12, 2008) ...................... 21
*Mills v. Luplow,*
    2008 U.S. Dist. LEXIS 79028, * 5-6 (W.D.N.Y. July 1, 2008 ............................. 5
*Morales v. Plantworks, Inc.,*
    2006 U.S. Dist. LEXIS 4267, at *7 (S.D.N.Y. Feb. 1, 2006) ...................... 17, 21
*Morio v. International Union of Operating Engineers,*
    1979 U.S. Dist. LEXIS 14194 at *6-8 (S.D.N.Y. Feb. 26, 1979) ...................... 13
*Morisky v. Public Serv. Elec. & Gas Co.,*
    111 F. Supp.2d 493 (D.N.J. 2000) ............................................................ 22
*Murray v. New York State,*
    604 F. Supp.2d 581 (W.D.N.Y. Mar. 19, 2009) ............................................ 13
*Myer v. Hertz Corp.,*
    2007 U.S. Dist. LEXIS 53572,* 11 (E.D.N.Y. July 24, 2007) ............................. 7
*Noble v. 93 University Place Corp.,*
    224 F.R.D. 330 (S.D.N.Y. 2004) ............................................................... 7
*Parker v. Rowland Express, Inc.,*
    492 F. Supp. 2d 1159 (D. Minn. 2007) .................................................. 18, 21
*Pecere v. Empire Blue Cross and Blue Shield,*
    194 F.R.D. 66, 70 (E.D.N.Y. 2000) ........................................................... 7
*Petrovic v. Amoco Oil Co.,*
    200 F.3d 1140 (8th Cir. 1999) ............................................................... 15
*Presbyterian Church of Sudan v. Talisman Energy,* Inc.,
    226 F.R.D. 456 (S.D.N.Y. 2005) ............................................................. 13
*Prizmic v. Armor, Inc.,*
    2006 U.S. Dist. LEXIS 42627, at *7 (S.D.N.Y. June 12, 2006) ...................... 17, 24
*Ravenell v. Budget Car Rental, LLC,*
    2010 U.S. Dist. LEXIS 72563,  at *16 (E.D.N.Y. July 19, 2010) ........................ 25

TABLE OF AUTHORITIES

Page

*Robinson v. Metro-North Commuter R.R.,*
    267 F.3d 147 (2d Cir. 2001)..................................................................... 8, 12
*Rossini v. Ogilvy & Mather, Inc.,*
    798 F.2d 590 (2d Cir. 1986)........................................................................ 8
*Severtson v. Phillips Beverage Co.,*
    137 F.R.D. 264 (D. Minn. 1991)................................................................ 20
*Songu-Mbriwa v. Davis Memorial Goodwill Indus.,*
    144 F.R.D. 1 (D.D.C. 1992)....................................................................... 24
*Spann v. AOL Time Warner, Inc.,*
    219 F.R.D. 307 (S.D.N.Y. 2003) ............................................................. 7, 8
*Teamsters Local 445 Freight Division Pension Fund v. Bombadier Inc.,*
    546 F.3d 196 (2d Cir. 2008)........................................................................ 4
*United States v. Munoz,*
    1994 U.S. Dist. LEXIS 4613, *4-5 (S.D.N.Y. Apr. 13, 1994) ....................... 5
*Velez v. Novartis Pharmaceuticals Corp.,*
    244 F.R.D. 243 (S.D.N.Y. 2007) ................................................................ 4
*Washington v. Addison, Inc.,*
    2010 U.S. Dist. LEXIS 69692, *11-17 (N.D. Cal. June 18, 2010)............... 12
*Webb v. Merck & Co.,*
    206 FRD 399 (E.D.N.Y 2002) .................................................................. 11
*Weiss v. Cooley,*
    230 F.3d 1027 (7th Cir. 2000) .................................................................... 5
*West v. Border Foods, Inc.,*
    2006 WL 1892527, at * 6 (D. Minn. July 10, 2006)................................... 19
*White v. KCPAR, Inc.,*
    2006 U.S. Dist. LEXIS 40952 (M.D. Fla. June 20, 2006)........................... 19
*Wrighten v. Metropolitan Hospitals, Inc.,*
    726 F.2d 1346 (2d Cir. 1984)..................................................................... 16
*Wyler v. U.S.,*
    725 F.2d 156 (2d Cir. 1983)........................................................................ 4
*Zylstra v. Safeway Stores, Inc.,*
    578 F.2d 102 (5th Cir. 1978) ..................................................................... 15

**Other Authorities**

29 U.S.C. § 216(b) ......................................................................... 6, 17, 18
29 U.S.C. § 256 ..................................................................................... 24
29 USC § 203(d) ................................................................................... 15
7A *Wright Miller & Kane*, § 1769.1, at 374-395 ........................................ 16
Fed. R. Civ. P. 23 ............................................................................ passim
N.Y. Lab. Law § 137 ............................................................................... 2
N.Y. Lab. Law § 142-1.1(a)..................................................................... 2
N.Y. Lab. Law § 2(6), (8-a) .............................................................. 15, 16

## PRELIMINARY STATEMENT

This is a restaurant wage and hour case in which a handful of former employees of a single restaurant location seek to "rope in" 52 additional locations and the entire workforce (thousands) of those locations.  All plaintiffs formerly worked at a single Applebee's Neighborhood Grill & Bar Restaurant ("Applebee's") location, on Front Street in Binghamton, New York, owned by Defendants[1] during the relevant time period.  Plaintiff Rudd was the General Manager ("GM") of the Front Street location and claims she was misclassified as exempt.  The remaining plaintiffs, Roach, Longo, Doty and Titchen, were all hourly employees who reported to Rudd, and sue for alleged wage and hour violations they claim occurred on Rudd's watch.

Simultaneously with the filing of the Complaint, Plaintiffs moved for class certification under Fed. R. Civ. P. 23 and for a collective action under the Fair Labor Standards Act ("FLSA").  Plaintiffs' motion essentially seeks to include in the lawsuit *virtually all* employees who worked or work in 53 Applebee's restaurants within the state of New York, even though they themselves all worked exclusively in a single location during the relevant time period.

The Court should deny Plaintiffs' motion in its entirety for several reasons.  Specifically, with respect to Plaintiffs' motion for class certification under Rule 23, Plaintiffs have failed to submit any evidence supporting the numerosity, commonality, typicality and adequacy of representation requirements of Rule 23.  In addition, because Plaintiff Rudd is a potential defendant, and because proposed class counsel himself once worked for Defendants as a manager, Plaintiff Rudd and proposed class counsel cannot fairly and adequately represent the

---

[1] "Defendants" refers collectively to corporate defendants T.L. Cannon Corp. d/b/a Applebee's, T. L. Cannon Management Corp., TLC West, LLC, TLC Central, LLC, TLC Utica, LLC, TLC East, LLC and TLC North, LLC, and individual defendants Matthew J. Fairbairn and John Perry.  The Front Street location was actually owned by defendant TLC Central LLC but for purposes of this motion, defense counsel refers to "Defendants" collectively.

class.  With regard to Plaintiffs' motion for collective certification, Plaintiffs have failed to establish they are "similarly situated" to those they seek to represent as required by federal law, have failed to show that there is any evidence supporting a collective action beyond the single location at which they worked, and have proposed a fatally flawed notice.

Accordingly, Plaintiffs' motion for class and collective certification should be denied in its entirety.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Rudd is the former General Manager of an Applebee's restaurant located on Front Street in Binghamton, New York. Declaration of Susan Sabio In Support of Defendants' Opposition to Plaintiffs' Motion ("Sabio Decl.") ¶ 3.  As General Manager of the Front Street restaurant, Rudd was the highest ranking employee in the establishment.  Sabio Decl. ¶ 5. Plaintiffs Roach, Longo, Doty and Titchen were hourly employees who all reported to, and were supervised by, Rudd.  Sabio Decl. ¶ 5.  The Front Street location is the only location at which Plaintiffs worked during the relevant statute of limitations period.  Sabio Decl. ¶ 1.

Although not clear from their moving papers, Plaintiffs apparently ask the Court to certify a class under Fed. R. Civ. P. 23 of all hourly employees from 53 Applebee's restaurants in New York ("Class I")[2] who:

- allegedly were entitled to, but never received, uniform laundry fees;
- allegedly were entitled to, but never received, uniform maintenance fees;
- allegedly were entitled to, but never received, "spread of hours" pay;
- allegedly were entitled to, but never received "split shift" pay[3]; or

---

[2] Plaintiffs also initially raised claims for common law conversion, but then voluntarily withdrew those claims. (Dkt. No. 23.)

[3] Plaintiffs "split shift" cause of action is not viable, because "split shift" payments do not apply to the restaurant industry. The only section of New York Labor Law that requires split shift payments, Section 142-2.4(b), applies only to industries which are not covered by their own minimum wage order. N.Y. Lab. Law § 142-1.1(a) (Miscellaneous Wage Order).  Restaurants are subject to their own minimum wage order, N.Y. Lab. Law § 137, which provides for spread of hours claims (N.Y. Lab. Law § 137-1.7), but not split shift, and therefore split shift claims are not available to restaurant workers. For the purposes of judicial economy, Defendants do not address Plaintiffs' "split shift" claim here, and will move separately for the dismissal of that cause of action.

- allegedly worked "off-the-clock" and were therefore not paid proper wages and overtime.

*See* Compl. ¶ 23.

Plaintiffs also apparently seek collective certification of two classes under § 216 of the FLSA on behalf of:

- all hourly employees of 53 of Applebee's Restaurants who allegedly were not paid "regular time and/or overtime" ("Class II") (Compl. ¶ 25)

- all managers of 53 locations who allegedly were misclassified as exempt due to (a) their duties or (b) alleged inappropriate deductions from their salary ("Classes III-A and III-B," respectively) (Compl. ¶ 27).

For reasons discussed further below, Plaintiffs fail to meet their burden for class certification under Rule 23 and for collective certification under the FLSA.

## ARGUMENT

**I.   PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN OF PROOF WITH REGARD TO THE ELEMENTS OF RULE 23 AND THEREFORE CLASS CERTIFICATION MUST BE DENIED**

### A.   The Applicable Standard for Class Certification Under Rule 23 Requires Evidence, and Plaintiffs Have Failed to Submit Any

Plaintiffs moving for class certification under Rule 23 must demonstrate that they meet all of the requirements of Rule 23(a) and one of the three categories of Rule 23(b). *In re Initial Pub Offerings Sec. Litig., ("In re IPO")* 471 F.3d 24, 33 (2d Cir. 2006); *see also Heerwagen v. Clear Channel Communs.,* 435 F.3d 219, 225-26 (2d Cir. 2006). Specifically, to satisfy Rule 23(a), Plaintiffs must present evidence with respect to commonality, typicality, numerosity, and adequacy of representation. Fed. R. Civ. P. 23(a). Plaintiffs can establish Rule 23's requirements only after satisfying a "rigorous analysis." *In re IPO. Offerings Sec. Litig.,* 471 F.3d at 29,33,37. As the Second Circuit Court of Appeals has instructed:

(1) a district judge may certify a class *only after* making determinations that *each* of the Rule 23 requirements has been met;

> (2) such determinations can be made *only if* the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met.

*Id.* at 41 (emphasis added).  Plaintiffs must prove each of the Rule 23 requirements by a preponderance of evidence.  *Teamsters Local 445 Freight Division Pension Fund v. Bombadier Inc.,* 546 F.3d 196,  202-05 (2d Cir. 2008) (at class certification stage court must review *facts* relevant "to each Rule 23 requirement" and insure that those facts are established by a preponderance of the evidence)(emphasis added); *In re IPO,* 471 F.3d at 24, 38-41 (citations omitted); *see also In re Flag Telecom Holdings, Ltd. Securities Litigation,* 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196, 202 (2d Cir. 2008)).

To certify a class as Plaintiffs propose here, Plaintiffs must submit evidence, by way of affidavits, documents or testimony, to prove that each and every Rule 23 requirement has been met.  *Velez v. Novartis Pharmaceuticals Corp.,* 244 F.R.D. 243, 257 (S.D.N.Y. 2007) (citing *In re IPO,* 471 F.3d at 41).  In the instant case, Plaintiffs have not set forth *any* evidence to satisfy 23(a) and 23(b).  *See* Dkt. Nos. 1, 13.  Instead, Plaintiffs submit only an attorney affirmation, devoid of authority and evidentiary support.  *See* Dkt. No. 13, Attachment No. 1.  The "wealth of information" alluded to in the affirmation of Plaintiffs' counsel in support of the motion (Dkt. No. 13-1, ¶ 12) is nothing more than the Complaint and its exhibits.  An attorney affidavit or affirmation that contains no facts is not admissible, and therefore does not satisfy Plaintiffs' evidentiary burden under Rule 23.  *See Wyler v. U.S.,* 725 F.2d 156, 160 (2d Cir. 1983) ("[a]n affidavit of the opposing party's attorney which does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight"); *see also, Kamen v. American Tele. &*

4

*Telegraph Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986); *Mills v. Luplow,* No. 04-CV-00005 (A) (M), 2008 U.S. Dist. LEXIS 79028, at 5-6 (W.D.N.Y. July 1, 2008). Affirmative relief sought on a motion should be supported by an affidavit of a party with personal knowledge, not by the party's attorney. *United States v. Munoz,* No. 93 Cr. 900 (TPG), 1994 U.S. Dist. LEXIS 4613, *4-5 (S.D.N.Y. Apr. 13, 1994). In fact, *the only evidence* Plaintiffs submitted (which consists of a few examples of individual time records) was attached to the Complaint, but lacks foundation and, at best, pertains to *only some of the claims of only one* of the named Plaintiffs, Roach. Compl. ¶¶ 183-85. While this evidence may be pertinent to some of Roach's own individual wage and hour claims, it does not satisfy Plaintiffs' evidentiary burden with regards to Rule 23. *Cokely v. New York Convention Center Operating Corp.,* No. 00 Civ. 4637 (CBM), 2003 U.S. Dist. LEXIS 5198, * 7-8 (S.D.N.Y. Mar. 31, 2003).

Similarly, Plaintiffs purport to "verify" the complaint, but they admit they have no first-hand knowledge of the matters they purport to "verify." Indeed, Plaintiffs' verifications acknowledge that their verifications are, in reality, based on nothing more than their belief as to activities in restaurants other than Front Street. *Accord Cadle v. Hayes,* 116 F.3d 957, 961 (1st Cir. 1997) (statements made upon belief, as opposed to personal knowledge are not entitled to weight); *Weiss v. Cooley,* 230 F.3d 1027, 1034 (7th Cir. 2000) (noting that portions of affidavits which asserted various facts "upon information and belief" did not satisfy personal knowledge requirements for affidavits, and were properly stricken).

As further discussed below, because Plaintiffs,[4] all former employees who worked at a single restaurant location, have not submitted any evidence in support of any of Rule 23's elements, class certification must be denied.

---

[4] Plaintiff Rudd is not in the Rule 23 class, which consists of hourly employees raising state wage and hour claims. *See* Compl. ¶¶ 23, 25 & 27. Therefore, for purposes of the Rule 23 class, "Plaintiffs" shall refer only to the former hourly employees Roach, Longo, Doty and Titchen.

**B.    Plaintiffs Have Failed to Meet Their Burden Under 23(a).**

        **1.    Plaintiffs have failed to establish by a preponderance of the evidence Rule 23(a)(1)'s requirement that the putative class is so numerous that joinder is impracticable**

Before a Rule 23 class can be certified, Plaintiffs must establish by a preponderance of the evidence that the class is so numerous that joinder is impracticable. Fed. R. Civ. P. 23(a)(1). This evidence of numerosity must be presented on the motion for class certification, not in discovery. *See Kapiti v. Kelly*, No. 07 Civ. 3782 (RMB) (KNF), 2008 U.S. Dist. LEXIS 64154, *13-14 (S.D.N.Y. Aug. 18, 2008) (seeking further discovery as to numerosity misconceives Plaintiffs' burden of class certification because Rule 23 prerequisites must be met before the class can be certified). Plaintiffs fail to establish numerosity for several reasons.

        **a.    Plaintiffs acknowledge that joinder is in fact practicable, and therefore concede they have not met Rule 23(a)(1)'s requirement**

Plaintiffs here concede that joinder is practicable.  In addition to seeking class certification under Rule 23 for state claims, Plaintiffs also seek certification of a class under the FLSA for overlapping federal claims. Compl. ¶¶ 265-90.  A collective action under the FLSA, *by definition, requires Plaintiffs to join the lawsuit* by opting-in.  29 U.S.C. § 216(b); *Damassia v. Duane Reade, Inc.*, No. 04 Civ 8819 (GEL), 2006 U.S. Dist. LEXIS 73090, *7 (S.D.N.Y. Oct. 5, 2006).  Since Plaintiffs are asking the Court to permit joinder of additional plaintiffs, Plaintiffs concede that joinder is not impracticable here, and is in fact a satisfactory method of addressing their wage and hour allegations.  Therefore, by filing a motion for collective certification under the FLSA, Plaintiffs implicitly acknowledge they cannot establish that "the class is so numerous that joinder is impracticable," and fail to meet Rule 23(a)(1)'s requirement.

> **b.**   **Plaintiffs' own class definition defeats Rule 23(a)'s numerosity requirement**

Plaintiffs ask the Court to certify a class of state law claimants, with subclasses (Compl. ¶ 23).  Specifically Plaintiffs define their subclasses as made up of "employees who were entitled to, but never received" laundry fees, uniform fees, spread of hours pay, split-shift pay or proper pay for all hours worked and overtime.  *Id.*  Therefore, because by Plaintiffs' own definition the proposed class consists only of employees who were allegedly entitled to something but did not receive it, we do not and cannot know how many people are in the class until we determine who, if anyone, is entitled to relief.  Since we do not know how many people, if any, are in the class, Plaintiffs have not met their burden of establishing numerosity by a preponderance of the evidence.  *Pecere v. Empire Blue Cross and Blue Shield,* 194 F.R.D. 66, 70 (E.D.N.Y. 2000) (vague hearsay statements in plaintiffs' counsel's affidavit were insufficient to satisfy the numerosity requirement); *Mechigian v. Art Capital Corp.,* 612 F. Supp. 1421, 1432 (S.D.N.Y. 1985) (speculative assertion in counsel's affidavit was insufficient to meet the numerosity requirement).

> **2.**   **Plaintiffs have failed to establish by a preponderance of the evidence Rule 23(a)(1)'s requirement of commonality or typicality**

Although they are separate requirements, the commonality and typicality requirements tend to overlap and are often considered together.  *Myers v. Hertz Corp.,* No. 02 CV 4325 (BMO) (MLO), 2007 U.S. Dist. LEXIS 53572, * 11 (E.D.N.Y. July 24, 2007). The commonality requirement requires plaintiffs to show that the action raises issues of law or fact common to the proposed class. *Spann v. AOL Time Warner, Inc.,* 219 F.R.D. 307, 316 (S.D.N.Y. 2003).  The commonality requirement is met where the injuries of a proposed class "derive from a unitary course of conduct." *Noble v. 93 University Place Corp.,* 224 F.R.D. 330, 338 (S.D.N.Y. 2004)

(quoting *Marisol v. Giuliano*, 126 F.3d 372, 377 (2d Cir. 1977)).  The critical inquiry is whether the common questions are at the "core" of the action alleged.  *Id.*

Typicality "requires that the claims of the [named plaintiffs] be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove defendant's liability." *Spann*, 219 F.R.D. at 316 (quoting *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001)).  The named plaintiffs' claims and the class claims must be so interrelated that the interests of the class members will be fairly protected in their absence.  *Id.*

Plaintiffs' burden in proving commonality and typicality requires more than conclusory allegations.  *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986) (the "burden of showing typicality [is] not onerous, but requires 'something more than general conclusory allegations.'")(citation omitted); *see also, In re IPO*, 471 F.3d at 40 (district court "findings" are required to meet Rule 23); *Charrons v. Pinnacle Group NY LLC*, No. 07 Civ. 6316 (CM) (RLE), 2010 U.S. Dist. LEXIS 42327, * 22 (S.D.N.Y. Apr. 27, 2010).   Plaintiffs' evidence must go beyond the pleadings.  *Cokely,*, 2003 U.S. Dist. LEXIS 5198, *7-8   (citing *In re Philip Morris Inc.*, 214 F.3d 132, 135 (2d Cir. 2000)).  "Furthermore, the evidence supplied by the plaintiffs for use by the court in its analysis must be such that it could be received into evidence."  *Id.* *8.

Plaintiffs have failed to identify any other individuals who have been subjected to the same or similar alleged treatment.   "[T]o satisfy the typicality requirements of Rule 23(a)(3) plaintiffs must demonstrate that other members of the purported class have suffered the same or similar grievances."  *Kapiti*, 2008 U.S. Dist. LEXIS 64154, *17  (citing *Carter v. Newsday, Inc.*, 76 F.R.D. 9, 14 (E.D.N.Y. 1976)).  Where Plaintiffs cannot identify others who were subjected to the same or similar treatment, typicality is not met.  *Id.* (citing *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983).  Mere speculation that others exist is insufficient under Rule 23.  *Id.*

While Plaintiffs assert that their state law claims are typical of the claims of thousands of other hourly employees in 53 restaurants under different managers, Plaintiffs submitted *no evidence*, that would support a finding that Plaintiffs' claims are common or typical to claims of others with regard to their laundry claim, uniform claim, and wage and overtime claims. Plaintiffs provided no affidavits, declarations, or other factual support for their class claims. Plaintiffs' evidentiary submission, attached to the Complaint, does no more than support some of Plaintiff Roach's individual claims, and does nothing to support a finding that his claims are typical or common to those of the putative class.

In fact, all of the hourly Plaintiffs worked at a single location and there is no evidence that even if their claims had any meritorious, that they are common and typical of the experiences of other hourly employees who work at other locations. During the relevant time period, all the named Plaintiffs worked at a single Applebee's restaurant, on Front Street in Binghamton, New York. Sabio Decl. ¶ 1. Specifically,

- Plaintiff Roach worked at the Front Street Applebee's from May 5, 2005 – March 12, 2010.

- Plaintiff Longo worked for at the Front Street Applebee's from April 7, 2005 – January 13, 2010.

- Plaintiff Doty worked at the Front Street Applebee's from November 11, 2005 – November 15, 2009.

- Plaintiff Titchen worked at the Front Street Applebee's from March 2, 2005 – August 16, 2009.

Sabio Decl. ¶¶ 6-9.

While it is easy for Plaintiffs to allege in a conclusory fashion that the putative class contains *thousands* of current and former employees from 53 separate restaurants, the reality is that all of the named Plaintiffs worked at a single restaurant in Binghamton, under a single

General Manager[5] during the relevant time period, and present no evidence, other than self-serving allegations, that their complaints pertain to employees in the other 52 restaurants. Those other restaurants, span a large geographic area from Jamestown, New York in the West, to Brewster, New York in the East, and from Watertown, New York in the North, to Woodbury, New York in the South. Sabio Decl. ¶ 2. Each of these restaurants are managed by different individuals, with different levels of experience, are staffed with difference manager combinations, have different sales volumes, and are different sizes. Sabio Decl. ¶ 2, 4.

Defendants, on the other hand, have submitted 9 declarations[6] from employees who expressly testify that Plaintiffs' alleged experience at Defendants' Applebee's restaurants was not common or typical of their own or of other hourly employees at their location. Anderson Decl. ¶¶ 6-13 (regarding Niagara Falls and Lancaster locations); Carter Decl. ¶¶ 8-14 (regarding the Buffalo and West Seneca locations); Lehman Decl. ¶¶ 7-10 (regarding Gates location); Monroe Decl. ¶¶ 6-11 (regarding Syracuse location); Nierstadt Decl. ¶¶ 6-11 (regarding Elmira and Vestal locations); Quarles Decl. ¶¶ 7-11 (regarding Niagara Falls and Amherst location); Harris Decl. ¶¶ 8-10 (regarding Elmira location); Sears Decl. ¶¶ 6-12 (regarding Painted Post location); Held Decl.¶¶ 10-14 (regarding Dunkirk location). Accordingly Plaintiffs fail to meet the Rule 23 requirement of commonality and typicality.

### 3.  Plaintiffs are not adequate class representatives because they are all former employees of a single location

In order to meet the requirement of Rule 23(a)(4), "[a] class representative must possess the same interest and suffer the same injury as the class members." *Webb v. Merck & Co.*, 206

---

[5] Rudd was the GM until November 2009. Doty and Titchen only worked under Rudd as GM; and Longo and Roach worked under Rudd the greater part of their tenure, excluding the last weeks of their employment. Sabio Decl. ¶¶ 3, 6-9 .

[6] The employee declarations are annexed to the Declaration of E. Paraskevas-Thadani In Support of Defendants' Memorandum of Law In Opposition to Plaintiffs' Motion ("Paraskevas-Thadani Decl.")

FRD 399, 408 (E.D.N.Y 2002) (citing *East Texas Motor Freight Systems, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). Roach, Longo, Doty, and Titchen seek to represent thousands of hourly employees in 53 separate locations across upstate New York. However, they are not adequate representatives, because "Plaintiffs cannot be counted on to adequately protect other potential class members who might have claims that differ from Plaintiffs." *Harris v. Initial Security, Inc,. 05 Civ. 3873, 2007 U.S. Dist. LEXIS 18397.*

The four hourly Plaintiffs are former employees who worked predominately (and two of them exclusively) under Plaintiff Rudd and all only worked at the Front Street location. In addition, their employment at Applebee's terminated anywhere from seven months to one year ago. Yet they purport to represent current as well as former employees. This poses a conflict between themselves and those they seek to represent because, as former employees, they have standing to seek only monetary relief, whereas current employees may have an interest in seeking injunctive relief as well. *See Dodge v. County of Orange*, 103 F. Appx. 688, 690 (2d Cir. 2004) (where plaintiffs seek an injunctive class, "the named plaintiffs. . . must themselves have standing to seek injunctive relief").

### C.    Plaintiffs Cannot Represent a Rule 23(b)(2) Class

Plaintiffs failure to meet Rule 23(a)'s requirements alone is sufficient to deny class certification. Nevertheless, Plaintiffs also fail to satisfy the requirements under Rule 23(b). Specifically, Plaintiffs seek class certification under Rule 23(b)(2) (and, notably, only seek certification under this section), and ask for class-wide injunctive relief. *See* Dkt. No. 13: Plaintiff's Brief at pp. 5-11. Yet, as former employees, Plaintiffs lack standing to seek injunctive relief. *See Colson v. Avnet*, 687 F. Supp. 2d 914, 922 (D. Ariz. 2010) ("Plaintiff, as a former employee, lacks standing to seek an injunction on behalf of current employees"); *Washington v. Addison, Inc.,* No. c 08-5551 (PJH), 2010 U.S. Dist. LEXIS 69692, *11-17 (N.D. Cal. June 18,

11

2010) (finding that former employee lacked standing to seek injunctive relief in a wage and hour class action because he no longer worked for the company and would not suffer personal injury from labor code violations); *Brundage v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers,* Civ. A. No. 00-4549, 2005 U.S. Dist. LEXIS 9659, *7-9, (E.D. Pa. May 19, 2005) (denying class certification because former employees could not maintain claims for "injunctive and prospective relief"); *see also Holmes v. Pension Plan of Bethlehem Steel Corp.,* 213 F.3d 124, 135 (3d Cir. 2000) (a plaintiff who lacks the personalized standing to assert similar claims on his own behalf would also lack standing to assert similar claims on behalf of a class); *Caviness v. Nucor-Yamato Steel Co.,* No. J-C-92-23, 105 F.3d 1216, (E.D. Ark. Apr. 19, 1993) (denying class certification because the plaintiff, due to her individual claim, had not suffered the same injuries as proposed class members).

### 1.      Plaintiffs do not have standing to sue for injunctive relief

A Rule 23(b)(2) class action is "intended for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury." *Robinson v. Metro-North Commuter R.R.,* 267 F.3d 147, 162 (2d Cir. 2001). "Rule 23(b)(2) allows certification only if final injunctive relief . . . is appropriate with respect to the class as a whole. *Charrons v. Pinnacle Group NY LLC,* 2010 U.S. Dist. LEXIS 42327, * 16-17 (internal quotations omitted) (finding former tenants would not benefit from prospective injunctive relief against building owners/managers and therefore not properly party of a Rule 23(b)(2) class). Therefore, an injunctive class cannot contain former employees. *Id.*

As discussed above (see *supra* section 3(a)), Plaintiffs are *all* former employees. They therefore do not have the requisite standing to sue for injunctive relief. Their only possible recovery is *monetary*, and Rule 23(b)(2) classes do not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages. *Id* * 42 (citing Rule

23(b)(2) Advisory Committee's note).   An "ill-disguised claim for damages" is "precisely the sort of sham request for injunctive relief that the Second Circuit has stated cannot support a Rule 23 (b)(2) certification."   *Presbyterian Church of Sudan v. Talisman Energy,* Inc., 226 F.R.D. 456, 457-468 (S.D.N.Y. 2005) (denying Rule 23(b)(2) class certification where the alleged violations had clearly ceased).   Because the class representative must be a member of the class he or she purports to represent, *see In re Global Crossing, Ltd. Sec. Litig.,* 313 F. Supp. 2d 189, 207 (S.D.N.Y. 2003), and Plaintiffs cannot be members of a Rule (b)(2) class, their motion for class certification must be denied.

> ### 2.   Injunctive relief is not available for the Plaintiffs' uniform or laundry claims, because even according to Plaintiffs any alleged violations have been rectified

Even taking Plaintiffs' allegations in the Complaint as true, Plaintiffs recognize that many of the alleged state violations for which they seek to establish an injunctive class no longer exist.   Injunctive relief is not appropriate or warranted where an alleged violation has already been resolved or remedied because, simply, there is nothing to fix. *See Design Solange Ltd. v. Lane Bryant, Inc.,* No. 99-7805, 2000 U.S. App. LEXIS 1857, *3 (2d Cir. 2000); *Beebe Bourne v. The Walt Disney Co.*, No. 02 Civ. 6400 (LTS) (DEF), 2003 U.S. Dist. LEXIS 2818, *15 (S.D.N.Y. Mar. 4, 2003); *Morio v. International Union of Operating Engineers,* No. 79 Civ 626, 1979 U.S. Dist. LEXIS 14194, *6-8 (S.D.N.Y. Feb. 26, 1979)   As the court stated in *Murray v. New York State,* 604 F. Supp. 2d 581, 584 (W.D.N.Y. Mar. 19, 2009), "a request for preliminary injunctive relief, even if warranted at one time, may become moot if the underlying factual circumstances have changed in the movant's favor."   This is the case here.

Specifically, with regard to uniforms for Back of the House ("BOH") employees, Plaintiffs claim that "[i]n late 2009, TL Cannon changed its BOH uniform policy and *no longer allowed* any BOH employee to wear any article of clothing with 'Applebee's' name on it"

(Compl. ¶ 93, emphasis in original; *see also*  Compl. ¶ 94), "to avoid [the] obligation to pay for uniform and laundry fees and [to] attempt to avoid incurring such obligations in the future" (Compl. ¶ 97).  Similarly, with regard to its Front of the House ("FOH") employees, Plaintiffs claim that "[i]n 2007, TL Cannon abruptly changed its FOH uniform Policy and *no longer required* employee[s] to wear any of the previously provided Applebee's logo polo shirts" (Compl. ¶ 132, emphasis in original).  Since Plaintiffs concede that putative class members no longer wear or launder uniforms, based on their own allegations an injunctive class is inappropriate for these claims.[7]

### D.     The proposed class counsel cannot fairly and adequately represent the proposed class under Rule 23(g)

Class counsel has the duty to fairly and adequately represent the class.  Fed. R. Civ. P. 23(g)(4).  It is the Court's duty to ensure that the proposed class counsel meets the requirements of Rule 23(g)(1) and (4).  *See,* Fed. R. Civ. P. 23(g)(2).  Proposed class counsel cannot do so here, and should be disqualified.

#### 1.     Because class counsel worked at Defendant Applebee's as a manager, server and in other positions, and is a possible defendant, fact witness, and class member, class counsel is not adequate and must be disqualified

Dominic D'Imperio, an attorney with O'Hara, O'Connell & Ciotoli, counsel for Plaintiffs in this case, worked at Applebee's Ithaca and North Syracuse locations from 2003-2008 in both managerial and hourly positions.  *See* Sabio Decl. ¶ 10; Paraskevas-Thadani Decl, Ex. J; (information from the internet on Attorney D'Imperio); Sears Decl. ¶ 14.  As a former manager,

---

[7] To the extent Plaintiffs claim "black non-slip shoes" are "uniforms", Defendants vigorously dispute this as a matter of law and fact, but in any event, there are no laundering fees for shoes and thus nothing to enjoin.

Attorney D'Imperio is therefore himself a potential defendant.[8] *See* N.Y. Lab. Law § 2(6), (8-a); 29 USC § 203(d); *Chu Chung v. New Silver Palace Rest.*, 246 F. Supp.2d 220, 227-28 (S.D.N.Y. 2002) (finding general managers of the restaurant floor liable for FLSA violations); *Chu Chung v. The New Silver Palace Rest., Inc.,* 272 F. Supp.2d 314, 319 (S.D.N.Y. 2003) (standard for individual liability under New York Labor law is the same as under the FLSA).

In addition, he is *also* a fact witness and putative class member, not to mention he is counsel to the named Plaintiffs, is actively working on this case,  communicating with other witnesses and soliciting potential class members, and is putative class counsel. Sabio Decl. ¶ 10 & Ex. A. An attorney cannot serve as plaintiffs' counsel, putative class counsel who stands to recover substantial fees, plaintiff, defendant and fact witness. *See e.g.*, *Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102, 104 (5th Cir. 1978) ("An attorney whose fees will depend upon the outcome of the case and who is a class member or closely related to a class member cannot serve the interest of the class with the same unswerving devotion as an attorney who has no interest other than representing the class members."); *Fechter v. HMW Industries*, 117 F.R.D. 362, 364 (E.D. Pa. 1987) (because of attorney's "interest in and knowledge of the issues involved in this case, [attorney who used to be a former employee] appears to be an influential class member and appears to have already demonstrated his influence by arranging for his own firm to represent plaintiffs" and therefore must be disqualified.)  *Accord Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1155 (8th Cir. 1999).

---

[8] As a manager, Attorney D'Imperio would have been responsible for many of the wage and hour compliance issues grieved by Plaintiffs in their lawsuit. *See* Sabio Dec. ¶ 10 & Ex. A; *see also* Anderson Decl. ¶¶ 6-10; Carter Decl. ¶¶ 8-12;Lehman Decl. ¶ 7; Monroe Decl. ¶¶ 7,9; Nierstadt Decl. ¶¶ 7,9; Quarles Decl. ¶ 7; Sears Decl. ¶ 7-10; Harris Decl. ¶ 8; Held Decl. ¶¶ 10-12.

**2.    Class Counsel cannot simultaneously represent Rudd, who is herself a potential defendant in the action, and the remaining named Plaintiffs or other Plaintiffs in the putative class**

Adequacy of counsel requires that counsel be competent and void of ethical infirmities, including conflicts of interest. 7A *Wright Miller & Kane*, § 1769.1, at 374-395. *See, e.g., Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346 (2d Cir. 1984); *In re Fine Paper Antitrust Litigation*, 617 F.2d 22, 26-28 & n. 6 (3d Cir. 1980); *Kingsepp v. Wesleyan University*, 142 F.R.D. 597, 602-03 & n. 3 (S.D.N.Y. 1992); *Kaplan v. Pomerantz*, 132 F.R.D. 504 (N.D. Ill. 1990).   Here, the proposed class counsel cannot meet the requirement of Rule 23(g)(4) due to the conflict of interest created by representing both Rudd and the other Plaintiffs.

During the entire relevant time period, Rudd was the General Manager of the Front Street restaurant.   Sabio Decl. ¶ 1, 3.   Rudd was the highest ranking employee in the restaurant.   She supervised all the other Plaintiffs--Roach, Longo, Doty and Titchen,  Sabio Decl. ¶ 5.   In fact, as the General Manager supervising Roach, Longo, Doty and Titchen, Rudd faces personal liability if she deliberately caused the wage and hour violations Plaintiffs allege. *See* N.Y. Lab. Law § 2(6), (8-a); 29 USC § 203(d); *see also Chu Chung v. New Silver Palace Rest.*, 246 F. Supp.2d at 227-28 (S.D.N.Y. 2002) (finding general managers of the restaurant floor liable for FLSA violations); *Chu Chung v. The New Silver Palace Rest., Inc.*, 272 F. Supp.2d at 319 (S.D.N.Y. 2003) (standard for individual liability under New York Labor law is the same as under the FLSA).   In light of the fact that Rudd's interests are so potentially adverse to those of the other Plaintiffs, an irreconcilable conflict exists and class counsel cannot possibly continue to represent Rudd on the one hand and the remaining named Plaintiffs, who must attack her decisions, on the other.    Accordingly, class counsel fail to meet the requirement of Rule 23(g) and must be disqualified.

16

As a result of the foregoing, Plaintiffs have failed to meet any of Rule 23's class certification requirements and their motion for class certification must be denied.

## II.   PLAINTIFFS HAVE FAILED TO ESTABLISH THAT CLASS II OR CLASS III SHOULD BE CERTIFIED AS A COLLECTIVE ACTION UNDER THE FLSA

### A.   Standard for a Collective Action under Section 216(b)

An FLSA collective action may proceed only if the plaintiffs and those they seek to represent are "similarly situated." *See* 29 U.S.C. § 216(b). This limitation requires the plaintiffs to demonstrate that the members of the proposed collective action "together were victims of a common policy or plan that violated the law." *Castro v. Spice Place, Inc.*, 2009 U.S. Dist. LEXIS 7678, *5 (S.D.N.Y. Jan. 29, 2009).

The plaintiff must establish this requirement through a factual showing, not simply allegations. *See Levinson v. Primedia Inc.*, No. 02 Civ 2222, 2003 U.S. Dist. LEXIS 20010, *4 (S.D.N.Y. Nov. 6, 2003); *see also Barfield v. New York City Health & Hosps. Corp.*, No. 05 Civ 6319, 2005 U.S. Dist. LEXIS 28884, *3 (S.D.N.Y. Nov. 17, 2005). A factual showing that pertains primarily to the named plaintiffs cannot support conditional certification. *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 U.S. Dist. LEXIS 4267, *7 (S.D.N.Y. Feb. 1, 2006). This showing serves to avoid burdening an employer with a frivolous fishing expedition conducted at the employer's expense. *Prizmic v. Armor, Inc.*, No. 05 CV 2503, 2006 U.S. Dist. LEXIS 42627, *7 (S.D.N.Y. June 12, 2006). Here, Plaintiffs have not submitted *any evidence pertaining to any of the claims at issue in the lawsuit*, let alone evidence that would suggest that "similarly situated" individuals suffered the same alleged injury as Plaintiffs as a result of a common policy or plan by the Defendants.

Not only have Plaintiffs submitted no evidence to meet their burden for their collective claims, but Defendants have submitted nine declarations from other employees who worked at

other locations who testified that they are not similarly situated to Plaintiffs and that they have not experienced the violations on which Plaintiffs based their lawsuit. *See* Anderson Decl. (regarding Niagara Falls and Lancaster locations); Carter Decl. (regarding the Buffalo and West Seneca locations); Lehman Decl. (regarding Gates location); Monroe Decl. (regarding Syracuse location); Nierstadt Decl. (regarding Elmira and Vestal locations); Quarles Decl. (regarding Niagara Falls and Amherst location); Harris Decl. (regarding Elmira location); Sears Decl. (regarding Painted Post location); Held Decl. (regarding Dunkirk location)

### B.  Neither Class II nor Class III can be certified as a collective action

Plaintiffs ask the court to collectively certify two classes: one of hourly employees who suffered alleged wage and overtime violations and one of managers who were allegedly misclassified as exempt under federal law. Plaintiffs have not met their burden with respect to either group.

In certifying a class action, as an initial matter, the Court must examine "whether plaintiffs have shown that other employees desire to opt-in to this litigation." *Parker v. Rowland Express, Inc.*, 492 F. Supp.2d 1159 (D. Minn. 2007); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp.2d 1272, 1276-77 (M.D. Ala. 2004); *Horne v. United Servs. Auto. Assoc.*, 279 F. Supp.2d 1231 (M.D. Ala. 2003); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362-63 (M.D. Ala. 1999). If Plaintiffs demonstrate sufficient interest, the Court must then analyze whether they have proven that they are "similarly situated" to the proposed opt-in group. 29 U.S.C. § 216(b). Lastly, the Court must consider whether it can properly manage this case as a collective action, *i.e.,* whether individualized issues will so predominate over common ones that any benefits to be gained from the collective action device are lost.

**1.    Plaintiffs have failed to establish that any other non-exempt or exempt employees have interest in this litigation**

As noted above, the "first inquiry" in a Section 216(b) certification analysis is whether Plaintiffs have shown that enough other current and former T.L. Cannon employees want to opt-in to this lawsuit to make collective treatment the best means of resolving it.    *Charoen Pokphand,* 303 F. Supp. 2d at 1276-77. Although collective actions are not subject to strict numerosity requirements, like Rule 23 class actions, courts often do not certify collective actions where there is little interest among the proposed class. *See Adair v. Wisconsin Bell, Inc.,* 2008 U.S. Dist. LEXIS 68942, (E.D. Wis. Sept. 11, 2008); *Barten v. KTK & Assoc. Inc.,* 2007 U.S. Dist. LEXIS 54068 (M.D. Fla. July 26, 2007); *West v. Border Foods, Inc.,* 2006 U.S. Dist. LEXIS 46506 (D. Minn. July 10, 2006). *But see Amendola v. Bristol-Myers Squibb Co.,* 558 F. Supp.2d 459, 466 (S.D.N.Y. 2008).  In such instances, permissive joinder of claimants as named plaintiffs, or allowing claimants to pursue their claims individually, is more appropriate.

Despite Plaintiffs efforts to recruit additional people, *see* Sabio Decl. ¶ 10, Ex. 1, Plaintiffs have identified no other individuals besides themselves.[9]  This is simply not the requisite level of interest necessary to justify certifying this, or any, case for collective adjudication.[10]  *See Lance v. Scotts Co.,* 2005 U.S. Dist. LEXIS 14949 (N.D. Ill. July 21, 2005) (denying motion for conditional certification where plaintiff failed to produce evidence – other than his own hearsay testimony – that other employees shared concerns) (citing *Cash v. Conn Appliances,* 2 F. Supp.2d 884, 897 (E.D. Tex. 1997) and *Dybach v. Florida Dep't of Corrections,*

---

[9] This is ironic, since Plaintiffs' counsel himself worked at two Applebee's locations for a span of over five years (Sabio Decl. ¶ 10), at a different locations than Plaintiffs, and would presumably have contacts with his former co-workers.

[10] See *Fisher v. U.S.,* 69 Fed. Cl 193, 198-99 (Fed. Cl. 2006) (responding to assertion that 40 putative class members presumes a class, court cited cases where it rejected classes including 318 and 1,218 plaintiffs); *White v. KCPAR, Inc.,* No. 05 CV 1317, 2006 U.S. Dist. LEXIS 40952, * (M.D. Fla. June 20, 2006) (denying conditional certification; finding permissive joinder best method for adjudication).

942 F.2d 1562, 1567-68 (11th Cir. 1991)).  Indeed, issuing notice in such circumstances runs

counter to the Court's "responsibility to avoid the **'stirring up'** of litigation through unwarranted

solicitation." *Severtson v. Phillips Beverage Co.,* 137 F.R.D. 264, 266-67 (D. Minn. 1991)

(emphasis added).

### 2.   Plaintiffs cannot meet the requirement of similarly situated with respect to the non-exempt class

In order to establish preliminary certification, Plaintiffs must make a "modest factual

showing sufficient to demonstrate that they and potential plaintiffs together were victims of a

common policy or plan that violated the law." *LaRoque v. Domino's Pizza,* 557 F. Supp.2d 346,

352, \*\*14 (E.D.N.Y. 2008).  Such a showing requires more than anecdotal hearsay.  *Barfield v.*

*New York City Health and Hospitals Corp.,* 2005 U.S. Dist. LEXIS 28884, \* 3 (S.D.N.Y. Nov.

17, 2005).  Where "significant differences are apparent at the outset and discovery cannot resolve

the defects in plaintiffs' claims," conditional certification cannot be granted.  *Diaz v. Electronics*

*Boutique of Am., Inc.,* 2005 U.S. Dist. LEXIS 30382, \*19  (W.D.N.Y. Oct. 13, 2004).

Plaintiffs appear to allege that their time records were altered by their managers (*i.e.*, by

Plaintiff Rudd and/or her subordinate managers at the Front Street location), resulting in some

unspecified amount of work "off the clock."   Courts have held, however, that off the clock

claims are too individualized to warrant collective action treatment.   *Diaz,* 2005 U.S. Dist.

LEXIS 30382, \*16-17  (denying collective action certification for off the clock work claims).

The Court in *Diaz* found that  "Diaz's off-the-clock claims require an examination by the Court

of when he was scheduled to work, when he actually worked, whether he was paid for such and

whether Ostrander altered his timesheets and, then, the Court would to have conduct the same

inquiry as to each other class member. Taking plaintiffs' allegations as true, altering Diaz's

timesheets may have been the Blasdell store's method of dealing with overtime issues, but such may not have been the case at other stores." *Id.*

Here, although Plaintiffs apparently claim that *their* timesheets were altered in *Plaintiff Rudd's* restaurant, they have come forward with no evidence that alteration of time sheets occurred at other restaurants. *Bernard v. Household Int'l, Inc.,* 231 F. Supp.2d 433, 435 (E.D. Va. 2002) (mere allegations that other similarly situated employees exist at other locations not sufficient); *accord Parker v. Rowland Express, Inc.* 492 F. Supp.2d 1159, 1166 (D. Minn. 2007 (same). Indeed, the only evidence is to the contrary – company policy was for all employees to accurately record and be paid for all hours worked. *See* Anderson Decl. ¶¶ 6-10 (regarding Niagara Falls and Lancaster locations); Carter Decl. ¶¶ 8-10 & Ex. A annexed thereto (regarding the Buffalo and West Seneca locations); Lehman Decl. ¶¶ 7 (regarding Gates location); Monroe Decl. ¶¶ 7-9 (regarding Syracuse location); Nierstadt Decl. ¶¶ 6-9 (regarding Elmira and Vestal locations); Quarles Decl. ¶¶ 6-7 (regarding Niagara Falls and Amherst location); Harris Decl. ¶¶ 7-9 (regarding Elmira location); Sears Decl. ¶¶ 7 (regarding Painted Post location); and Held Decl.¶¶ 13-14 (regarding Dunkirk location).

Moreover, Plaintiffs can only establish the propriety of collective action treatment by "demonstrat[ing] that other individuals in the putative class worked the same relatively uniform off-the-clock hours." *Mendoza v. Casa De Cambio Delgado, Inc.,* 07 CV 2579, 2008 U.S. Dist. LEXIS 61557, *9-10 (S.D.N.Y. Aug. 12, 2008) (evidence consisting of policies requiring and facilitating off the clock work supported certification). Here, no such policies exist.

"Though the first stage of class certification only requires a 'modest factual showing,' it must be sufficient to demonstrate that plaintiffs and potential class members were victims of a *common scheme or plan* that violated the law." *Morales v. Plantworks, Inc.,* 05 Civ 2349, 2006 U.S. Dist. LEXIS 4267, *7 (S.D.N.Y. Feb. 1, 2006) (denying class certification where Plaintiffs

relied solely on conclusory allegations "offered nothing of evidentiary value"). Plaintiffs have come forward with no evidence- of such an unlawful scheme, and Defendants have provided substantial evidence to the contrary.

**3.    Plaintiffs cannot meet the similarly situated requirement with respect to the exempt class**

Plaintiffs (in reality, only a single plaintiff, Rudd) also seek to certify a class of *all managers*, claiming that hundreds of managers in 53 Applebee's locations who supervise a workforce of thousands is not exempt. Courts have held, however, that "[t]he exempt or non-exempt status of potentially hundreds of employees would need to be determined on a job-by-job, or more likely, an employee-by-employee basis*." Morisky v. Public Serv. Elec. & Gas Co.,* 111 F. Supp.2d 493, 499 (D.N.J. 2000) (denying class certification due to extremely individual and fact-intensive analysis required); *see also Levinson v. Primedia Inc.,* 02 Civ 2222, 2003 U.S. Dist. LEXIS 20010, *1 (S.D.N.Y. 2003) (holding purportedly misclassified independent contractors failed to demonstrate that others were "similarly situated" because Plaintiffs "failed to support [their argument] with a factual showing that extends beyond their own circumstances" and that they "failed to make a sufficient showing that [their claims] were true for other potential plaintiffs").

Plaintiffs have not established that Defendants had a policy of misclassifying managers or of deducting from managers' salaries. Even if their allegations were true, nothing indicates that these issues extend beyond Plaintiff Rudd's restaurant. In fact, Defendants have submitted evidence to the contrary, showing that Rudd's allegations, if true, are atypical. Anderson Decl. ¶¶ 3-5 (regarding Niagara Falls and Lancaster locations); Carter Decl. ¶¶ 6 (regarding the Buffalo and West Seneca locations); Lehman Decl. ¶¶ 4-6 (regarding Gates location); Monroe Decl. ¶¶ 3,5 (regarding Syracuse location); Nierstadt Decl. ¶¶ 3-4 (regarding Elmira and Vestal

locations); Quarles Decl. ¶¶ 3-5 (regarding Niagara Falls and Amherst location); Harris Decl. ¶¶ 3-5 (regarding Elmira location); Sears Decl. ¶¶ 3-6 (regarding Painted Post location); Held Decl.¶¶ 4-7 (regarding Dunkirk location).

In addition, Plaintiff Rudd is the only named-plaintiff who worked as a manager. While she purports to seek the collective certification of a class containing "all managers" in 53 locations, she only worked at a single restaurant during the relevant time period and then only as its General Manager. Sabio Dec. ¶¶ 1, 3. Each restaurant has one General Manager, and several subordinate managers, who may be designated as Assistant General Managers, Training Managers, Kitchen Managers, and Bar Managers. Because Plaintiff Rudd worked only as a General Manager during the relevant time period, she is not "similarly situated" to the other "managers" for whom she seeks certification, some of whom would have reported to her. Since every class collectively certified must have a class representative, *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 207 (S.D.N.Y. 2003), and Rudd could only possibly represent General Managers, collective certification for managers other than General Managers should be denied.

**4.     Plaintiffs' proposed collective notice is defective and should be stricken and to the extent Court is inclined to grant collective certification, Defendants should have opportunity to propose a Notice**

Plaintiffs do not attach to their motion papers a proposed notice in connection with their FLSA collective action claims (the "Notice"), however, they attach it to their Complaint as Exhibit 3. It is the Plaintiffs' burden to provide sufficient evidence to support their claims before the Court should approve a notice to potential opt-in members, and, as discussed above, Plaintiffs have not done so here. Conclusory allegations, such as those found in the Complaint in this case, are insufficient. *See Prizmic v. Armour, Inc.,* No. 05 CV 2503, 2006 U.S. Dist. LEXIS

42627, *7-9 (E.D.N.Y. June 12, 2003); *Levinson v. Primedia Inc.,* No. 02 Civ 2222, 2003 U.S.

Dist. LEXIS 20010, *4 (S.D.N.Y. Nov. 6, 2003); *see also Cintron v. Hershey Puerto Rico, Inc.,*

363 F. Supp.2d 10, 18 (D.P.R. 2005) ("[t]his Court holds that there has to be a nexus established

between the complaint and the consent forms based on averred facts"). Therefore, the issuance

of any notice is inappropriate.

In addition, the Notice itself falls short of a proper notice. While this is not intended as

an exhaustive analysis of the defects of the notice, a few fatal flaws merit mention. First, the

proposed Notice presents only the Plaintiffs' version of their claims with only a single sentence

statement that the Defendants "deny liability and damages." Notice ¶ 2(g). Second, Defendants'

counsel and their contact information should be identified in the Notice just as Plaintiffs' counsel

has identified themselves. Notice ¶ 8. Third, the Notice uses an incorrect three year limitations

period for filing claims of May 17, 2007, which may be the appropriate outside period for the

named Plaintiffs, but for potential parties who have not yet opted in, the period runs from the

date they join the suit, not the date the Plaintiffs commenced this action. *See* 29 U.S.C. § 256;

*see also Cooper v. Food Lion, Inc.*, 1998 U.S. App. LEXIS 11809, *40 (4th Cir. June 4, 1998);

*Songu-Mbriwa v. Davis Memorial Goodwill Indus.,* 144 F.R.D. 1, 2 (D.D.C. 1992); *Kuhn v.*

*Philadelphia Elec. Co.*, 487 F. Supp. 974 (E.D. Pa. 1980), *aff'd,* 745 F.2d 47 (3d Cir. 1984).

Fourth, potential opt-in members should be advised that one of the effects of joining the lawsuit

is that they are giving up their right to bring an individual suit and obtain their own recovery.

Notice ¶ 5. Fifth, in order to avoid misleading present and former employees, the Notice should

clearly state that thus far, there has been no finding of liability or damages. Finally, the Notice

should advise potential parties that there is a possibility that there may never be any monies or

benefits awarded to the claimants.

If the Court is inclined to grant Plaintiff's motion and issue any notice, the Court should permit, as is customary, the parties confer and submit a jointly acceptable form of notice or permit further briefing by Defendants on this issue.   *See   Ravenell v. Budget Car Rental, LLC*, No. 08 CV 2113, 2010 U.S. Dist. LEXIS 72563,  *16 (E.D.N.Y. July 19, 2010) (directing parties to confer on form and content of opt in notice and submit a proposed joint notice to the court); *Eldred v. Comforce Corp., Inc.,* No. 08 CV 1171, 2010 U.S. Dist. LEXIS 18260,  *56 (N.D.N.Y. Mar. 2, 2010) (ordering that plaintiffs submit a revised opt in notice to defendants and that parties should meet and confer regarding any objections raised by defendants); *Gordon v. Kaleida Health, Inc.,* No. 08 CV 3785, 2009 U.S. Dist. LEXIS 95729,  *32-33 (W.D.N.Y. Oct. 14, 2009) (directing the parties to meet and confer on the notice and related forms and to submit a stipulation or, if unable to reach and agreement, to submit proposals and letter briefs for further ruling by the court); *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ 1859, 2008 U.S. Dist. LEXIS 86577,  *36-37 (S.D.N.Y. Oct. 23, 2008) (ordering that the parties were to confer and attempt to agree on the form of notice to be sent to the potential plaintiffs and, if unsuccessful, to submit letter briefs regarding the areas of dispute).

## CONCLUSION

Plaintiffs, all former employees of a single location, who seek injunctive relief, have failed to meet their burdens for class and collective certification under Rule 23 and the FLSA. For the aforementioned reasons, their motion should be denied in its entirety.


Dated:  August 9, 2010
       New York, New York

                                        /s
                            Craig R. Benson
                            Elena Paraskevas-Thadani
                            LITTLER MENDELSON
                              A Professional Corporation
                            900 Third Avenue
                            New York, NY  10022.3298
                            212.583.9600

                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF systems, which sent notification of such filing to the following:

>Dennis G. O'Hara
>O'Hara, O'Connell Law Firm
>7207 East Genesee Street
>Fayetteville, NY 13066
>315-451-3810
>Fax: 315-451-5585
>Email: dgo@oharalaw.com
>Email: fsg@oharalaw.com

Dated:  August 9, 2010
New York, New York

<u>/s</u>
Elena Paraskevas-Thadani