IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MATTHEW ROACH, MELISSA LONGO, GARRETT TITCHEN, and CHRISTINA APPLE,

Plaintiffs,

Civ. Action No. 3:10-CV-0591 (TJM/DEP)

v.

T.L. CANNON CORP., d/b/a Applebees, T.L. CANNON MANAGEMENT CORP., TLC WEST, LLC, TLC CENTRAL, LLC, TLC UTICA, LLC, TLC EAST, LLC, TLC NORTH, LLC, DAVID A. STEIN, MATTHEW J. FAIRBAIRN, and JOHN A. PERRY,

Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFFS: | |
| THOMAS, SOLOMON LAW FIRM<br>693 East Avenue<br>Rochester, NY 14607 | ANNETTE M. GIFFORD, ESQ.<br>MICHAEL J. LINGLE, ESQ.<br>LAURA MYERS, ESQ. |
| O'HARA O'CONNELL LAW FIRM<br>7207 E. Genesee St.<br>Fayetteville, NY 13066 | FRANK S. GATTUSO, ESQ.<br>DENNIS G. O'HARA, ESQ. |
| FOR DEFENDANTS: | |
| LITTLER MENDELSON, P.C.<br>900 Third Avenue<br>New York, NY 10022-4834 | CRAIG BENSON, ESQ.<br>ELENA PARASKEVAS-THADANI, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION AND ORDER

This action was commenced by six present and former employees of the defendants, operators of approximately fifty-three Applebee's Neighborhood Grill and Bar Restaurants ("Applebee's") throughout New York State, alleging that various systemic policies and practices in place at defendants' restaurants violate provisions of the New York State Labor Law and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*[1] The case has been certified as a collective action, pursuant to 29 U.S.C. § 216(b), and additional present and former employees of the defendants have opted into the action.

Currently pending before the court is an application by the

---

[1] Named as defendants in the action are several corporations, including T.L. Cannon Corp., d/b/a Applebee's, T.L. Cannon Management Corp., TLC West, LLC, TLC Central, LLC, TLC Utica, LLC, TLC East, LLC, and TLC North, LLC, as well as three individuals, including David A. Stein, individually and as owner and Chairman of T.L. Cannon Corp., and as Director and Chairman of T.L. Cannon Management Corp., John A. Perry, identified as the Vice President and Director of Operations of T.L. Cannon Corp. and as president of T.L. Cannon Management Corp., and Matthew J. Fairbairn, who reportedly is owner and serves as the President of T.L. Cannon Corp., and as a Director and Chief Executive Officer of T.L. Cannon Management Corp. While the Applebee's location at which plaintiffs worked is owned and operated by TLC Central, LLC, according to the defendants, both parties have treated the defendants collectively thus far in the action, and I will do likewise.

defendants seeking dismissal of claims made on behalf of various of the plaintiffs based upon their failure to comply with discovery demands and discovery-related court orders. For the reasons set forth below, I recommend that certain of the plaintiffs be dismissed from the action and have ordered others to provide discovery, cautioning that their failure to do so will result in a recommendation that they too be dismissed from the suit.

I. BACKGROUND

This action was commenced on May 19, 2010 by Ann Marie Rudd, Matthew Roach, Melissa Longo, Jennifer Doty, and Garrett Titchen, all present or former employees of the defendants employed primarily at the defendants' Front Street Applebee's location, located in Binghamton, New York.[2] Plaintiffs' complaint originally set forth nine causes of action, although one has since been withdrawn. *See* Complaint (Dkt. No. 1); *see also* Dkt. Nos. 28, 29. Of the claims that remain, the first five arise under the New York Labor Law, alleging failure on the part of the defendants to 1) reimburse employees for laundry fees; 2) reimburse for uniform fees; 3)

---

[2] By stipulation entered into and approved by the court on December 7, 2011, Ann Marie Rudd and Jennifer Doty were dismissed as plaintiffs, and Christina Apple was added. *See* Dkt. Nos. 55, 56.

provide proper compensation for "spreads of hours" exceeding ten hours; 4) adequately compensate employees for "split-shifts"; and 5) properly compensate employees for rest time, regular time, and overtime. *See* Dkt. Nos. 28, 29. Plaintiffs' remaining claims are asserted under the FLSA, and are based upon their contention that defendants have 1) failed to properly compensate hourly employees for wages and overtime; 2) improperly classified employees as exempt "bona fide executive" employees, thereby avoiding the requirement of paying overtime under the Act; and 3) improperly classified employees as exempt "salaried managers", in that way also avoiding the requirement of paying overtime. *See id.*

Shortly after commencement of the action, and without the benefit of any pretrial discovery, plaintiffs moved pursuant to Rule 23 of the Federal Rules of Civil Procedure for certification of the case as a class action with respect to their state law claims, and for approval to pursue a collective action for purposes of the FLSA claims asserted. In a report, recommendation and order issued on January 4, 2011, I granted the request for certification of the case as a collective action but recommended against class certification under Rule 23 of the Federal

Rules of Civil Procedure. Dkt. No. 36. That recommendation was adopted by Senior District Judge Thomas J. McAvoy by decision and order issued on March 3, 2011. Dkt. No. 37.

Following the court's collective action determination and the sending of notices to potential collective action plaintiffs, opt-in forms were received and filed on behalf of several additional present or former Applebee's employees, including Matt Ellison, Nichole Conner, Josiah McBride, Diane Sukup, Morgan A. Major, Rebecca Hill, Courtney Manderville, Jamel Cooper, Brittany McLellan, Edward B. Arnold, Jessica Novobilski, Shiree A. Bailey, Nicole Mariani, Christine Turner, Danielle E. Nahari, Jennifer Capra, Sara Konop, Ryan J. Konop, and Joan Montouri. *See* Dkt. No. 48.

On February 24, 2012, a discovery conference was conducted by the court to address a letter from defendants' counsel, dated February 8, 2012, advising of the alleged failure of various of the plaintiffs to provide discovery and requesting court intervention. *See* Dkt. No. 61. Following that conference I issued a text order in which I stated, in pertinent part, as follows:

> [a]ny plaintiffs, who have not done so already, are directed to respond to defendants' outstanding interrogatories and

> discovery demands that were served on 9/30/11 and to schedule a date to appear for deposition at a mutually agreed upon place on or before 3/26/12. Upon failure to comply with such a directive, it will be recommended to the district judge dismissal [sic] of all claims brought by the non-compliant plaintiff.

*See* Text Order Dated 2/24/12.

On April 9, 2012, defendants' counsel again wrote to the court requesting assistance, for a second time pointing out discovery deficiencies with regard to several of the original and opt-in plaintiffs. Dkt. No. 63. In that letter counsel requested that the claims of the recalcitrant plaintiffs be dismissed. *See id.* By letter dated April 23, 2012, plaintiffs wrote in opposition to defendants' motion. Dkt. No. 64.

An on-the-record telephone conference was conducted on April 30, 2012 to address defendants' request. As a result of that conference a text order was issued directing certain of the plaintiffs to provide defendants with verifications in connection with their interrogatory responses, and at defendants' request directing the plaintiffs' counsel to produce up to six of the remaining original and opt-in plaintiffs for deposition within thirty days at mutually convenient dates, times, and locations.[3] This report,

---

[3] While the court's intent was to include both named and opt-in plaintiffs, the text order referenced producing only opt-in plaintiffs for deposition. In any event, this order supersedes the text order and provides specific detail regarding the court's

recommendation and order is being issued to address the discovery concerns discussed during the recent telephone conference.

## II. DISCUSSION

### A. Governing Legal Principles

Defendants' motion requests that the court issue sanctions, including in certain cases dismissal, based upon the failure of the plaintiffs to provide discovery and/or to comply with court discovery-related orders. Before addressing the specifics, I will first canvas the available sources of the court's authority to grant the relief now sought.

#### 1. Rule 37(b)

The failure of a party to obey a court discovery order is addressed in Rule 37(b) of the Federal Rules of Civil Procedure, which provides for an array of available sanctions to be awarded, in the court's discretion, ranging in severity up to and including dismissal of an action in the case of a recalcitrant plaintiff. Fed. R. Civ. P. 37(b)(2)(A); *see Gissinger v. Yung*, Nos. 04-CV-534 (CBA)(JO), 04-CV-5406 (CBA)(JO), 2006 WL 1329697, at *4-5 (E.D.N.Y. May 16, 2006).[4] The decision as to which of those

---

expectations.

[4] Rule 37(b), under which the pending motion is brought, provides in relevant part, that

available sanctions should be awarded in the event of a party's failure to comply with a legitimate discovery order is a matter entrusted to the sound discretion of the court. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). The court's broad discretion to impose sanctions pursuant to Rule 37(b)(2) is limited only by the requirement,

---

> [i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part;
> >
> > (vi) rendering a default judgment against the disobedient party; or
> >
> > (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

expressly stated in the rule, that the sanction selected be "just" and that it relate to the particular claim to which the discovery order was addressed. *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106 (1982). The determination of whether a sanction is just must be made in light of the record as a whole. *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979).

In deciding which of the available sanctions under Rule 37(b) to award, some courts have looked for guidance to cases decided under Rule 41(b), which is discussed below. *See, e.g.*, *Banjo v. United States*, No. 95 Civ. 633, 1996 WL 426364, at *5 (S.D.N.Y. Jul. 29, 1996) ("[I]t is appropriate to be guided by those factors which courts consider before dismissing a case under Rule 41(b) prior to dismissing the case under Rule 37."); *Almonte v. Coca-Cola Bottling Co. of New York*, 169 F.R.D. 246, 249 n. 4 (D. Conn.1996) ("[T]he factors for dismissal under Rule 41(b) are helpful in considering a dismissal under Rule 37.").
*See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted).

2. Rule 41(b) Dismissal For Failure To Prosecute

Plaintiffs' inaction in this case also implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994) (other citations omitted)). The propriety of a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is informed by five relevant factors, including

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) (citations omitted).

3. The Court's Inherent Authority

In addition to the power conferred under Rules 37 and 41(b), courts are vested with the inherent authority to enforce lawfully-issued orders. *Link,* 370 U.S. at 629-30, 82 S. Ct. at 1388 . "[C]ourts may turn to their inherent powers, which are innate to [their] creation to impose respect for [their] lawful mandates." *La Grande v. Adecco*, No. 1:03-CV-1453, 2006 WL 2806402, at *7 (N.D.N.Y. Sept. 28, 2006) (Sharpe, J. and Treece, M.J.) (citing *United States v. Seltzer*, 227 F.3d 36, 39-42 (2d Cir. 2000)). It is axiomatic that a party to an action pending in a federal district court, whether a plaintiff or defendant, is required to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences and discovery. *Hall v. Flynn*, 829 F. Supp. 1401, 1403 (N.D.N.Y. 1993) (citations omitted); *see also New York v. Gleave*, 189 F.R.D. 263, 268 (W.D.N.Y. 1999) (citing *Cerruti 1881 S.A. v. Cerruti, Inc.*, 169 F.R.D. 573, 582-83 (S.D.N.Y. 1996)). The failure of a party to fulfill this obligation provides a basis for the striking of the offending party's

pleadings and the entry of appropriate corresponding relief.[5] *Hall*, 829 F. Supp. at 1403; *see also Doyle v. Anderson,* No. 02-CIV. 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004) (dismissing complaint where plaintiff failed, *inter alia*, to appear for scheduled status conference, to attend deposition, and to respond to discovery requests); *Lindsey v. Loughlin*, 616 F. Supp. 449, 453 (E.D.N.Y. 1985) (McLaughlin, D.J. & Scheindlin, M.J.) (dismissing complaint based upon plaintiff's failure to prosecute the action where he last contacted the court with his address change upon release from prison and subsequently failed to appear for a status conference scheduled by the court).

B. Application of Guiding Principles

The court has been advised that the deposition of one of the opt-in plaintiffs in this action, Shiree Bailey, was scheduled by counsel, but that she failed to appear on the date selected without offering an excuse or

---

[5] The court's inherent authority to strike a party's pleading may be exercised *sua sponte*. See *Hall*, 829 F. Supp. at 1403; *Lindsey v. Loughlin*, 616 F. Supp. at 453 (quoting *Link,* 370 U.S. at 630-31, 82 S. Ct. at 1388-89) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). In the present action, the non-responding opt-in plaintiffs' refusal to comply with orders of this court would justify *sua sponte* dismissal of their claims. Such *sua sponte* action is not necessary, however, since defendants have moved pursuant to Rule 37(b), affirmatively seeking the sanction of dismissal with prejudice as a result of plaintiff's refusal to comply with the court's discovery orders.

requesting an adjournment. Five other opt-in plaintiffs, including Edward B. Arnold, Morgan A. Major, Courtney Manderville, Brittany McLellan, and Joan Montouri, have failed to cooperate with their counsel in scheduling their depositions. Plaintiffs' counsel agrees that the defendants have met their burden of demonstrating lack of cooperation on the part of those six plaintiffs, and disinterest in the pursuit of their claims and that their claims should therefore be dismissed. Having reviewed the matter, I find that their failure to cooperate, in the face of an explicit warning that failure to cooperate would result in dismissal of claims, and the inherent prejudice to defendants in being unable to probe their allegations through deposition, warrants dismissal of the claims brought by those plaintiffs.

A second group of plaintiffs, including Matthew Ellison, Jessica Novobilski, Christine Turner, Ryan J. Konop, and Sara Konop, have failed to respond to defendants' interrogatories. During the recent telephone conference plaintiff's counsel confirmed that he has been unable to maintain contact with those clients. Applying the relevant Rule 37 and Rule 41(b) factors to those plaintiffs, I find that their failures to answer interrogatories, despite having been ordered by the court to do so and warned that the failure would result in dismissal of their claims, justifies

dismissal of their claims. The prejudice to the defendants in not being able to garner through interrogatories the basic information regarding these plaintiffs necessary to defend against their claims is manifest. The interrogatories were authorized in order to permit the defendants to gain information concerning the specific circumstances surrounding plaintiffs' claims. Defendants are obviously handicapped significantly in their ability to defend the claims with regard to those five opt-in plaintiffs by not having the information sought, a factor which militates heavily in favor of dismissal. *See Odle v. City of New York*, No. 09-CV-2881, 2010 WL 1528548, at * 2 (E.D.N.Y. Mar. 26, 2010) (citing *Shannon*, 186 F.3d at 195)) (other citation omitted).

Another important factor in the dismissal calculus is the need of the court to both manage its docket and preserve the integrity of its orders. This is a factor that also weighs strongly in favor of dismissal.

Given the circumstances of this case, I find that no sanction short of dismissal is warranted. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994) (per curiam) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in

dismissal."); *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (per curiam) (" 'all litigants, including *pro ses*, have an obligation to comply with court orders' ") (quoting *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir. 1988)). The opt-in plaintiffs' refusals to provide standard discovery has caused delay, required court intervention, increased defendants' costs, and prejudiced them in their ability to defend against the plaintiffs' claims. Having ignored not only warnings but orders of this court, the non-complying opt-in plaintiffs have left the court with no alternative but to recommend dismissal of their FLSA claims. In sum, I find ample basis to recommend that the court grant the relief now sought in defendants' motion, and conclude that the recommended sanction would be just given the plaintiffs' unexcused and longstanding defiance of the court's discovery order.

Certain of the remaining plaintiffs implicated in defendants' motion, including Rebecca Hill, Nicole Mariani, and Josiah McBride, are alleged to have failed to appear for deposition and to have neglected to provide requested documents. Defendants concede, however, that those three were not among the original six who, by agreement, were to have been deposed. Moreover, while it may be true that each of those plaintiffs has

failed to produce documents in response to defendants' document demands, it is not clear to the court that there are such responsive documents within their possession, custody, or control that have been requested and that they have failed to produce. Accordingly, at this juncture I will not recommend dismissal of the claims brought by those three plaintiffs. They are nonetheless admonished that their failure to cooperate with legitimate discovery requests including, if desired, the taking of their depositions, will result in my recommendation that the claims against them be dismissed.

## IV. SUMMARY AND RECOMMENDATION

Several of the plaintiffs in this action, despite having opted into the case for purposes of the FLSA claims, have failed to provide court-ordered discovery and to cooperate generally with their counsel in order to comply with their obligations under the Federal Rules of Civil Procedure as litigants. Others, including three of the original plaintiffs, have partially failed to comply with their obligations in that they have not provided verifications to accompany their interrogatory responses. In light of the manifest disinterest of the recalcitrant plaintiffs in pursuing their claims and their failure to maintain contact with their attorneys, I recommend

dismissal of all claims brought by them. As for those plaintiffs whose failures are less egregious, I will order their immediate compliance with the understanding that further failures to provide discovery will result in a recommendation for dismissal of their claims as well.

Based upon the foregoing, it is hereby respectfully

RECOMMENDED that all claims brought by plaintiffs Edward B. Arnold, Shiree A. Bailey, Morgan A. Major, Courtney Manderville, Joan Montouri, Matt Ellison, Brittany McCellan, Jessica Novobilski, Christine Turner, Sara Konop, and Ryan J. Konop in this action be DISMISSED; and it is further

ORDERED, that within twenty-one days of the date of this order plaintiffs Melissa Longo, Matthew Roach, Garrett Titchen, Jennifer Capra, Nicole Mariani, Rebecca Hill, Josiah Mc Bride, and Diane Sukup serve upon defendants' counsel verifications to accompany their responses to defendants' first set of interrogatories; and it is further

ORDERED that the parties confer and mutually agree upon the taking of depositions of up to six of the remaining plaintiffs in this action, at mutually convenient dates, times and locations within thirty days of the date of this order.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated: May 15, 2012
Syracuse, NY