UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MATTHEW ROACH, MELISSA LONGO,
GARRETT TITCHEN and CHRISTINA APPLE,

     Plaintiffs,

    -against-

T.L. CANNON CORP., d/b/a APPLEBEES, T.L.
CANNON MANAGEMENT CORP., TLC WEST,
LLC, TLC CENTRAL, LLC, TLC UTICA, LLC,
TLC EAST, LLC, and TLC NORTH, LLC; DAVID
A. STEIN, individually and as Owner and Chairman
of T.L. Cannon Corp. and as Director and Chairman
of T.L. Cannon Management Cor.; MATTHEW J.
FAIRBAIRN, individually and as Owner and
President of T.L. Cannon Corp. and as Director and
Chief Executive Officer of T.L. Cannon
Management Corp.; and JOHN A. PERRY,
individually and as Vice-President and Director of
Operations of T.L. Cannon Corp. and as President of
T.L. Cannon Management Corp.,

     Defendants.

CIVIL CASE NO.

3:10-cv-00591-TJM-DEP

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendants*
900 Third Avenue
New York, NY  10022.3298
212.583.9600

Craig R. Benson, Esq.
Elena Paraskevas-Thadani, Esq.
Erin W. Smith, Esq.

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT.................................................................................. 1

ARGUMENT ........................................................................................................... 1

I.      THIS CASE IS RIPE FOR SUMMARY JUDGMENT BECAUSE THE
        MATERIAL FACTS REMAIN UNDISPUTED AND DISCOVERY WITH
        RESPECT TO THE NAMED PLAINTIFFS IS CLOSED.................................. 1

II.     PLAINTIFFS CONCEDE THAT THEIR SPREAD OF HOURS CLAIM IS RIPE
        FOR DECISION AS A MATTER OF LAW...................................................... 2

III.    PLAINTIFFS FAILED TO RAISE AN ISSUE OF MATERIAL FACT THAT
        PRECLUDES THE GRANTING OF DEFENDANTS' MOTION FOR PARTIAL
        SUMMARY JUDGMENT ON THE UNIFORM AND LAUNDERING CLAIMS.......... 5

        A.      Apple, Roach, and Titchen lack standing to bring a claim for the purchase
                of shirts with the Applebee's logo because they admit they never
                purchased one.................................................................................... 5

        B.      Clothing "that may be worn as part of an employee's ordinary wardrobe"
                is expressly carved out of the relevant regulation and is not a uniform as a
                matter of law ..................................................................................... 6

        C.      Plaintiffs concede that their wages were not reduced below minimum
                wage as a result of the purchase or laundering of their work clothes or
                shoes.................................................................................................. 8

        CONCLUSION........................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Almeida v. Aguinaga,*
500 F. Supp. 2d 366 (S.D.N.Y. 2007)................................................................4

*Ayres v. 127 Restaurant Corp.,*
12 F.Supp.2d 305 (S.D.N.Y. 1998) .............................................................7, 8

*Bauin v. Feinberg,*
800 N.Y.S.2d 342 (Sup. Ct. NY Cty. 2005) ............................................3

*Berrios v. Nicholas Zito Racing Stable, Inc.,*
No. CV 04-22, 2012 U.S. Dist. LEXIS 43290 (E.D.N.Y. March 28, 2012) ............................3

*Chan v. Sung Yue Tung Corp.,*
No. 03-CV-6048, 2007 U.S. Dist. LEXIS 7770 (S.D.N.Y. Feb. 1, 2007)................................9

*Chan v. Triple 8 Palace, Inc.,*
No. 03-CV-6048, 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. March 30, 2006) ...............4, 8, 9

*Copantitla v. Fiskardo Estiatoro, Inc.,*
700 F.Supp.2d 253, 293 (S.D.N.Y. 2011) ..............................................6

*Cuzco v. Orion Builders, Inc.,*
No. 06-CV-2789, 2010 U.S. Dist. LEXIS 51622 (S.D.N.Y. May 26, 2010) ............................2

*DeVito v. Smithkline Beecham Corp.,*
No. 02-CV-0745, 2004 U.S. Dist. LEXIS 27374 (N.D.N.Y. Nov. 29, 2004) ..........................6

*Doo Nam Yang v. ACBL Corp.,*
427 F.Supp.2d 327 (S.D.N.Y. 2005)................................................2, 3, 4

*Duro v. BZR Piping & Heating Inc.,*
No. 10-CV-0879, 2011 U.S. Dist. LEXIS 17151 (E.D.N.Y. Jan. 26, 2011) ............................3

*Ellis v. Common Wealth Worldwide Chauffeured Transp. of NY, LLC,*
No. 10-CV-1741, 2012 U.S. Dist. LEXIS 40288 (E.D.N.Y. March 23, 2012) ........................3

*Espinosa v. Delgado Travel Agency,*
No. 05-CV-6917, 2007 U.S. Dist. LEXIS 15149 (S.D.N.Y. March 2, 2007) ..........................4

*Franklin v. Breton Int'l, Inc.,*
No. 06 Civ. 4877, 2006 U.S. Dist. LEXIS 88893 (S.D.N.Y. Dec. 11, 2006)..........................4

*Garcia v. La Revise Associates, LLC*,
    No. 08-CV-9356, 2011 U.S. Dist. LEXIS 3325 (S.D.N.Y. Jan. 13, 2011) ...............................9

*Guan Ming Lin v. Benihana*,
    755 F. Supp.2d 504 (S.D.N.Y. 2010)..................................................................................9

*Hanig v. Yorktown Cent. Sch. Dist.*,
    384 F.Supp.2d 710 (S.D.N.Y. 2005)..................................................................................6

*Ho v. Target Const. of NY, Corp.*,
    No. 08-CV-4750, 2011 U.S. Dist. LEXIS 33365 (E.D.N.Y. March 28, 2011) ........................3

*Jenkins v. Hanac, Inc.*,
    493 F. Supp. 2d 556 (E.D.N.Y. 2007) ................................................................................4

*Li Ping Fu v. Pop Art Int'l, Inc.*,
    No. 10 Civ. 8562, 2011 U.S. Dist. LEXIS 140414 (S.D.N.Y. Dec. 6, 2011)..........................4

*Lu v. Jing Fong Rest., Inc.*,
    503 F.Supp.2d 706 (S.D.N.Y. 2007)..............................................................................6, 8

*Moon v. Kwon*,
    248 F.Supp.2d 201 (S.D.N.Y. 2002)..................................................................................3

*Ramirez v. CSJ & Co.*,
    No. 06-CV-13677, 2007 U.S. Dist. LEXIS 19756 (S.D.N.Y. Mar. 6, 2007) ...........................7

*Rodriguez v. Queens Convenience Deli Corp.*,
    No. 09-CV-1089, 2011 U.S. Dist. LEXIS 120478 (E.D.N.Y. Oct. 18, 2011)..........................3

*Saca v. Dav-El Reservation Sys. Inc.*,
    600 F.Supp.2d 483 (E.D.N.Y. 2009) ..................................................................................3

*Seenaraine v. Securitas Security Services USA, Inc.*,
    37 A.D.3d 700 (2d Dep't 2007)..........................................................................................5

*Sosnowy v. A. Perri Farms, Inc.*,
    764 F.Supp.2d 457 (E.D.N.Y. 2011) ..................................................................................3

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998).............................................................................................................6

*Zubair v. Entech Eng'g P.C.*,
    808 F.Supp.2d 592 (S.D.N.Y. 2011)..................................................................................4

**STATUTES**

New York Labor Law ..............................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(d) ........................................................................................................2

N.Y. COMP. CODES R. & REGS. tit. 12, § 137........................................................6, 7, 9

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is respectfully submitted on behalf of Defendants, by their attorneys, Littler Mendelson, P.C., in further support of their motion for partial summary judgment.

Plaintiffs' own opposition papers illustrate why partial summary judgment is appropriate in this case for several reasons. First, this case is ripe for summary judgment because the material facts outlined by Defendants in their Rule 7.1(a)(3) Statement remain undisputed and discovery with respect to the named Plaintiffs has closed. Second, Plaintiffs concede that whether Titchen, Longo, and Roach are entitled to spread of hours pay for the time periods they earned more than minimum wage is purely an issue of law. Third, Plaintiffs have failed to raise a material issue of fact that precludes partial summary judgment on their uniform and laundering claims because: (1) Plaintiffs do not dispute that Apple, Titchen and Roach lack standing to recover for the purchase of shirts with an Applebee's logo because they never purchased one; (2) clothing "that may be worn as part of an employee's ordinary wardrobe" is expressly carved out of the relevant regulation and is not a uniform as a matter of law; and (3) Plaintiffs concede that their wages were not reduced below minimum wage as a result of the purchase or laundering of their work clothes or shoes.

## ARGUMENT

## I.   THIS CASE IS RIPE FOR SUMMARY JUDGMENT BECAUSE THE MATERIAL FACTS REMAIN UNDISPUTED AND DISCOVERY WITH RESPECT TO THE NAMED PLAINTIFFS IS CLOSED

The material facts relevant to this motion are undisputed. *See* Plaintiffs' Response to Defendants' Local Rule 7.1(a)(3) Statement (*Doc. 72-2*). Plaintiffs admitted all of the relevant facts with the exception of two: (1) Plaintiffs dispute the date in which Plaintiff Matthew Roach began working as a bartender (*Doc. 72-2, #3*); and (2) Plaintiffs deny that the required shoes may

be worn as a part of an employee's ordinary wardrobe, simply because Plaintiffs claim they did not wear their shoes outside of the restaurant (*Doc. 72-2, #28*). However, even if Plaintiffs can establish these two minor facts, partial summary judgment should still be granted for Defendants, as these facts do not create a material issue of fact for trial.

Plaintiffs' argument that Defendants' motion is premature is without merit. Each of the named Plaintiffs have been deposed, and as Judge Peebles has ruled, discovery in this case is closed with respect to the named Plaintiffs.[1] Further, Plaintiffs have failed to identify any additional information that they hope to obtain that would raise a genuine issue of material fact sufficient to defeat Defendants' motion, nor have they filed an affidavit stating as much, pursuant to Fed. R. Civ. P. 56(d). Therefore, Plaintiffs' argument that Defendants' motion is premature at this stage in the discovery process is unsupported and without merit.

## II.    PLAINTIFFS CONCEDE THAT THEIR SPREAD OF HOURS CLAIM IS RIPE FOR DECISION AS A MATTER OF LAW

Plaintiffs do not dispute that their spread of hours claim is ripe for decision, as a matter of law. Plaintiffs' interpretation of the law, however, is erroneous and misguided. Specifically, Plaintiffs claim that prior to 2011, all hourly employees were entitled to spread of hours pay under New York Labor Law, regardless of their rate of pay. Plaintiffs' position is based on *Doo Nam Yang v. ABCL Corp.* and its progeny, which have been rejected by the majority of courts and the New York State Department of Labor ("NYS DOL"). *Doo Nam Yang v. ACBL Corp.*, 427 F.Supp.2d 327 (S.D.N.Y. 2005) (holding that the NYS DOL was not entitled to deference and that there was no exception to the spread of hours provision for workers who earn more than minimum wage); *Cuzco v. Orion Builders, Inc.*, No. 06-CV-2789, 2010 U.S. Dist. LEXIS 51622

---

[1] *See* Smith Declaration, sworn to May 11, 2012, Exhibit J, submitted with Defendants' initial moving papers.

(S.D.N.Y. May 26, 2010) (crediting the plaintiff's position on spread of hours on an unopposed motion for summary judgment, citing *Yang*); *Duro v. BZR Piping & Heating Inc.*, No. 10-CV-0879, 2011 U.S. Dist. LEXIS 17151 (E.D.N.Y. Jan. 26, 2011) (crediting the plaintiff's position on spread of hours pay on default judgment); *Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089, 2011 U.S. Dist. LEXIS 120478 (E.D.N.Y. Oct. 18, 2011) (crediting the plaintiff's position on spread of hours pay on default judgment)[2]; *Moon v. Kwon*, 248 F.Supp.2d 201, 235 (S.D.N.Y. 2002) (crediting the plaintiff's position on spread of hours pay without analysis); *Ho v. Target Const. of NY, Corp.*, No. 08-CV-4750, 2011 U.S. Dist. LEXIS 33365 (E.D.N.Y. March 28, 2011) (crediting the plaintiff's position on spread of hours pay, citing *Yang*, and where Defendant presented no evidence in support of his defense); *Bauin v. Feinberg*, 800 N.Y.S.2d 342 (Sup. Ct. NY Cty. 2005) (crediting the plaintiff's position on spread of hours pay without analysis); *Saca v. Dav-El Reservation Sys. Inc.*, 600 F.Supp.2d 483 (E.D.N.Y. 2009) (denying defendant's Rule 12 motion to dismiss the plaintiff's spread of hours claim, but permitting defendant to re-file after discovery was completed).

As Defendants pointed out in their initial moving papers, the majority of courts have repudiated *Yang*. *See Sosnowy v. A. Perri Farms, Inc.*, 764 F.Supp.2d 457, 473-74 (E.D.N.Y. 2011); *Berrios v. Nicholas Zito Racing Stable, Inc.*, No. CV 04-22, 2012 U.S. Dist. LEXIS 43290 at *43 (E.D.N.Y. March 28, 2012) (holding that limiting spread of hours pay to those employees who earned minimum wage was a correct interpretation of the law in the Second Circuit); *Ellis v. Common Wealth Worldwide Chauffeured Transp. of NY, LLC*, No. 10-CV-1741, 2012 U.S. Dist. LEXIS 40288 (E.D.N.Y. March 23, 2012) (while the district courts are split "the

---

[2] Plaintiffs misstate the facts of this case. *See* Plaintiffs' Memorandum of Law, *Doc. 72-1* at p. 19. The plaintiffs in *Rodriguez* earned $5.95 per hour, not $12.50 per hour, supporting Defendants' position here.

strong weight of authority and the plain statutory language lead this court to the conclusion that an employer need only pay spread of hours wages to employees making minimum wage."); *see also*, footnote four (4), *infra*.

The prevailing precedent establishes that only employees earning minimum wage were entitled to spread of hours pay during the relevant time period. These cases are many in number, as cited in Defendants' initial moving papers. Unlike the cases cited by Plaintiffs, these cases have not been controverted.[3] In addition, the DOL has issued numerous Opinion Letters on this topic, including one that specifically states that the *Yang* decision is not controlling authority. *See* NYS DOL, Opinion Letter, dated October 15, 2007 ("this Department considers the *Yang* decision to be without force and effect" and the Department's interpretation remains consistent.).[4] As the DOL noted on April 12, 2006, "the 'spread of hours' regulation does not require all employees to be paid for an additional hour, but merely that the total wages paid be

---

[3] *See, e.g., Li Ping Fu v. Pop Art Int'l, Inc.*, No. 10 Civ. 8562, 2011 U.S. Dist. LEXIS 140414, at *4-5 (S.D.N.Y. Dec. 6, 2011); *Zubair v. Entech Eng'g P.C.*, 808 F.Supp.2d 592, 601 (S.D.N.Y. 2011) (granting deference to the NY DOL and holding that New York's 10-hour spread provision "is properly limited to those employees who receive only the minimum compensation required by law"); *Almeida v. Aguinaga*, 500 F. Supp. 2d 366, 370 (S.D.N.Y. 2007) ("no group of well-paid workers is carved out from getting more 'minimum' pay, because the [10-hour spread] provision is properly limited to enhancing the compensation of those receiving only the minimum required by law"); *Jenkins v. Hanac, Inc.*, 493 F. Supp. 2d 556, 558 (E.D.N.Y. 2007) (stating that "the regulation does not ensure additional compensation to employees whose wages sufficiently exceed the minimum wage floor") (internal quotations and alteration omitted); *Franklin v. Breton Int'l, Inc.*, No. 06 Civ. 4877, 2006 U.S. Dist. LEXIS 88893, at *13 (S.D.N.Y. Dec. 11, 2006) ("The [10-hour spread] provision . . . applies only to workers earning the minimum wage." (citation omitted)); *Espinosa v. Delgado Travel Agency*, No. 05-CV-6917, 2007 U.S. Dist. LEXIS 15149 (S.D.N.Y. March 2, 2007) ("By its plain language, section 142-2.4(a) only provides supplemental wages to workers who are paid the minimum wage required under New York law. It does not ensure additional compensation to employees whose wages sufficiently exceed that floor."); *Chan v. Triple 8 Palace, Inc.*, No. 03-CV-6048, 2006 U.S. Dist. LEXIS 15780 at *76-77 (S.D.N.Y. March 30, 2006) ("The plain text of § [142-2.4] ensures an additional wage only 'in addition to the minimum wage' required under New York law.).
[4] A copy of the NYS DOL Opinion Letter, dated October 15, 2007, is attached as Exhibit A to the Reply Declaration of Erin W. Smith, sworn to on June 11, 2012.

equal to or greater than the total due for all hours worked at the minimum wage plus one additional hour at the minimum wage." *See* NYS DOL, Opinion Letter, dated April 12, 2006.[5] Based on the overwhelming, consistent, legal precedent, the DOL interpretation of the spread of hours law is entitled to deference. *See Seenaraine v. Securitas Security Services USA, Inc.*, 37 A.D.3d 700, 701-02 (2d Dep't 2007) ("[T]he Department of Labor's interpretation of the regulation is neither unreasonable nor irrational, nor is it in conflict with the plain meaning of the promulgated language. Thus, it is entitled to deference.").

Plaintiffs erroneously argue that the new Hospitality Wage Order, effective Jan. 1, 2011, represents a clarification as opposed to a change in the law.  The NYS DOL has plainly stated that the new rule is a change in the law, not a clarification of prior law. *See* NYS DOL Summary of Minimum Wage Changes ("spread of hours pay is due to all non-exempt employees at any pay rate, not just to those who are paid at or very near the minimum wage.  These extra payments no longer 'phase out' as wage rates rise.").[6]  In conclusion, the spread of hours issue is purely a matter of law and Titchen, Longo, and Roach, who only worked prior to Jan. 1, 2011, are not entitled to spread of hours pay for the time periods they earned more than minimum wage.

## III. PLAINTIFFS FAILED TO RAISE AN ISSUE OF MATERIAL FACT THAT PRECLUDES THE GRANTING OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE UNIFORM AND LAUNDERING CLAIMS

### A. Apple, Roach, and Titchen lack standing to bring a claim for the purchase of shirts with the Applebee's logo because they admit they never purchased one.

Apple, Roach, and Titchen never purchased a shirt with an Applebee's logo. (Apple Dep. 154; Roach Dep. 141-142; Titchen Dep. 52).  Plaintiffs failed to address this claim in opposition

---

[5] A copy of the NYS DOL Opinion Letter, dated April 12, 2006, is attached as Exhibit B to the Reply Declaration of Erin W. Smith, sworn to on June 11, 2012.
[6] A copy of the NYS DOL Summary of Minimum Wage Changes Contained in new Part 146, effective January 1, 2011, is attached as Exhibit C to the Declaration of Erin W. Smith, sworn to on June 11, 2012.

to Defendants' motion, and therefore, this point is conceded.  *See Hanig v. Yorktown Cent. Sch. Dist.*, 384 F.Supp.2d 710, 723-724 (S.D.N.Y. 2005); *DeVito v. Smithkline Beecham Corp.*, No. 02-CV-0745, 2004 U.S. Dist. LEXIS 27374, at *13-14 (N.D.N.Y. Nov. 29, 2004).  Apple, Roach and Titchen lack standing to bring a claim for the purchase of shirts with an Applebee's logo, therefore, their claims in this regard should be dismissed, as a matter of law.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-03 (1998).

> **B.   Clothing "that may be worn as part of an employee's ordinary wardrobe" is expressly carved out of the relevant regulation and is not a uniform as a matter of law.**

Plaintiffs claim that whether black, non-slip shoes, black pants, black button-down shirts, jeans, plain, non-descript t-shirts, and baseball caps are a uniform is an issue of fact.  Plaintiffs' position is meritless.  It has been established that ordinary wardrobe items such as these are not a uniform as a matter of law.  *See Lu v. Jing Fong Rest., Inc.*, 503 F.Supp.2d 706, 712 (S.D.N.Y. 2007) (holding that black leather shoes, white-button down shirts, black dress pants, and black socks did not qualify as a "uniform" in accordance with N.Y. COMP. CODES R. & REGS. tit. 12, § 137-3.13, as a matter of law).

Plaintiffs argue that this claim requires an individualized inquiry to determine whether a particular Plaintiff ***actually wore*** a particular item outside of work.  Of course, if Plaintiffs were correct in their assertion that this claim turns on each individual's personal preferences, then they merely would have succeeded in establishing that this case cannot be adjudicated on a class basis.  Setting that point aside, Plaintiffs' argument has been repeatedly rejected by courts and the DOL.  The cases cited by Plaintiffs are inapposite.  In *Copantitla v. Fiskardo Estiatoro, Inc.*, the clothing at issue consisted of shiny, "Liberace style" suits, ties, black aprons and vests, "the particular brand and style of which were dictated by [Defendants]."  *Copantitla v. Fiskardo Estiatoro, Inc.*, 700 F.Supp.2d 253, 293 (S.D.N.Y. 2011).  In contrast, Plaintiffs' work clothes

(black, non-slip shoes, black pants, black button-down shirts, jeans, plain, non-descript t-shirts, and baseball caps) could all be purchased at stores of Plaintiffs' choosing, and the particular brand and style was not mandated by Defendants. In fact, Plaintiffs testified that they purchased their work clothes and shoes at numerous different stores. (Apple Dep. 152, 156, 157; Longo Dep. 47-51; Roach Dep. 136, 143-147; Titchen Dep. 51, 53-54, 58-60). *Ramirez v. CSJ & Co.* is also clearly inapposite, as the clothing at issue in that case was a t-shirt bearing a deli's name and logo. *See Ramirez v. CSJ & Co.,* No. 06-CV-13677, 2007 U.S. Dist. LEXIS 19756, at *4 (S.D.N.Y. Mar. 6, 2007).[7] It is undisputed that the clothing at issue on Defendants' motion is non-descript and does not contain a logo. Finally, *Ayres v. 127 Restaurant Corp.* is inapposite because the outfit in question included a tie and a vest. *See, Ayres v. 127 Restaurant Corp.*, 12 F.Supp.2d 305, 310 (S.D.N.Y. 1998).

Plaintiffs further argue that they did not actually wear their work clothing outside of the restaurant because it was "filthy, stained and smelly." Plaintiffs' position is not only irrelevant to the appropriate legal inquiry, but is tantamount to an admission that their work clothes were otherwise wearable outside of the restaurant, in the ordinary course. Contrary to Plaintiffs' assertion, the appropriate inquiry is not whether they actually wore their work clothes outside of work, but whether the clothing "may be worn," as part of an employee's ordinary wardrobe outside of work, as the language of the statute plainly states. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 137-3.13 (emphasis added) (a required uniform "does not, however, include clothing that *__may__* be worn as part of an employee's ordinary wardrobe.").

---

[7] As Defendants stated in their initial moving papers, for purposes of this motion only, the issue of whether a shirt with an Applebee's logo satisfies the statutory definition of a uniform may present a question of fact. *See Ramirez v. CSJ & Co.*, 06 Civ. 13677, 2007 U.S. Dist. LEXIS 19756, at *4 (S.D.N.Y. Mar. 6, 2007) (whether "blue T-shirt bearing a deli's name and logo" is 'clothing that may be worn as part of an employee's ordinary wardrobe,' is a question best decided by jury").

Plaintiffs rely on the *Ayres* case and its deference to the United States ("US") DOL guidelines on what clothing constitutes a uniform. In *Ayres*, the Court noted the US DOL guidelines, which provide the following example "where a restaurant or hotel requires a tuxedo or a skirt and a blouse or jacket of a specific style, color or quality, such clothing would be considered uniforms." *Ayres*, 12 F. Supp. 2d at 310. The clothing at issue in this case is clearly distinguishable from tuxedos, skirts, blouses and jackets of a specific style, color and quality, as cited by the US DOL. Further, unlike the *Ayres* case, where the clothing at issue included a tie and vest, the Southern District has already determined that the clothing at issue in this case does not constitute a uniform. *See Lu*, 503 F.Supp.2d at 712. Therefore, the issue of whether the clothing and shoes at issue in this case constitutes a uniform is ripe for summary judgment, and based on the reasoning in *Lu*, black, non-slip shoes, black pants, black button-down shirts, jeans, plain, non-descript t-shirts, and baseball caps do not constitute a uniform, as a matter of law.

**C.     Plaintiffs concede that their wages were not reduced below minimum wage as a result of the purchase or laundering of their work clothes or shoes.**

Plaintiffs have proffered no evidence showing that the cost of purchasing or laundering any of the clothing they wore to work reduced their compensation to below minimum wage. Plaintiffs do not dispute that this is an issue ripe for summary judgment; instead, Plaintiffs argue that employers were required to pay for the supply, maintenance and laundering of uniforms, regardless of an employee's rate of pay, during the relevant time period. Once again, Plaintiffs' claims are meritless and devoid of legal support.

Plaintiffs take issue with the *Ayres* case, arguing that the Court "changed the standard and misinterpreted a clearly codified New York regulation." Plaintiffs also claim that the Court in *Chan v. Triple 8 Palace* incorrectly relied on the *Ayres* case in a decision that was "devoid of any legal analysis." To the contrary, the Court in *Chan* noted the dispute in the interpretation of the

8

law, and noted that based on the plain language of the statute, "[i]f the employers already pay a sufficient amount for laundering as part of regular compensation, they have complied with § 137-1.8, even if they have not expressly declared that a certain portion of the wage represents reimbursement for uniform-related expenses." *Chan v. Triple 8 Palace, Inc.*, No. 03-CV-6048, 2006 U.S. Dist. LEXIS 15780 at *78 (S.D.N.Y. March 30, 2006).

Similarly, in *Guan Ming Lin v. Benihana*, contrary to Plaintiffs contention, the Court analyzed the language of § 137-1.8 and cited to other decisions where the Courts had done the same. *Guan Ming Lin v. Benihana*, 755 F. Supp.2d 504, 511 (S.D.N.Y. 2010). Finally, Plaintiffs also mischaracterize the decision in *Garcia v. La Revise Associates, LLC*, No. 08-CV-9356, 2011 U.S. Dist. LEXIS 3325 (S.D.N.Y. Jan. 13, 2011) by claiming that the decision "cites absolutely no authority." Contrary to Plaintiffs' contention, the Court cites to both the language of the statute and *Chan v. Sung Yue Tung Corp.*, No. 03-CV-6048, 2007 U.S. Dist. LEXIS 7770 (S.D.N.Y. Feb. 1, 2007).

In a final effort to show support for their argument, Plaintiffs erroneously argue that the new Hospitality Wage Order, effective Jan. 1, 2011, represents a clarification as opposed to a change in the law. The NYS DOL has plainly stated that the new rule is a change in the law, not a clarification of prior law. *See* NYS DOL Summary of Minimum Wage Changes ("uniform maintenance pay is due to all non-exempt employees at any pay rate, not just to those who are paid at or very near the minimum wage. These extra payments no longer 'phase out' as wage rates rise.").[8] Plaintiffs have proffered no evidence showing that the cost of purchasing or laundering their work clothes or shoes reduced their compensation below minimum wage. Based

---

[8] A copy of the NYS DOL Summary of Minimum Wage Changes Contained in new Part 146, effective January 1, 2011, is attached as Exhibit C to the Declaration of Erin W. Smith, sworn to on June 11, 2012.

on the foregoing, Plaintiffs' uniform and laundry claims should be dismissed.

## **CONCLUSION**

For the reasons discussed above, Defendants respectfully requests that this Court grant

Defendants' motion for partial summary judgment.


Date:   June 11, 2012
        New York, New York

/s/Erin W. Smith
_____
Craig R. Benson (2650349)
Elena Paraskevas-Thadani (446472)
Erin W. Smith (516291)
LITTLER MENDELSON
900 Third Avenue
New York, NY  10022.3298
212.583.9600

*Attorneys for Defendants*

112243754.3

10