IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MATTHEW ROACH, MELISSA LONGO,
GARRETT TITCHEN, and CHRISTINA
APPLE,

                Plaintiffs,         Civ. Action No.
                                               3:10-CV-0591 (TJM/DEP)

     v.

T.L. CANNON CORP., d/b/a Applebees,
T.L. CANNON MANAGEMENT CORP.,
TLC WEST, LLC, TLC CENTRAL, LLC,
TLC UTICA, LLC, TLC EAST, LLC, TLC
NORTH, LLC, DAVID A. STEIN, MATTHEW
J. FAIRBAIRN, and JOHN A. PERRY,

                Defendants.

---

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFFS:

THOMAS & SOLOMON LLP            ANNETTE M. GIFFORD, ESQ.
693 East Avenue                          MICHAEL J. LINGLE, ESQ.
Rochester, NY 14607                  LAURA MYERS, ESQ.

O'HARA O'CONNELL LAW FIRM      FRANK S. GATTUSO, ESQ.
7207 E. Genesee St.                     DENNIS G. O'HARA, ESQ.
Fayetteville, NY 13066

FOR DEFENDANTS:

LITTLER MENDELSON, P.C.           CRAIG BENSON, ESQ.
900 Third Avenue                     ELENA PARASKEVAS-THADANI, ESQ.
New York, NY  10022-4834          ERIN W. SMITH, ESQ.

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

The plaintiffs in this action, all former employees of the defendants, have commenced this action, styled as a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, collective and class action, against the operators of approximately fifty-three Applebee's Neighborhood Grill and Bar Restaurants ("Applebee's") throughout New York State. In their complaint plaintiffs allege the existence of systemic policies and practices in place at defendants' restaurants resulting in violations of various provisions of the New York State Labor Law and the FLSA.

This action has been preliminarily certified as a collective action for purposes of plaintiffs' claims under the FLSA, limited to one Applebee's location. Their motion for broader FLSA collective action certification, and for Rule 23 class certification with regard to their claims under the New York Labor Law, however, was denied without prejudice, and plaintiffs were afforded the opportunity to engage in discovery, initially to be focused on class certification issues.

A great deal of class certification discovery has been undertaken, and the deadline for moving for class certification was to have been

today.[1]  Under the guise of certification discovery, plaintiff's now seek time records and break logs for employees at all of defendants' New York Applebee's locations for an eight-year period.  Defendants oppose that application on the basis of both relevance and the burden associated with making the requested production.  For the reasons set forth below, plaintiffs' motion is denied.

I.      BACKGROUND

Defendants own and operate approximately fifty-three Applebee's restaurants of varying sizes located throughout New York State.  Among the Applebee's restaurants operated by the defendants is one located at 842 Upper Front Street, Binghamton, New York, where all of the original named plaintiffs were employed at various times.

Each of defendants' New York restaurants is managed by a general manager who oversees all other managerial and hourly workers.  The workforce at each of defendants' Applebee's locations includes both salaried and hourly employees.  The hourly employees are broken down into three categories, including front of the house ("FOH"), back of the

---

[1]      A July 31, 2012 deadline was established by the court for renewal of plaintiffs' class certification motion.  That deadline has been stayed, however, pending issuance of this decision.

house ("BOH"), and key hourly managers. The BOH category typically includes general utility dishwashers, prep cooks, line cooks and expediters, all of whom occupy non-tipped hourly positions. FOH positions at defendants' locations can include hosts, servers, bartenders, and car side "to go" employees; of those, hosts and car side employees are classified as non-tipped hourly workers, while servers and bartenders are treated as tipped employees for wage and hour purposes. Key hourly employees are those assigned to work regular "management" shifts when a particular store is either short a manager or requires coverage for a management shift for some other reasons.

In their complaint plaintiffs set forth claims under the FLSA, arguing that defendants have 1) failed to properly compensate hourly employees for wages and overtime; 2) improperly classified employees as exempt "bonafide and executive" employees, thereby avoiding the requirement of paying overtime under the Act; and 3) improperly classified employees as exempt "salaried managers", in that way also avoiding the overtime requirement. Plaintiffs' remaining claims, asserted under the New York Labor Law, allege defendants' failure to 1) reimburse employees for laundry fees; 2) reimburse employees for uniform fees; 3) provide proper

compensation for "spreads of hours" exceeding ten hours; 4) adequately compensate employees for "split shifts" and 5) properly compensate employees for rest time, regular time, and overtime.

Shortly after filing their complaint, and without the benefit of any pretrial discovery, plaintiffs moved requesting certification of the case as a collective action under the FLSA which would allow similarly situated individuals to opt into the lawsuit as plaintiffs, and class certification with respect to their New York Labor Law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure, proposing certification of five subclasses of employees for that purpose. Based upon a report and recommendation I issued in connection with that motion on January 4, 2011, Senior District Judge Thomas J. McAvoy granted certification of the matter as a collective action under the FLSA, limited to the Front Street location, but otherwise denied their motion, including the portion seeking class certification under Rule 23, without prejudice and with leave to the plaintiffs to engage in discovery initially focusing on the Rule 23 certification issues. Dkt. Nos. 36, 37.

Since Judge McAvoy issued his decision the parties have engaged in considerable discovery bearing upon the issue of class certification. In

connection with that discovery defendants have produced in excess of eight thousand documents, including every iteration of company-wide policies, manuals, handbooks, training manuals and other documentation pertaining to each of plaintiff's Rule 23 claims covering the past six years, and have provided names, positions, addresses, and telephone numbers of all employees, both managerial and hourly, employed at all fifty-three Applebee's restaurants at any point between 2007 through 2011.  In addition, plaintiffs have deposed several of defendants' witnesses regarding company-wide practices, including  1) defendants' Director of Human Resources; 2) defendants' current Regional Director of Operations; 3) defendant's Treasurer; and 5) two Assistant Managers.[2]

Plaintiffs now renew an earlier motion to compel discovery, which was denied without prejudice, and seek time records and break logs for all putative Rule 23 class members.[3]  In support of their motion plaintiffs cite deposition testimony reflecting that until recently certain hourly employees

---

[2]     Plaintiffs apparently opted not to depose defendants' Information Technology Director.

[3]     In their prior application plaintiffs sought a broad range of documents falling into twenty-nine categories.  That motion was denied by the court on January 9, 2012, without prejudice to renewal "on a more complete record and in greater detail concerning the information sought, its availability, and its relevance to the class certification inquiry." *See* Dkt. No. 60.

with "open tables" could not "swipe out" for meal breaks, and instead meal breaks for those individuals would be reflected on break logs, representing the only written record of meal breaks claimed to have been taken by those employees.  According to the plaintiffs when a meal break is reflected on a break log a corresponding deduction appears on the employee's time record, and the time record alteration is denoted by an asterisk, although other legitimate time adjustments also can potentially be reflected by asterisks.  Through analysis of the records sought, plaintiffs hope to develop proof of a systematic, company-wide practice of deducting for meal breaks in situations where no break log entry exists to support the deduction.

Defendants oppose plaintiffs' request, characterizing it as a fishing expedition unrelated to the class certification issue, and additionally assert the burden associated with the production as an independent basis for denying the motion.  Specifically, supported by a declaration issued by Susan Sabio, the company's Director of Human Resources, the defendants note that to comply with plaintiffs' request would require a search of over 6,000 boxes of documents and could result in the collection and production of more than one hundred fifty thousand pages of meal

break logs.  To produce the time records requested would require accessing computers located at each of the defendants' restaurant locations, a process which would interfere with defendants' business operations, could only be performed outside of regular business hours, and would result in the collection and processing of over ninety thousand pages of time clock audit reports.

II.   DISCUSSION

Absent a court order expanding the scope of discovery to any matter relevant to the subjects raised, the scope of discovery in a civil action is governed by Rule 26(b) of the Federal Rules of Civil Procedure which provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]"  Fed. R. Civ. P. 26(b)(1).  Under this provision the bounds of permissible discovery in a civil action are generally regarded as expansive, although they are not without limits.  *Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004); *Innomed Labs, LLC v. Alza Corp.*, No. 01 CIV. 8095, 2002 WL 31012165, at *1 (S.D.N.Y. Sep. 6, 2002).

Despite the generous breadth of discovery permitted under Rule

26(b)(1), the rules recognize certain specific, potentially overriding considerations that can effectively circumscribe the required production of otherwise relevant discovery. Rule 26(b)(2)(C), for example, authorizes a court to restrict discovery sought by a party if the information requested "is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive". *See Saylavee LLC v. Hockler*, No. Civ. 3:04CV1344CFDTPS, 2005 WL 1398653, at *1-2 (D. Conn. Jun. 14, 2005); *see also* Fed. R. Civ. P. 26(b)(2)(B) (setting forth a comparable limitation relating to electronically stored information). In addition, Rule 26(b)(2) pragmatically contains a rule of proportionality that permits the court to limit discovery upon a determination that

> the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

It should also be noted that Rule 26(c) empowers a court to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c); *see*

9

*Saylavee*, 2005 WL 1398653, at *1-2. Ordinarily, a party seeking a protective order excusing it from complying with a request for relevant information bears the burden of establishing a basis for the entry of such an order. *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992). "In determining whether a discovery request is burdensome the court must weigh the burden to the producing party against the need of the party seeking the information." *Cook v. United States*, 109 F.R.D. 81, 85 (E.D.N.Y. 1985).

To assist in gauging relevance of the information sought it is useful to restate, as a backdrop, the standard governing Rule 23 certification. In this circuit the principles informing the determination of such requests are well-settled, in large part as a result of the Second Circuit's decision in *In re Initial Pub. Offerings Sec. Litig.,* 471 F.3d 24 (2d Cir. 2006), as augmented by the Supreme Court's recent decision in *Wal-Mart Stores, Inc. v. Dukes,* ___ U.S. ___, 131 S. Ct. 2541 (2011), which is generally regarded as imposing a more stringent burden upon class proponents. *See Flores v. Anjost Corp.*, No. 11 Civ. 1531(CM), 2012 WL 2339267, at * 10 (S.D.N.Y. Jun. 19, 2012). At the outset, to qualify for class certification a party must meet the requirements of Rule 23(a) by demonstrating that 1)

10

the proposed class is "so numerous that joinder of all members is impracticable"; 2) the case presents "questions of law or fact common to the class"; 3) the class will be represented by parties whose claims or defenses are "typical to the claims or defenses of the class"; and 4) the class will be represented by parties who "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a); *see In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d at 33.  In addition, a party seeking class certification must also meet one of the requirements of Rule 23(b), which sets out the different species of class actions available under the rule. *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010); *Thompson v. Linvatec Corp.,* No. 6:06-CV-00404, 2010 WL 2560524, *3 (N.D.N.Y. Jun. 22, 2010) (McCurn, S.J.).  To merit certification, a plaintiff must meet each of the Rule 23 requirements by a preponderance of the evidence. *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196, 202-05 (2d Cir. 2008).

   Undeniably, as they now argue, plaintiffs are entitled to discovery in order to develop support for their contemplated, renewed class certification application.  *See Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 20-21 (2d Cir. 2003).  The focus of that discovery, however,

should be upon evidence relating to the Rule 23 class certification standard rather than on the merits of the class claims, although invariably there can expected to be overlap between the two. *See Sirota v. Solitron Devices, Inc.,* 673 F.2d 566 (2d Cir.), *cert. denied*, 459 U.S. 838, 103 S. Ct. 86 (1982).

In this instance, as was recited above, the defendants have provided a considerable quantity of materials and several witnesses requested by the plaintiffs, potentially bearing upon the class certification issue. In the court's view, the information now sought does not appear to be reasonably calculated to directly flesh out a systemic policy or practice that would support a Rule 23 class certification motion, and the likely relevance of the information now sought to the class certification issue is relatively minimal.

As defendants argue, the records sought by the plaintiffs would not definitively establish a New York Labor Law violation. Indeed, in their complaint in this action plaintiffs assert that many instances when time records have been adjusted to reflect a meal break employees were not given a choice as to whether to sign a break log, and purportedly were forced to sign the log, regardless of whether a break was taken or not.

*See* Complaint (Dkt. No. 1) ¶¶ 177-79.  From plaintiffs' own allegations it therefore logically follows that a comparison of the break records to time logs would not reveal the existence of a Labor Law violation and the existence of common issues of fact or law necessary to support a Rule 23 application.

More significantly, I am convinced that the information necessary to support a class certification motion is available to the plaintiffs through other means.  Plaintiffs have been provided with identities and contact information for all present and past employees at all of defendants' New York restaurant locations.  Presumably, plaintiffs' attorneys have therefore had the opportunity to contact them and obtain statements regarding any company policy of deducting for meal breaks not taken.  In addition, according to plaintiffs' counsel at oral argument, former plaintiff Ann Marie Rudd was deposed, and her testimony allegedly reflected that defendants' management employees were trained by the defendants to deduct for meal breaks whether or not they were taken.  Plaintiffs have also been supplied with break logs and time records for the named and opt-in plaintiffs from Front Street location.  Accordingly, plaintiffs seemingly have available to them the information necessary to support their application

without forcing the defendants to undergo the burden and expense associated with producing the records now sought.

In sum, when balanced against the extreme burden upon the defendants of collecting and producing the materials sought, as documented in defendants' submissions, the minimal relevance of the information sought pales. Accordingly, invoking the rule of proportionality of Rule 26(b)(2)(C)(iii), I will deny the requested discovery.

III.  SUMMARY AND ORDER

As a prelude to a renewed motion for Rule 23 class certification plaintiffs have been given ample opportunity to engage in discovery addressed to the requirements of the rule and have been provided with documents and considerable deposition testimony potentially bearing upon the issues relevant to that renewed motion. Plaintiffs' request for the extensive additional materials now sought does not appear on its face to be calculated to unearth new information, not available through other sources, that would bear upon the elements plaintiffs must establish in order to qualify for class certification, but instead appears to be seeking merit-based discovery.[4]  Accordingly, it is hereby

---

[4]  Obviously, this ruling is made in the context of a motion for discovery bearing upon the issue of class certification. In the event that plaintiffs succeed in

ORDERED as follows:

1) Plaintiffs' motion to compel discovery (Dkt. No. 79) is DENIED.

2) No costs or attorney's fees are awarded to any party in connection with plaintiffs' motion.

3) The deadline for filing a renewed class certification motion in this case is hereby reset to August 10, 2012.

Dated:   August 1, 2012
         Syracuse, NY

*[signature]*
David E. Peebles
U.S. Magistrate Judge

---

obtaining class certification, and the alleged meal break deduction violation is included within the scope of the certification order, then the discovery now sought could prove to be relevant to the merits, and this issue could therefore be revisited. In that event, it may well be that an appropriate compromise accommodating both the plaintiffs' needs for the information sought and the defendants' desire to avoid undue burden and expense could involve samplings of employee break logs and time records at defendants' various locations.