UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW ROACH, MELISSA LONGO,
GARRETT TITCHEN, and CHRISTINA
APPLE,

                            Plaintiffs,

                                                                     3:10-CV-0591 (TJM/DEP)

    v.

T.L. CANNON CORP., d/b/a Applebee's,
*et al.*,

                            Defendants.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

# DECISION & ORDER

**I.    INTRODUCTION**

      Plaintiffs Matthew Roach, Melissa Longo, Garrett Titchen, and Christina Apple, four of the defendants' former employees, commenced this action against T.L. Cannon Corp., as well as several of its corporate and individual affiliates, that collectively own and operate sixty-one Applebee's Neighborhood Grill and Bar Restaurants ("Applebee's") located throughout New York and portions of Connecticut. In their amended complaint, Plaintiffs assert violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") arising from the alleged existence of systemic, companywide policies and practices in place at Defendants' Appelebee's restaurants, resulting in violations of the FLSA and NYLL, and estimated to have affected

1

thousands of current and former Applebee's employees.  Plaintiffs' renewed motion for companywide collective action FLSA certification and Rule 23 class certification with regard to the NYLL claims, Dkt. No. 91, was referred to the Hon. David E. Peebles, United States Magistrate Judge, for report and recommendation. The Court presumes familiarity with the background of this case as set forth in Magistrate Judge Peebles' March 5, 2013 Report-Recommendation and Order, Dkt. No. 109, pp. 2-9.

Magistrate Judge Peebles correctly determined that he had the authority to rule on the issue of FLSA certification, but only to issue recommendations regarding Rule 23 class certification. <u>See</u> Rep. Rec. p. 9, n. 5.  Magistrate Judge Peebles concluded that Plaintiffs (1) met their burden of establishing the requisites for the FLSA collective action certification and, therefore, granted their motion in this regard; and (2) failed to meet their burden of establishing the requisites for class action certification under Rule 23 with respect to all of their NYLL claims, with the exception of their spread of hours claim, and made recommendations accordingly. *See generally*, Rep. Rec. & Order.

Plaintiffs filed objections pursuant to 28 U.S.C. § 636(b)(1) to portions of Magistrate Judge Peebles Report- Recommendation and Order that recommended against class action certification of certain NYLL claims. *See* Pl. Obj., Dkt. No. 110.  On the last day of the objection period, Defendants filed, in a single document, a Fed. R. Civ. P. 72(a) appeal from Magistrate Judge Peebles' order certifying a FLSA collective action, and 28 U.S.C. § 636(b)(1) objections to portions of the Report-Recommendation & Order that addressed class action certification of the NYLL claims.  Dkt. No. 111.

## II. APPEALS FROM MAGISTRATE JUDGES' ORDERS.

Because it is this Court's practice to place Fed. R. Civ. P. 72(a) appeals from magistrate judges' orders on a motion calendar (complete with Local Rules requirements setting specific response procedures), and because Plaintiffs have not had the opportunity to respond to Defendants' appellant arguments, the Court will sever Defendants' response and, in this Decision and Order, address only the merits of the 28 U.S.C. 636(b)(1) objections (Plaintiffs' and Defendants') to Magistrate Judge Peebles' March 5, 2013 Report-Recommendation and Order. The Court Clerk is directed to re-file a complete copy of Defendants' Objections, Dkt. No. 111, and caption the new filing as an appeal from that portion of Magistrate Judge Peebles' March 5, 2013 Report-Recommendation and Order that ruled on Plaintiffs' motion for FLSA collective action certification. The Clerk shall place the matter on the next available motion calendar, and a response, if desired by Plaintiffs, can be filed in accordance with the Local Rules. The appeal will be treated as if filed on March 22, 2013. For statistical purposes, the Clerk shall treat that portion of Magistrate Judge Peebles' March 5, 2013 Report-Recommendation and Order that ruled on Plaintiffs' motion for FLSA collective action certification as decided, and shall begin a new statistical tracking period for Defendants' appeal from this portion of Magistrate Judge Peebles' March 5, 2013 Report-Recommendation and Order.

## III. OBJECTIONS TO MAGISTRATE JUDGES' RECOMMENDATIONS.

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28

U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## IV. DISCUSSION

### a. Spread of Hours Claim

The only class that Magistrate Judge Peebles recommenced be certified under Fed. R. Civ. P. 23 is Plaintiff's spread of hours claim, Sub-Class I-C. *See* Rep. Rec. pp. 33-45. As Magistrate Judge Peebles correctly noted, Plaintiffs' spread of hours claim centers upon a former New York State regulation, intended principally for application in the restaurant business, providing that, "[o]n each day in which the spread of hours exceeds 10, an employee shall receive one hour's pay at the basic minimum hourly wage before allowances, in addition to the minimum wages otherwise required by this Part." 12 N.Y.C.R.R. § 137-1.7 (2010); *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 242 (2d Cir. 2011). In a Decision and Order dated August 24, 2012, this Court held that this regulation applies only to workers compensated at the minimum wage rate. Dkt. No. 98 at 6.

On this claim, Defendants object to Magistrate Judge Peebles' Rule 23 conclusions as to commonality, typicality, predominance, and temporal duration. Plaintiffs object to the temporal duration of the class that Magistrate Judge Peebles recommends be certified.

The facts pertinent to certification of this claim are important to this Court's *de novo*

4

review.

> In support of this portion of their motion, Plaintiffs submitted declarations from sixty of defendants current and present employees claiming not to have been properly compensated for working a ten hour period. Gifford Decl. Exh. K (Dkt. Nos. 91-13, 91-14). Twenty-one of those declarants, however, are precluded from sustaining a spread of hours claim against defendants either because they earned more than the minimum wage or because they never worked a ten-hour spread. *See generally id.* Defendants have countered with sixty-seven declarations from hourly employees, managers, and directors of operations that purport to demonstrate that defendants' policies and practices were in full compliance with New York State's spread of hours regulation that was effective until January 1, 2011. Paraskevas-Thadani Decl. Exhs. Q, R (Dkt. Nos. 104-10, 104-12).

Rep. Rec. pp 33-34.

The declarations submitted by Plaintiffs are identical in nature, with all including the same statement: "During my time working for Applebee's, there were a number of occasions when the time between the first time I punched in and the last time I punched out exceeded 10 hours and I was not paid an extra hour for the 10- hour spread." *See* Plaintiffs' Ex. K (Dkt. No. 91-13, 91-14).

Due to the Supreme Court's recent holding in *Comcast Corp. v. Behrend*, --- S. Ct. ----, 2013 WL 1222646 (March 27, 2013), which was issued after Magistrate Judge Peebles issued his Report-Recommendation and Order, and for the reasons discussed below, the Court finds that Plaintiffs' have failed to adequately demonstrate that the proposed class for the spread of hours claim, Sub-Class I-C, can be certified under Rule 23.

In *Behrend*, the Supreme Court reviewed whether an antitrust class was properly certified under Rule 23(b)(3). Rule 23(b)(3) permits certification only if "the court finds that the questions of law or fact common to class members predominate over any questions

5

affecting only individual members." The Supreme Court noted that precedents requires a demanding and rigorous analysis of the evidentiary proof to determine whether the perquisites of Rule 23(b)(3) are met. *Behrend,* slip op., at 6 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U. S. \_\_\_, \_\_\_ (2011) (slip op., at 10) and *Amchem Products, Inc. v. Windsor*, 521 U. S. 591, 623–624 (1997)). The *Behrend* Court held that the lower court had run afoul of these precedents because "under the proper standard for evaluating certification, respondents' [damages] model falls far short of establishing that damages are capable of measurement on a classwide basis." *Id.,* slip op., at 7. The failure of the proponent of the class to offer a damages model that was "susceptible of measurement across the entire class for purposes of Rule 23(b)(3)" was fatal to the certification question. *Id.*

In the instant case, Plaintiffs have not offered a damages model susceptible of measurement across the entire class, arguing instead that this issue is separate from the question of liability. Plaintiffs contend that damages need not be considered for Rule 23 certification even if such damages might be highly individualized. *See* Pl. MOL in Support of Cert., pp. 18, 19, 22, 23; Reply MOL pp. 9-10. This position is in contravention of the holding of *Behrend*.

Furthermore, a demanding and rigorous analysis of the evidentiary proof on this claim does not yield a finding that damages are capable of measurement on a classwide basis. Rather, Plaintiffs' proof that some employees, on various occasions, were denied their 10-hour spread payments indicates that damages in this putative class are in fact highly individualized. Because Plaintiffs have offered no model of damages susceptible of measurement across the entire putative 10-hour spread claim class, "[q]uestions of

6

individual damage calculations will inevitably overwhelm questions common to the class." *Behrend,* slip op., at 7. Rule 23 certification must be denied for Plaintiffs' failure to satisfy their requirements under Rule 23(b)(3). *See generally Behrend*.

Plaintiffs argument that the class can be certified under Rule 23(b)(1) is also without merit. Given the highly individualized nature of the claims in this class, there is no apparent danger that prosecuting separate actions by individual class members would create a risk of: [a] inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct by Defendant, Fed. R. Civ. P. 23(b)(1)(A); or [b] adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. Fed. R. Civ. P. 23(b)(1)(B). Simply stated, the law is clear whether a violation of the 10-hour spread requirement occurred. Each individual's claim (or claims) would rise or fall on the facts of his or her own case. An adjudication by one individual would not affect the claims by others, and would not establish incompatible standards of conduct by Defendant.[1]

For these reasons, the Court finds that Plaintiffs have failed to meet their burden of demonstrating that proposed Sub-Class I-C can be certified. The Court need not address the other challenges to certification of this class.

### b. Rest Period Claims

Plaintiffs' putative Sub-Class I-D concerns Plaintiffs' claim that class members were

---

[1]The Court notes that Plaintiffs have not contended that certification would be warranted under Fed. R. Civ. P. 23(b)(2). Therefore, the Court does not address this provision.

denied pay for all hours worked as a result of managers allegedly altering time records to reflect that employees were given a NYLL mandated rest period that they had not actually taken. Magistrate Judge Peebles concluded that although Plaintiffs are unable to point to a company-wide policy that forced local managers to violate the NYLL, "there is sufficient evidence . . . to give rise to the suggestion that it was common practice, at the relevant times, for managers to change time records after an employee's shift to reflect that he took a break, even if he did not actually take it." Rep. Rec. 35-36. However, Magistrate Judge Peebles further concluded that Plaintiffs failed to satisfy the adequacy of representation requirement imposed under Rule 23(a)(4) because Apple, Longo and Titchen operated under potential conflicts of interest with regard to these claims. Rep. Rec. 38-40. All three served as managers during the relevant time period and, thus, were potentially subject to individual liability under both the FLSA and the NYLL. Id.

Plaintiffs object to this recommendation because, they contend, Apple, Longo and Titchen cannot be held individually liable,[2] and, even if they could (thus excluding them from serving as representatives for the putative class), Roach could fulfill the representative role on this claim. Defendants assert that the Rule 23 application on the rest period claim fails for lack of commonality and typicality.

The Court need not reach the specific objections raised by either party because the Court finds on *de novo* review that Plaintiffs have failed to adequately demonstrate that the rest period putative class claim can be certified. A demanding and rigorous analysis of the evidentiary proof on this claim indicates that damages are individualized. The

---

[2] Plaintiffs contend that Apple, Longo and Titchen do not meet the New York Labor Law's definition of an "employer," which is a requirement for individual liability.

8

evidence indicates that: [a] some employees had to sign a break log following which the manager had to manually enter the break time into the payroll system; [b] no forms were provided for employees to note instances in which they miss or work through breaks to ensure they are not entered into the payroll system; [c] according to one of Defendants' former managers, Ann-Marie Rudd, she believed, based upon what one manager had told her, *see* Plaintiffs' Ex. I (Dkt. No. 91-11) at 35-36, that Defendants trained their restaurant managers to improperly deduct breaks from the time records of hourly employees, even when the employees did not actually take a break; [d] based on a comparison of time records and pay stubs from Plaintiff Roach, there is a suggestion that deductions were made from his time card for breaks not taken; [e] deposition testimony from Andrew Williams, one of defendants' current managers with experience in several of defendants' Syracuse-area Applebee's restaurants, indicates that he had heard complaints of occasions where hourly employees' time records would reflect that they took a break when, in fact, they had missed it; and, [f] of the 78 declarations of present or former hourly employees submitted by Plaintiffs, 45 revealed claims of improper deductions from pay for breaks that were not taken. *See* Rep. Rec. 14-15. The proof of damages on this claim is highly individualized in that it is dependant on the circumstances of each individual employee such as whether: [a] each had access to a time clock or had to use the break log; [b] each actually used/signed the break log; and [c] the manager each worked under failed to enter the correct information onto the payroll records. Damages are also individual to the various class members depending on the number of times each was in a situation falling within the scope of the claim.

As with the 10-hour spread claim, Plaintiffs have offered no model of damages

9

susceptible of measurement across the entire putative break period class. Questions of individual damage calculations will inevitably overwhelm questions common to this class. Consequently, the motion for class certification of this claim fails under Rule 23(b)(3). *See generally Behrend*.

Further, for essentially the same reasons as discussed with regard to the 10-hour spread claim, Plaintiffs are unable to satisfy the requirements of Rule 23(b)(1) on the rest period claim. The law is clear whether a violation of the New York rest period requirement occurred. Each individual's claim (or claims) would rise or fall on the facts of his or her own case. An adjudication by one individual would not affect the claims by others, and would not establish incompatible standards of conduct by Defendant.

For these reasons, the Court finds that Plaintiffs have failed to meet their burden of demonstrating that the rest period claim, Class I-D, can be certified under Rule 23.

### c. Laundry Claims

As to Plaintiffs' laundry claims, Class I-A, Magistrate Judge Peebles found that the evidence failed to support a conclusion that there was commonality or typicality on these claims. Rep. Rec. pp. 31-32. Plaintiffs object on the grounds that the evidence is such that, even if there were washers and dryers in some of the restaurants, they were not for personal use by employees to launder their uniforms. *See* Pl. Obj. pp. 8-10. However, as Magistrate Judge Peebles found:

> With respect to typicality, I also find that this requirement has not been satisfied because, again, the competing record evidence that suggests defendants failed to make laundry facilities available to their employees is speculative at best. *Kapiti*, 2008 WL 3874310, at \*6. Indeed, plaintiff Longo even testified that she witnessed the line cooks use the washer and dryer at her restaurant to wash their clothes. Paraskevas- Thadani Decl. Exh. B (Dkt.

No. 104-6) at 14-15.

Rep. Rec. p. 32.

The Court agrees that Plaintiffs have failed to satisfy the requirements of commonality and typicality on the laundry claims, and, therefore, adopts Magistrate Judge Peebles' recommendation not to certify Class I-A.

### c. Uniform Clams

There has been no objections raised to Magistrate Judge Peebles' recommendation not to certify Plaintiffs uniform claim class, Sub-Class I-B. The Court finds no error in Magistrate Judge Peebles' determination with regard to this claim, and, therefore, adopts his reasoning. *See* Rep. Rec. pp. 26-30.

## V. CONCLUSION

### a. Fed. R. Civ. P. 72(a) Appeal

The Court severs that much of Defendants' objections, Dkt. # 111, as constitutes a Fed. R. Civ. P. 72(a) appeal from that portion of Magistrate Judges Peebles' March 5, 2013 Report-Recommendation and Order, Dkt. No. 109, that ruled on the question of certifying a FLSA collective action. The Court Clerk is directed to re-file a complete copy of Defendants' Objections, Dkt. No. 111, and caption the new filing as an appeal from that portion of Magistrate Judge Peebles' March 5, 2013 Report-Recommendation and Order, Dkt. No. 109, that ruled on Plaintiffs' motion for certification of a FLSA collective action, Dkt. No. 91. The Clerk shall place the matter on the next available motion calendar consistent with the Local Rule's motion filing requirements, and a response, if desired by Plaintiffs, can be filed in accordance with the Local Rules. The appeal will be treated as if

filed on March 22, 2013.  For statistical purposes, the Clerk shall treat that portion of Magistrate Judge Peebles' March 5, 2013 Report-Recommendation and Order that ruled on Plaintiffs' motion for FLSA collective action certification, Dkt. No. 91, as decided, and shall begin a new statistical tracking period for Defendants' appeal from this portion of Magistrate Judge Peebles' March 5, 2013 Report-Recommendation and Order.

### b. 28 U.S.C. § 636(b)(1)(C) Objections

For the reasons set forth above, the Court adopts in part and modifies in part the findings and recommendations made by Magistrate Judge Peebles in his March 5, 2013 Report-Recommendation and Order, Dkt. No. 109.  That much of Plaintiffs' motion, Dkt. # 91, seeking Fed. R. Civ. P. 23 class action certification of the New York State Labor Law claims is DENIED in its entirety.

**IT IS SO ORDERED.**

**Dated:** March 29, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge