IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MATTHEW ROACH, *et al.*,

        Plaintiffs,      Civil Action No.
                               3:10-CV-0591 (TJM/DEP)
   v.

T.L. CANNON CORP., *et al.*,

        Defendants.
_____

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFFS:

THOMAS & SOLOMON LLP       ELIZABETH C. CURWIN, ESQ.
693 East Ave.                    MICHAEL J. LINGLE, ESQ.
Rochester, NY 14607           J. NELSON THOMAS. ESQ.
                                      JESSICA L. LUKASIEWICZ, ESQ.

O'HARA O'CONNELL & CIOLTOLI  FRANK S. GATTUSO, ESQ.
LAW FIRM                         DENNIS G. O'HARA, ESQ.
7207 E. Genesee St.
Fayetteville, NY 13066

FOR DEFENDANTS:

LITTLER MENDELSON, P.C.       CRAIG BENSON, ESQ.
900 Third Ave.                   JESSICA F. PIZZUTELLI, ESQ.
New York, NY 10022

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

This action was commenced by six current or former employees of the defendants, who operate approximately fifty-three Applebee's Neighborhood Grill and Bar Restaurants ("Applebee's") throughout New York State, alleging that various systemic policies and practices in place at defendants' restaurants violate provisions of the New York State Labor Law and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The case has been certified as a collective action pursuant to 29 U.S.C. § 216(b), and additional current and former employees of the defendants have opted into the action for purposes of plaintiffs' FLSA cause of action. In addition, the court has certified two classes under Rule 23 of the Federal Rules of Civil Procedure with respect to plaintiffs' New York State Labor Law claims.

Currently pending before the court is defendants' application seeking dismissal of claims asserted on behalf of various opt-in plaintiffs based upon their failure to comply with discovery demands and discovery-related court orders. For the reasons set forth below, I recommend defendants' motion be granted in part.

I.  BACKGROUND

This action was commenced on May 19, 2010, by Ann Marie Rudd, Matthew Roach, Melissa Longo, Jennifer Doty, and Garrett Titchen, all present or former employees of the defendants, stationed primarily at the defendants' Front Street Applebee's location in Binghamton, New York.[1] *See generally* Dkt. No. 1. Although one claim has since been withdrawn, plaintiffs' complaint originally asserted nine causes of action. *Id.*; *see also* Dkt. Nos. 28, 29. Of the claims that remain, the first five arise under the New York State Labor Law, alleging that defendants failed to (1) reimburse employees for laundry fees, (2) reimburse employees for uniform fees, (3) provide proper compensation for "spreads of hours" exceeding ten hours, (4) adequately compensate employees for "split-shifts," and (5) properly compensate employees for rest time, regular time, and overtime. *See generally* Dkt. No. 1. Plaintiffs' remaining claims are asserted under the FLSA, and are based upon their contention that defendants have (1) failed to properly compensate hourly employees for wages and overtime; and (2) improperly classified employees as exempt "bona fide executive" employees and exempt "salaried" managers in order to avoid the

---

[1] On December 7, 2011, Ann Marie Rudd and Jennifer Doty were dismissed as plaintiffs, and Christina Apple was added. Dkt. Nos. 55, 56.

requirement of paying overtime. *See id.*

Defendants have sought to obtain pretrial discovery from certain plaintiffs and Rule 23 class members in the case. On September 13, 2016, following a hearing concerning those efforts and plaintiffs' recalcitrance, I issued an order in which I ordered certain FLSA opt-in plaintiffs to produce responses to document discovery requests that were dated June 17, 2016.[1] Dkt. No. 197 at 3-4. I also directed that certain FLSA opt-in plaintiffs provide verified answers to defendants' interrogatories dated June 17, 2016,[2] and directed that other opt-in plaintiffs, who had previously provided unsworn responses to defendants' interrogatories, provide a verification page for those responses.[3] *Id.* at 2-3. Opt-in plaintiffs Mary A. Brooks, Jessica Haggerty, and Sarah Sitarski were also directed to appear for deposition on or before October 7, 2016. *Id.* at 4. My order was followed by a text order,

---

[1] Those opt-in plaintiffs included (a) Amy Barber, (b) Amanda Blesinger, (c) Mary A. Brooks, (d) Teresa Congiusti, (e) Lisa M. Cook, (f) Rachel Cortesi, (g) Davetta Darity, (h) Joanna E. Gleason, (i) Jessica Hagerty, (j) Catherine A. Hagerty (Perez), (k) Angela M. Harrington (Krezmer), (l) Nicole Jerard, (m) Robyn King, (n) Joseph M. Marino, (o) Stacey L. McLeer, (p) Elena J. Morales, (q) Codie M. Northrup, (r) Teresa Olivapotenza, (s) Anthony J. Pacheco, (t) Amanda Resue, (u) Jill Scalzo, (v) Meghan K. Smith, (w) Meghan A. Tuma (Zafuto), and (x) Johnathan M. Williamson. Dkt. No. 197 at 3-4.

[2] Those opt-in plaintiffs included (a) Teresa Congiusti, (b) Rachel Cortesi, (c) Joanna E. Gleason, (d) Angela M. Harrington (Krezmer), (e) Nicole Jerard, (f) Robyn King, (g) Stacey L. McLeer, (h) Elena J. Morales, (i) Jill Scalzo, (j) Meghan K. Smith, (k) Meghan A. Tuma (Zafuto), and (l) Johnathan M. Williamson. Dkt. No. 197 at 2.

[3] Those opt-in plaintiffs included (a) Amanda Blesinger, (b) Mary A. Brooks, (c) Lisa M. Cook, (d) Davetta Darity, (e) Jessica Hagerty, (f) Catherine A. Hagerty (Perez), (g) Joseph M. Marino, (h) Codie M. Northrup, and (i) Anthony J. Pacheco. Dkt. No. 197 at 3.

issued on September 19, 2016, directing three additional opt-in plaintiffs, Barbara Soluri, Joseph Marino, and Tara Warner, to appear for deposition. Dkt. No. 199. Following a telephone conference with the parties on October 12, 2016, I issued another text order directing four more opt-in plaintiffs, Teresa Olivapotenza, Catherine (Hagerty) Perez, Davetta Darity, and Codie Northrup, to appear for deposition. Text Order Dated Oct. 12, 2016.

On December 1, 2016, defendants filed a letter with the court advising that various opt-in plaintiffs have failed to comply with the court's discovery orders and seeking dismissal of claims brought by those plaintiffs. Dkt. No. 212. In response, plaintiffs requested the court deny defendants' motion as to Amy Barber, Lisa Cook, and Amanda Resue because they "have fully satisfied their discovery obligations." Dkt. No. 213. Plaintiffs' letter response did not otherwise address the other opt-in plaintiffs at issue. *Id.*

II. DISCUSSION

    A. Governing Legal Principles

Defendants' motion requests that the court issue sanctions, including dismissal of claims brought by some of the plaintiffs, because they failed to provide discovery and/or comply with the court's discovery-related orders. Dkt. No. 212. Before addressing the specifics of defendants' request, I will

first canvas the available sources of the court's authority to grant the relief now sought.

1. Rule 37(b)

The failure of a party to obey a court discovery order is addressed in Rule 37(b) of the Federal Rules of Civil Procedure, which provides a range of sanctions available to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2); *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013). Among those available sanctions is dismissal of an action, in whole or in part. Fed. Civ. P. Rule 37(b)(2)(A)(v); *Razmilovic*, 738 F.3d at 24. In addition, Rule 37(d) permits the court to issue appropriate sanctions based upon the failure of a party to appear for deposition after being served with a proper notice. Fed. R. Civ. P. 37(d)(1)(A); *see Dixon v. Albany Cnty. Bd. of Elections*, No. 08-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his or her deposition.").

The most severe of the sanctions permitted by Rule 37 for a disobedient party is the dismissal or entry of default, and such a sanction should be ordered "only when the district judge has considered lesser

alternatives." *S. New England Tel. Co. v. Global NAPs Inc.* ("*SNET*"), 624 F.3d 123, 144 (2d Cir. 2010). In *SNET*, the Second Circuit advised as follows concerning the imposition of sanctions:

> [S]everal factors may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*SNET*, 624 F.3d at 144 (quotation marks and alterations omitted). District courts have "wide discretion in imposing sanctions under rule 37," and the factors listed above are not exclusive. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007); *accord, Razmilovic*, 738 F.3d at 25.

### 2. Rule 41(b)

Plaintiffs' inaction in this case also implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[4] Fed. R. Civ. P. 41(b);

---

[4] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court

7

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*, 768 F.3d at 216-17 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of the following five specific factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.[5] *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d

---

recognize this authority, and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a). I discuss this inherent authority more completely below in part II.A.3. of this report.

[5] Some of these factors are duplicative of those a court considers in connection with Rule 37(b), discussed above in part II.A.2.

Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

### 3. The Court's Inherent Authority

As was noted briefly above, courts are also vested with the inherent authority to enforce their orders. *Link*, 370 U.S. at 629-30. "[C]ourts may turn to their inherent powers, which are innate to [their] creation, to impose respect for [their] lawful mandates." *La Grande v. Adecco*, No. 03-CV-1453, 2006 WL 2806402, at *7 (N.D.N.Y. Sept. 28, 2006) (Sharpe, J., *adopting report and recommendation by* Treece, M.J.) (citing *United States v. Seltzer*, 227 F.3d 36, 39-42 (2d Cir. 2000)). It is axiomatic that a party to an action pending in a federal district court is required to comply with legitimate court directives and participate in scheduled proceedings, including status conferences and discovery. *See, e.g., Hall v. Flynn*, 829 F. Supp. 1401, 1403 (N.D.N.Y. 1993) (McAvoy, J.); *see also N.Y. v. Gleave*, 189 F.R.D. 263, 268 (W.D.N.Y. 1999). The failure of a party to fulfill these obligations provides a basis for striking its pleadings and the entry of appropriate corresponding relief.[2] *Hall*, 829 F. Supp. at 1403.

---

[2] The court's inherent authority to strike a party's pleading may be exercised *sua*

B. Application of Governing Legal Principles

The opt-in plaintiffs implicated by defendants' motion to dismiss have been adequately warned of the possibility that their failure to comply with my orders to cooperate in discovery would result in the issuance of a recommendation to Senior District Judge Thomas J. McAvoy that they be dismissed from the action. *See, e.g.,* Dkt. No. 197 at 2-4; Dkt. No. 199. Notwithstanding those admonitions, the following opt-in plaintiffs have failed to comply with the following court directives:

| Name | Action Required |
| --- | --- |
| Amanda Blesinger | respond to document demands |
| Mary A. Brooks | respond to document demands; provide verification page to interrogatory responses; make herself available for deposition |
| Teresa Congiusti | answer interrogatories; respond to defendants' document demands |
| Rachel Cortesi | answer interrogatories; respond to document demands |
| Davetta Darity | respond to document demands; provide verification page to interrogatories; make herself available for deposition |
| Joanna E. Gleason | answer interrogatories; respond to document demands |
| Jessica Hagerty | respond to document demands; provide verification page to interrogatories; make herself available for deposition |
| Catherine A. (Hagerty) Perez | respond to document demands; provide verification page to interrogatories |
| Angela M. Harrington (Krezmer) | answer interrogatories; respond to document demands |

---

*sponte*. *Link*, 370 U.S. at 630-31. In the present action, while the non-responding opt-in plaintiffs' refusal to comply with court orders would justify *sua sponte* dismissal of their claims, such action is not necessary in light of defendants' request for dismissal pursuant to Rule 37(b).

| Name | Action Required |
|---|---|
| Nicole Jerard | answer interrogatories; respond to document demands |
| Robyn King | answer interrogatories; respond to document demands |
| Joseph M. Marino | respond to document demands; provide verification page to interrogatories; make himself available for deposition |
| Stacey L. McLeer | answer interrogatories; respond to document demands |
| Elena J. Morales | answer interrogatories; respond to document demands |
| Anthony J. Pacheco | respond to document demands; provide verification page to interrogatories |
| Jill Scalzo | answer interrogatories; respond to document demands |
| Meghan K. Smith | answer interrogatories; respond to document demands |
| Meghan A. Tuma (Zafuto) | answer interrogatories; respond to document demands |
| Tina A. Warner | make herself available for deposition |
| Johnathan M. Williamson | answer interrogatories; respond to document demands |

Given the circumstances, and the need for the court to both manage its docket and preserve the integrity of its orders, I find that no sanction short of dismissal is warranted. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal."); *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) ("[A]ll litigants, including pro ses, have an obligation to comply with court orders." (quotation marks omitted)). The opt-in plaintiffs' refusals to provide standard discovery has caused delay, required court intervention, increased defendants' costs, and prejudiced their ability to defend against the plaintiffs' claims. Having ignored warnings from and orders issued by this court, the non-complying opt-in plaintiffs have left the court with no alternative but to recommend

dismissal of their FLSA claims. In short, I find ample basis to recommend that the court grant the relief now sought in defendants' motion, and conclude that the recommended sanction would be just given the plaintiffs' unexcused and long-standing defiance of the court's discovery orders.

III. <u>SUMMARY AND RECOMMENDATION</u>

Despite pointed warnings that their refusals to cooperate in pretrial discovery and comply with the court's discovery orders would result in dismissal of their claims, several of the opt-in plaintiffs have failed to provide discovery to defendants, as ordered by the court. Having considered their refusals and weighed the relevant factors, I conclude that dismissal of the claims of the recalcitrant opt-in plaintiffs at this procedural juncture is warranted. Accordingly, it is hereby respectfully

RECOMMENDED that defendants' motion (Dkt. No. 212) be GRANTED, in part, to the extent it seeks dismissal of all claims asserted by FLSA opt-in plaintiffs Amanda Blesinger, Mary A. Brooks, Teresa Congiusti, Rachel Cortesi, Davetta Darity, Joanna E. Gleason, Jessica Hagerty, Catherine (Hagerty) Perez, Angela M. Harrington (Krezmer), Nicole Jerard, Robyn King, Joseph M. Marino, Stacey L. McLeer, Elena J. Morales, Anthony J. Pacheco, Jill Scalzo, Meghan K. Smith, Meghan A. Tuma (Zafuto), Tara A. Werner, and Johnathan M. Williamson; and it is further

RECOMMENDED that defendants' motion (Dkt. No. 212) be DENIED, in part, to the extent is seeks dismissal of all claims asserted by FLSA opt-in plaintiffs Amy Barber, Lisa Cook, and Amanda Resue.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: December 15, 2016
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge