# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY HICKS, et al., | CIVIL NO. 13-CV-6455 |
| Plaintiffs, | |
| -against- | |
| T.L. CANNON CORP., et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW ROACH, et al., | CIVIL NO. 10-cv-591 |
| Plaintiffs, | |
| -against- | |
| T.L. CANNON CORP., et al., | |
| Defendants. | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between HICKS PLAINTIFFS (as hereinafter defined) and ROACH PLAINTIFFS (as hereinafter defined), on behalf of themselves, and all members of the CLASS as certified in the above-captioned matters (as hereinafter defined), on the one hand, and DEFENDANTS (as hereinafter defined), on the other hand.[1]

## I.    RECITALS

    A.    *Rudd et al. v. T.L. Cannon Corp., et al.*

    1.    **WHEREAS,** on May 19, 2010, Ann Marie Rudd, Matthew Roach, Melissa Longo, Jennifer Doty and Garrett Titchen filed, on behalf of themselves and others similarly situated, a Verified Complaint against DEFENDANTS in the United States District Court for the Northern District of New York, in a case captioned *Rudd et al. v. T.L. Cannon*

---

[1] Terms that appear in all caps shall have the meaning assigned to them in this SETTLEMENT AGREEMENT.

*Corp., et al.,* and assigned Case No. 10-cv-00591.

       2.    **WHEREAS,** on August 15, 2012, Matthew Roach, Melissa Longo, Garrett Titchen and Christina Apple filed, on behalf of themselves and others similarly situated, an Amended Complaint asserting class claims under the New York Labor Law ("NYLL") and collective claims under the Fair Labor Standards Act ("FLSA") and sought recovery for unpaid laundry fees, unpaid uniform fees, spread of hours compensation, unpaid regular and overtime wages, liquidated damages, interest and attorneys' fees.

       3.    **WHEREAS,** DEFENDANTS denied and continue to deny all of the allegations made in the ROACH LITIGATION (as hereinafter defined) and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the ROACH LITIGATION.   Nonetheless, without admitting or conceding any liability or damages whatsoever, DEFENDANTS have agreed to settle the ROACH LITIGATION on the terms and conditions set forth in this SETTLEMENT AGREEMENT, solely to avoid the burden and expense of continuing the ROACH LITIGATION.

       4.    **WHEREAS,** CLASS COUNSEL (as hereinafter defined) has litigated the ROACH LITIGATION for approximately eight years during which time they have taken depositions of DEFENDANTS' employees, defended depositions of certain of ROACH PLAINTIFFS and members of the ROACH CLASS (as hereinafter defined), reviewed and analyzed thousands of pages of documents produced by DEFENDANTS, and filed motions for class and collective certification, which the Court granted.

       5.    **WHEREAS,** the ROACH PLAINTIFFS, on behalf of themselves and the ROACH CLASS, and DEFENDANTS participated in two mediation sessions: the first on February 7, 2018 with Jill Schultz, and a second on June 13, 2018 with Stan Matusz.   The June 13, 2018 mediation with Stan Matusz, an experienced wage and hour mediator, resulted in this SETTLEMENT AGREEMENT.

       6.    **WHEREAS,** CLASS COUNSEL has analyzed and evaluated the merits of the claims made against DEFENDANTS in the ROACH LITIGATION, and the impact of this SETTLEMENT AGREEMENT on the ROACH PLAINTIFFS and the ROACH CLASS.

       7.    **WHEREAS,** based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the ROACH LITIGATION, if not settled now, might not result in any recovery whatsoever for the ROACH CLASS, or might result in a recovery that is less favorable to the ROACH CLASS, and that would not occur for several years, CLASS COUNSEL is satisfied that the terms and conditions of this SETTLEMENT AGREEMENT are fair, reasonable and adequate and that this SETTLEMENT AGREEMENT is in the best interests of the ROACH CLASS.

8.  **WHEREAS**, the purpose of this SETTLEMENT AGREEMENT is to settle fully and finally all claims alleged in the ROACH LITIGATION, as well as all claims released herein.

B.  *Hicks et al. v. T.L. Cannon Corp. et al.*

1.  **WHEREAS,** on September 24, 2012, Ashley Hicks and Kristen Raymond filed, on behalf of themselves and others similarly situated, a Class and Collective Action Complaint and Demand for Jury Trial against DEFENDANTS (except TLC East LLC) in the United States District Court for the Western District of New York, in a case captioned *Hicks et al. v. T.L. Cannon Corp. et al.,* and assigned Civil Action No. 12-cv-6517, later reassigned Civil Action No. 13-cv-6455.

2.  **WHEREAS,** on April 10, 2013, Ashley Hicks and Kristen Raymond filed, on behalf of themselves and others similarly situated, a First Amended Class and Collective Action Complaint and Demand for Jury Trial, asserting class claims under NYLL and collective claims under the FLSA and sought recovery for unpaid wages and overtime wages, statutory penalties for allegedly inaccurate wage notices and wage statements, liquidated damages, attorneys' fees, expenses, expert fees and costs, pre- and post-judgment interest, as well as an award crediting the HICKS PLAINTIFFS and HICKS CLASS (as hereinafter defined) for all hours worked and injunctive relief.

3.  **WHEREAS,** DEFENDANTS denied and continue to deny all of the allegations made in the HICKS LITIGATION (as hereinafter defined) and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the HICKS LITIGATION.  Nonetheless, without admitting or conceding any liability or damages whatsoever, DEFENDANTS have agreed to settle the HICKS LITIGATION on the terms and conditions set forth in this SETTLEMENT AGREEMENT, solely to avoid the burden and expense of continuing the HICKS LITIGATION.

4.  **WHEREAS,** CLASS COUNSEL has litigated the HICKS LITIGATION for approximately six years during which time they have taken depositions of DEFENDANTS, and certain of DEFENDANTS' employees, reviewed and analyzed tens of thousands of pages of documents produced by DEFENDANTS, and filed a motion for class certification, which the Court granted.

5.  **WHEREAS,** the HICKS PLAINTIFFS, on behalf of themselves and the HICKS CLASS (as hereinafter defined), and DEFENDANTS participated in four mediation sessions:  on October 28, 2014 with William G. Bauer; November 21, 2017 with Jill Schultz; February 7, 2018 with Jill Schultz; and on June 13, 2018 with Stan Matusz.  The June 13, 2018 mediation with Stan Matusz, an experienced wage and hour mediator, resulted in this SETTLEMENT AGREEMENT.

6.  **WHEREAS,** CLASS COUNSEL has analyzed and evaluated the

merits of the claims made against DEFENDANTS in the HICKS LITIGATION, and the impact of this SETTLEMENT AGREEMENT on the HICKS PLAINTIFFS and the HICKS CLASS.

       7.    **WHEREAS,** based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the HICKS LITIGATION, if not settled now, might not result in any recovery whatsoever for the HICKS CLASS, or might result in a recovery that is less favorable to the HICKS CLASS, and that would not occur for several years, CLASS COUNSEL is satisfied that the terms and conditions of this SETTLEMENT AGREEMENT are fair, reasonable and adequate and that this SETTLEMENT AGREEMENT is in the best interests of the HICKS CLASS.

       8.    **WHEREAS**, the purpose of this SETTLEMENT AGREEMENT is to settle fully and finally all claims alleged in the HICKS LITIGATION, as well as all claims released herein.

    **NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this SETTLEMENT AGREEMENT, as well as the good and valuable consideration provided for herein, the PARTIES hereto agree to a full and complete settlement of the ROACH LITIGATION and HICKS LITIGATION on the following terms and conditions:

## II.   DEFINITIONS

    The defined terms set forth herein shall have the meanings ascribed to them below:

    A.    "AUTHORIZED CLAIMANT" means a CLASS MEMBER who does not OPT-OUT and who submits a timely and fully completed CLAIM FORM by the BAR DATE.

    B.    "BAR DATE" is the date that is forty-five (45) calendar days after the date on which the CLAIMS ADMINISTRATOR post-marks the SETTLEMENT NOTICE and CLAIM FORMS to the CLASS MEMBERS.  CLASS MEMBERS must timely file a fully completed CLAIM FORM so that it is received by the CLAIMS ADMINISTRATOR on or before forty-five (45) calendar days after the date SETTLEMENT NOTICE and CLAIM FORMS are post-marked in order to be considered an AUTHORIZED CLAIMANT.

    C.    "CAFA NOTICE" refers to the notice to be sent by DEFENDANTS to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b).

    D.    "CLAIMS ADMINISTRATOR" means Dahl Administration.

E.      "CLAIM FORM" refers to the document attached as **Exhibit A**, entitled "Claim Form."

F.      "CLASS", "CLASS MEMBER" refers to the HICKS CLASS and ROACH CLASS as herein defined.  A member of the CLASS is a CLASS MEMBER.

G.      "CLASS COUNSEL" refers to Thomas & Solomon LLP.

H.      "CLASS COUNSEL'S FEES, COSTS AND EXPENSES" means the total amount of CLASS COUNSEL'S attorneys' fees, and reasonable costs and expenses, approved by the COURT upon application by CLASS COUNSEL.  CLASS COUNSEL'S attorneys' fees, and reasonable costs and expenses, will not exceed fifty percent (50%) of the GROSS SETTLEMENT FUND.  CLASS COUNSEL'S attorneys' fees, costs, and expenses are to be paid out of the GROSS SETTLEMENT FUND.

I.      "COURT" means the United States District Court for the Northern District of New York, Hon. Thomas J. McAvoy presiding.

J.      "DEFENDANTS" means T.L. Cannon Corp., d/b/a Applebee's, T.L. Cannon Management Corp., TLC West, LLC, TLC Central, LLC, TLC Utica, LLC, TLC East, LLC, TLC North, LLC, David A. Stein, Matthew J. Fairbairn, and John A. Perry.

K.      "DEFENDANTS COUNSEL" shall mean Craig R. Benson and Jessica F. Pizzutelli of the law firm of Littler Mendelson, P.C.

L.      "EFFECTIVE DATE" shall mean the date on which the SETTLEMENT AGREEMENT is fully executed by all Parties.

M.      "EMPLOYER PAYROLL TAXES" means all taxes an employer is required to make on its behalf arising out of or based upon the payment of wages, including FICA, FUTA, and SUTA obligations.  All EMPLOYER PAYROLL TAXES are to be paid out of the GROSS SETTLEMENT FUND.

N.      "FINAL APPROVAL HEARING" means the hearing contemplated by the PARTIES, at which the COURT will approve, in final, this SETTLEMENT AGREEMENT and make such other final rulings as are contemplated by this SETTLEMENT AGREEMENT.  The date of the FINAL APPROVAL HEARING shall be set by the COURT but in no event shall be scheduled prior to the required time frame set forth in the CAFA NOTICE, and notice of such hearing shall be provided to CLASS MEMBERS in the SETTLEMENT NOTICE, although such hearing may be continued by the COURT without further notice to CLASS MEMBERS, other than those who are OBJECTORS.

O.      "FINAL APPROVAL ORDER" refers to the order of the COURT: (i) granting FINAL JUDGMENT; (ii) approving the terms and conditions of this SETTLEMENT AGREEMENT and adjudging the terms of this SETTLEMENT

AGREEMENT to be final, fair, reasonable and adequate, and binding on FINAL CLASS MEMBERS, and directing consummation of its terms and provisions; (iii) approving the release of claims; and (iv) dismissing the LITIGATION on the merits and with prejudice and permanently enjoining all FINAL CLASS MEMBERS from pursuing and/or seeking to reopen claims that have been released by this SETTLEMENT AGREEMENT.

P.    "FINAL CLASS"; "FINAL CLASS MEMBERS" refers to all CLASS MEMBERS except those who timely and validly OPT-OUT of the CLASS pursuant to the procedures set forth in this SETTLEMENT AGREEMENT.  A member of the FINAL CLASS is a FINAL CLASS MEMBER.

Q.    "FINAL EFFECTIVE DATE" refers to the first business day after all of the following events and conditions have been met or have occurred:  (1) the COURT entered a FINAL APPROVAL ORDER and FINAL JUDGMENT; (2) the deadline has passed without action to terminate this SETTLEMENT AGREEMENT; and (3) the time to appeal from, or file a motion for rehearing or reconsideration of, the FINAL APPROVAL ORDER has expired and no Notice of Appeal or motion to rehear/reconsider having been filed, or in the event that an appeal or motion to rehear/reconsider is filed, the appellate process is exhausted for the appeal or motion to rehear/reconsider and the FINAL APPROVAL ORDER has not been modified, amended or reversed in any way.  The PARTIES agree that the COURT shall retain jurisdiction to enforce the terms of this SETTLEMENT AGREEMENT unless specifically set forth otherwise herein.

R.    "FINAL JUDGMENT" refers to the judgment entered by the COURT in conjunction with the FINAL APPROVAL ORDER dismissing the LITIGATION on the merits and with prejudice and permanently enjoining all FINAL CLASS MEMBERS from prosecuting against DEFENDANTS and RELEASED PERSONS any RELEASED CLAIMS.  The PARTIES shall submit an order of FINAL JUDGMENT setting forth the terms of this SETTLEMENT AGREEMENT, by incorporation or otherwise, for execution and entry by the COURT at the time of the FINAL APPROVAL HEARING or at such other time as the COURT deems appropriate.

S.    "FINAL PAYABLE AMOUNT" refers to the sum total of all money payable under this AGREEMENT, including the SETTLEMENT EXPENSES, CLASS COUNSEL'S FEES, COSTS AND EXPENSES, SERVICE PAYMENTS, and the sum of the AUTHORIZED CLAIMANTS' SETTLEMENT PAYMENTS, plus any applicable amounts owed as EMPLOYER PAYROLL TAXES.  Under no circumstances shall the FINAL PAYABLE AMOUNT exceed the GROSS SETTLEMENT FUND.

T.    "GROSS SETTLEMENT FUND" is a sum not to exceed Three Million, Five-Hundred Thousand U.S. Dollars ($3,500,000.00).  The GROSS SETTLEMENT FUND represents the maximum amount that DEFENDANTS would pay pursuant to this SETTLEMENT AGREEMENT if every member of the ROACH CLASS and HICKS CLASS participated in the settlement and received a SETTLEMENT PAYMENT, inclusive of all SETTLEMENT PAYMENTS, CLASS COUNSEL'S FEES, COSTS AND

EXPENSES, SERVICE PAYMENTS, SETTLEMENT EXPENSES, and EMPLOYER PAYROLL TAXES. AUTHORIZED CLAIMANTS will be responsible for their own tax obligations.

U.  "HICKS CLASS" means all current and former tipped employees who worked for DEFENDANTS at Applebee's between September 24, 2006 and the EFFECTIVE DATE. A member of the HICKS CLASS is a "HICKS CLASS MEMBER."

V.  "HICKS LITIGATION" means the legal action commenced in the United States District Court for the Western District of New York on September 24, 2012, captioned *Hicks, et al. v. T.L. Cannon Corp., et al.*

W.  "HICKS PLAINTIFFS" means Ashley Hicks and Kristen Raymond.

X.  "HICKS RELEASING PERSONS" means each and every member of the HICKS CLASS who does not timely and validly OPT-OUT pursuant to this SETTLEMENT AGREEMENT, and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, representatives, exclusive bargaining agents, successors, and assigns.

Y.  "LITIGATION" means the HICKS LITIGATION, ROACH LITIGATION, and consolidated HICKS LITIGATION and ROACH LITIGATION.

Z.  "NET SETTLEMENT FUND" means the remainder of the GROSS SETTLEMENT FUND after deductions for payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES, SETTLEMENT EXPENSES, SERVICE PAYMENTS, and EMPLOYER PAYROLL TAXES.

AA.  "OBJECTION PERIOD" refers to the period beginning with the date SETTLEMENT NOTICE and CLAIM FORMS are post-marked to CLASS MEMBERS and ending forty-five (45) calendar days thereafter. CLASS MEMBERS must timely file an objection so that it is received by the CLAIMS ADMINISTRATOR on or before forty-five (45) calendar days after the date SETTLEMENT NOTICE and CLAIM FORMS are post-marked to CLASS MEMBERS to be considered timely.

BB.  "OBJECTOR" is a CLASS MEMBER who timely and properly files an objection to this SETTLEMENT AGREEMENT during the OBJECTION PERIOD, and does not include any individual who OPTS-OUT of this SETTLEMENT AGREEMENT.

CC.  An "OPT-OUT" is a CLASS MEMBER who has timely and properly filed an OPT-OUT STATEMENT during the OPT-OUT PERIOD.

DD.  "OPT-OUT PERIOD" refers to the period beginning with the date the SETTLEMENT NOTICE and CLAIM FORMS are post-marked to CLASS MEMBERS and ending forty-five (45) calendar days thereafter. CLASS MEMBERS must timely file an

OPT-OUT STATEMENT so that it is received by the CLAIMS ADMINISTRATOR on or before forty-five (45) calendar days after the date SETTLEMENT NOTICE and CLAIM FORMS are post-marked to be considered timely and to exclude themselves from the CLASS.

EE.    "OPT-OUT STATEMENT" means a written statement that: (1) expressly states "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN 3:10-CV-591 (TJM/DEP), *Matthew Roach, et al. v. T.L. Cannon Corp., et al.* (Lead Case) and 3:18-CV-1177 (TJM/DEP), *Ashley Hicks, et al. v. T.L. Cannon Corp., et al.* (Member Case)"; (2) includes the CLASS MEMBER's name (and former names, if any), address, telephone number, email address, Social Security number, and dates of employment with DEFENDANTS; and (3) bears the CLASS MEMBER'S signature.

FF.    "PARTIES" refers to PLAINTIFFS, the CLASS, and DEFENDANTS.

GG.    "PLAINTIFFS" means the "HICKS PLAINTIFFS" and "ROACH PLAINTIFFS."

HH.    "PRELIMINARY APPROVAL ORDER" refers to the order of the COURT preliminarily approving, *inter alia,* the terms and conditions of this SETTLEMENT AGREEMENT, the manner and timing of providing notice to the CLASS, and the time period for opt-outs and objections, and scheduling a FINAL APPROVAL HEARING.

II.    "QUALIFIED SETTTLEMENT FUND" or "QSF" means the account established by the CLAIMS ADMINISTRATOR for payments under this SETTLEMENT AGREEMENT.  The QSF shall be controlled by the CLAIMS ADMINISTRATOR, subject to the terms of this SETTLEMENT AGREEMENT and the COURT'S orders for PRELIMINARY APPROVAL and FINAL APPROVAL.

JJ.    "RELEASED CLAIMS" refers to the released claims set forth in Section IX of this AGREEMENT.

KK.    "RELEASED PERSONS" refers to DEFENDANTS and each of its/their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, members, joint venturers, affiliated organizations, affiliated entities, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, partners, directors, trustees, heirs, administrators, executors, agents, owners, shareholders, investors, successors, assigns, employees, attorneys, contractors, representatives, employee retirement or benefit plans (and the trustees, administrators, fiduciaries, sponsors, agents, representatives, insurers and reinsurers of such plans), divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the ROACH LITIGATION and/or HICKS LITIGATION, and any individual or entity that could be jointly liable with DEFENDANTS and any other persons or entities acting on its/their behalf.

LL.    "RELEASING PERSONS" means ROACH RELEASING PERSONS and HICKS RELEASING PERSONS.

MM.    "ROACH CLASS" means: (A) Any of DEFENDANTS' current or former employees who earned minimum wage while working at one of Defendants' New York restaurants between April 1, 2005 and July 1, 2010, and who, during that same time period, worked a ten-hour spread at one of DEFENDANTS' New York restaurants but did not receive an additional hour of compensation; (B) Any of DEFENDANTS' current or former employees who, between April 1, 2005 and July 1, 2010, were required to sign a break log for their breaks, and who had their pay docked to reflect breaks that were not actually taken or who were not paid for all hours to which they were entitled; and/or (C) Any of DEFENDANTS' employees who opted-in to the ROACH LITIGATION.

NN.    "ROACH LITIGATION" means the legal action commenced in the United States District Court for the Northern District of New York on May 19, 2010 captioned *Rudd et al. v. T.L. Cannon Corp., et al.*

OO.    "ROACH PLAINTIFFS" mean Matthew Roach, Melissa Longo, Garret Titchen and Christina Apple.

PP.    "ROACH RELEASING PERSONS" means each and every member of the ROACH CLASS who does not timely and validly OPT-OUT pursuant to this SETTLEMENT AGREEMENT, and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, representatives, exclusive bargaining agents, successors, and assigns.

QQ.    "SERVICE PAYMENT" means the amount that may be approved by the COURT for payment to PLAINTIFFS in recognition of their efforts on behalf of the CLASS, in an amount not to exceed $60,000 total (and no more than $10,000 per PLAINTIFF) as long as each PLAINTIFF is an AUTHORIZED CLAIMANT.  SERVICE PAYMENTS are to be paid out of the GROSS SETTLEMENT FUND.

RR.    "SETTLEMENT AGREEMENT" refers to this Settlement Agreement and Release and all exhibits, sometimes also referred to as the "AGREEMENT."

SS.    "SETTLEMENT EXPENSES" means the reasonable fees, costs, and expenses incurred by the CLAIMS ADMINISTRATOR in performing the services authorized in this SETTLEMENT AGREEMENT.  The CLAIMS ADMINISTRATOR will submit a flat fee, all-inclusive budget to Counsel for the PARTIES for their approval before performing any claims administrative services.  SETTLEMENT EXPENSES are to be paid from the GROSS SETTLEMENT FUND.

TT.    "SETTLEMENT NOTICE" refers to the notice substantially in the form of **Exhibit B** to be directed to CLASS MEMBERS.  The purpose of the SETTLEMENT NOTICE is to inform CLASS MEMBERS about the LITIGATION and this SETTLEMENT

AGREEMENT.

UU.   "SETTLEMENT PAYMENT" refers to the payment to which an AUTHORIZED CLAIMANT may become entitled pursuant to this SETTLEMENT AGREEMENT, as set forth more fully below in Section VI, D.

VV.   "WAGE RELATED DAMAGES" means any damages related to the claims asserted in the HICKS LITIGATION and ROACH LITIGATION, with the exception of liquidated damages, interest and/or penalties.

## III.   FINAL SETTLEMENT; FAIR, REASONABLE AND ADEQUATE; NON-ADMISSION OF LIABILITY

A.   <u>Final Settlement</u>.  It is the desire and intention of the PARTIES that this SETTLEMENT AGREEMENT shall, for each member of the FINAL CLASS, fully, finally, and forever completely settle, compromise, release, and discharge any and all RELEASED CLAIMS.

B.   <u>Fair, Reasonable and Adequate Settlement</u>.   CLASS COUNSEL has conducted a thorough investigation of the claims asserted against DEFENDANTS in the LITIGATION, and/or that relate to or could have arisen out of the same facts alleged in the LITIGATION, and/or that relate to the employment of the PLAINTIFFS and CLASS MEMBERS, including both asserted and unasserted claims.  Based on their independent investigation and evaluation, CLASS COUNSEL believes that the settlement with DEFENDANTS is fair, reasonable, and adequate, and is in the best interest of PLAINTIFFS and all CLASS MEMBERS, in light of all known facts and circumstances, including the risk of delay, defenses asserted by DEFENDANTS, and numerous potential merits, certification, decertification and appellate issues.

C.   <u>Non-Admission</u>.   DEFENDANTS and RELEASED PERSONS expressly deny any liability or wrongdoing of any kind associated with any and all past and present matters, disputes, claims, demands, and causes of action of any kind whatsoever in the LITIGATION.   DEFENDANTS and RELEASED PERSONS contend they have complied with all applicable federal, state and local laws at all times.   By entering into this SETTLEMENT AGREEMENT, DEFENDANTS and RELEASED PERSONS do not admit any liability or wrongdoing and expressly deny the same.   It is expressly understood and agreed by the PARTIES that this SETTLEMENT AGREEMENT is being entered into by DEFENDANTS and/or RELEASED PERSONS solely for the purpose of avoiding the costs and disruption of ongoing litigation and resolving the claims asserted in the LITIGATION on the terms set forth herein.   Nothing in this SETTLEMENT AGREEMENT, the settlement proposals exchanged by the PARTIES, or any motions filed or Orders entered pursuant to this SETTLEMENT AGREEMENT, may be construed or deemed as an admission by DEFENDANTS and/or RELEASED PERSONS of any liability, culpability, negligence, or wrongdoing, including that any CLASS MEMBER, or any other individual, was underpaid pursuant to the FLSA, NYLL, or the New York Hospitality Wage Order (12 N.Y.C.R.R. §

137; 146), and this SETTLEMENT AGREEMENT, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible as evidence, or referred to in any judicial, arbitration or legal proceeding for any purpose, except in an action or proceeding to approve, interpret, or enforce this SETTLEMENT AGREEMENT.   Furthermore, neither this SETTLEMENT AGREEMENT, any motions filed, information and/or documents exchanged by the PARTIES in preparation for the mediations, settlement proposals exchanged by the PARTIES, or Orders entered pursuant to this SETTLEMENT AGREEMENT, shall constitute an admission, finding, or evidence that any requirement for representative litigation or class certification has been satisfied in the HICKS LITIGATION and/or ROACH LITIGATION, or any other action, except for the limited settlement purposes set forth in this SETTLEMENT AGREEMENT.

## IV.   JOINT MOTION TO TRANSFER HICKS LITIGATION TO THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF NEW YORK

The PARTIES agree that, by no later than ten (10) calendar days after this SETTLEMENT AGREEMENT is executed by PLAINTIFFS (on behalf of themselves, and all members of the HICKS CLASS and ROACH CLASS), DEFENDANTS, and Counsel for the PARTIES, and prior to the filing of the Motion for Preliminary Approval, the PARTIES will jointly move to transfer the HICKS LITIGATION from the United States District Court for the Western District of New York to the United States District Court for the Northern District of New York, before United States District Judge Thomas J. McAvoy.   The PARTIES further agree that they will, within ten (10) calendar days after the granting of the motion to transfer, seek an Order from United States District Judge Thomas J. McAvoy to consolidate the HICKS LITIGATION with the ROACH LITIGATION.   The Parties shall jointly prepare an order to submit to District Judge Thomas J. McAvoy with the consolidation motion.   The PARTIES agree that the motions shall request, as applicable, that in the event there is no FINAL APPROVAL ORDER, the HICKS LITIGATION shall be severed from the ROACH LITIGATION and transferred back to the United States District Court for the Western District of New York.

## V.   TERMS OF GROSS SETTLEMENT FUND

A.   <u>Gross Settlement Fund</u>.   DEFENDANTS agree to pay up to the GROSS SETTLEMENT FUND (subject to their right to terminate this AGREEMENT as set forth herein), which includes all payments to AUTHORIZED CLAIMANTS, CLASS COUNSEL'S FEES, COSTS AND EXPENSES, SETTLEMENT EXPENSES; EMPLOYER PAYROLL TAXES; and SERVICE PAYMENTS.   No payments shall be made to OPT-OUTS or to those CLASS MEMBERS who fail to become AUTHORIZED CLAIMANTS, and amounts allocated for these individuals from the GROSS SETTLEMENT FUND shall be retained by DEFENDANTS, and will remain DEFENDANTS' sole and exclusive property.

B.   <u>Distribution Not to Exceed Gross Settlement Fund</u>.  In no event shall the total distribution and payments made by DEFENDANTS, including but not limited to CLASS COUNSEL'S FEES, COSTS AND EXPENSES, SETTLEMENT PAYMENTS, SETTLEMENT EXPENSES, SERVICE PAYMENTS and EMPLOYER PAYROLL TAXES, exceed the GROSS SETTLEMENT FUND.  DEFENDANTS will not be required to pay or contribute any monies in excess of the GROSS SETTLEMENT FUND.

C.   <u>Interest on Funds Remains Defendants' Property</u>.  Any interest earned on the GROSS SETTLEMENT FUND during the period of settlement administration under this SETTLEMENT AGREEMENT will remain DEFENDANTS' sole and exclusive property. Interest, if any, earned on the QSF shall be returned to DEFENDANTS.

D.   <u>Funding</u>.   The payment of the FINAL PAYABLE AMOUNT by DEFENDANTS into a QSF shall be accomplished as follows: (1) No later than thirty (30) days after the PRELIMINARY APPROVAL ORDER, Two Million Dollars ($2,000,000) shall be deposited into the QSF.   (2) No later than ten (10) days after the FINAL EFFECTIVE DATE, DEFENDANTS shall fund the QSF with any additional funds necessary to enable the CLAIMS ADMINSITRATOR to satisfy the total FINAL PAYABLE AMOUNT.  DEFENDANTS may not be called upon or required to contribute additional monies above the GROSS SETTLEMENT FUND under any circumstances whatsoever.  The funds in the QSF will revert to DEFENDANTS in the event the settlement is terminated pursuant to Section XIII, or if for any reason there are any remaining amounts in the QSF once all distributions contemplated by this AGREEMENT are made.

## VI.   ADMINISTRATION OF SETTLEMENT

A.   <u>Retention of Claims Administrator</u>.  Within fifteen (15) calendar days after the execution of this SETTLEMENT AGREEMENT, the PARTIES shall retain the CLAIMS ADMINISTRATOR to administer the claims process.  The CLAIMS ADMINISTRATOR shall be responsible for the claims administration process and distribution to AUTHORIZED CLAIMANTS as provided herein.  DEFENDANTS agree to cooperate with the CLAIMS ADMINISTRATOR.   The SETTLEMENT EXPENSES incurred by the CLAIMS ADMINISTRATOR shall be paid out of the GROSS SETTLEMENT FUND.

B.   <u>Preliminary Approval Order</u>.  Within thirty (30) calendar days after the HICKS LITIGATION has been (1) transferred to the United States District Court for the Northern District of New York before United States District Judge Thomas J. McAvoy; and (2) consolidated with the ROACH LITIGATION for the purposes of settlement, PLAINTIFFS will submit to the COURT a motion for a PRELIMINARY APPROVAL ORDER and proposed SETTLEMENT NOTICE and CLAIM FORM.  Except to the extent provided below with respect to the termination of this SETTLEMENT AGREEMENT, the PARTIES agree to use best reasonable efforts to secure a PRELIMINARY APPROVAL ORDER from the COURT.

C.   <u>Submission to Claims Administrator</u>.  Within fourteen (14) calendar days after

the COURT enters a PRELIMINARY APPROVAL ORDER, DEFENDANTS shall provide the CLAIMS ADMINISTRATOR with a list containing the following information for each CLASS MEMBER:  name, last known address and phone number, as well as the dates employed by DEFENDANTS.  The CLASS list and the data and information contained therein shall not be disclosed to anyone external to DEFENDANTS COUNSEL and the CLAIMS ADMINISTRATOR, without the written consent of DEFENDANTS.  In compiling this information, DEFENDANTS will use their personnel and payroll records which are presumed to be correct.

   D. <u>Calculation of Potential Settlement Payments</u>.  Within fifteen (15) calendar days following its receipt of the information described in Section VI, C, above, the CLAIMS ADMINISTRATOR shall calculate the potential SETTLEMENT PAYMENTS for each CLASS MEMBER pursuant to the following formula:

    1. Members of the HICKS CLASS only:

    Twenty-five percent (25%) of the NET SETTLEMENT FUND shall be divided by the total number of pay periods worked by all members of the HICKS CLASS who are not members of the ROACH CLASS, to establish a "per pay period" amount.  Each member of the HICKS CLASS who is also not a member of the ROACH CLASS shall be eligible to receive a potential SETTLEMENT PAYMENT in an amount equal to the "per pay period" amount multiplied by the number of pay periods that individual worked for DEFENDANTS.

    2. Members of the ROACH CLASS only:

    Twenty-five percent (25%) of the NET SETTLEMENT FUND shall be divided by the total number of pay periods worked by all members of the ROACH CLASS who are not members of the HICKS CLASS, to establish a "per pay period" amount.  Each member of the ROACH CLASS who is not a member of the HICKS CLASS shall be eligible to receive a potential SETTLEMENT PAYMENT in an amount equal to the "per pay period" amount multiplied by the number of pay periods that individual worked for DEFENDANTS.

    3. Members of HICKS CLASS and ROACH CLASS:

    Fifty percent (50%) of the NET SETTLEMENT FUND shall be divided by the total number of pay periods worked by all individuals who are members of both the HICKS CLASS and ROACH CLASS, to establish a "per pay period" amount.  Each

> individual who is a member of both the HICKS CLASS and
> ROACH CLASS shall be eligible to receive a potential
> SETTLEMENT PAYMENT in an amount equal to the "per pay
> period" amount multiplied by the number of pay periods that
> individual worked for DEFENDANTS.

The total of all SETTLEMENT PAYMENTS shall not exceed the NET SETTLEMENT FUND.

E.     Calculations to be Provided to Counsel of Record.   The CLAIMS ADMINISTRATOR shall provide its calculations to CLASS COUNSEL and DEFENDANTS COUNSEL.   The calculations shall identify CLASS MEMBERS by name and other personal identifiers such as address and telephone number.

F.     Comments on Calculations.   CLASS COUNSEL and DEFENDANTS COUNSEL shall have five (5) business days to review, verify, and comment on the calculations provided by the CLAIMS ADMINISTRATOR.   The CLAIMS ADMINISTRATOR shall review any comments received from CLASS COUNSEL and DEFENDANTS COUNSEL and shall finalize the potential SETTLEMENT PAYMENT calculations within five (5) business days thereafter.

G.     Mailing of Settlement Notice and Claim Form.   Within fourteen (14) calendar days after the CLAIMS ADMINISTRATOR has finalized the potential SETTLEMENT PAYMENT amounts for each CLASS MEMBER, the CLAIMS ADMINISTRATOR shall mail the Court-approved SETTLEMENT NOTICE and CLAIM FORM (and nothing else) to each CLASS MEMBER.   All mailings by the CLAIMS ADMINISTRATOR shall be by USPS First-Class Mail.   If a SETTLEMENT NOTICE and CLAIM FORM are returned as undeliverable prior to the BAR DATE, the CLAIMS ADMINISTRATOR shall perform one (1) standard skip trace in an effort to ascertain the updated address for the CLASS MEMBER in question.   If such address is ascertained, the CLAIMS ADMINISTRATOR shall re-send the SETTLEMENT NOTICE and CLAIM FORM promptly upon receiving such information, and in no event later than seven (7) days after receiving the information.

H.     Confidentiality of Names and Documents Under Seal.   The CLAIMS ADMINISTRATOR shall not post on its website the names or any other identifying information concerning the CLASS MEMBERS, this SETTLEMENT AGREEMENT, or any other documents that are filed with the Court under seal, if any.

I.     Remailing of Notice.   The CLAIMS ADMINISTRATOR shall re-mail the SETTLEMENT NOTICE and CLAIM FORMS to any CLASS MEMBER who contacts the CLAIMS ADMINISTRATOR during the time period between the initial mailing of the SETTLEMENT NOTICE and CLAIM FORMS and the BAR DATE, and requests that a SETTLEMENT NOTICE and CLAIM FORM be re-mailed.   Nothing in this SETTLEMENT AGREEMENT shall be construed to prevent DEFENDANTS from communicating with its/their employees or responding to inquiries from its/their employees regarding any matter.

However DEFENDANTS agree to inform any employees who ask about the litigation or settlement only that the case has settled and to refer such inquiries to CLASS COUNSEL. DEFENDANTS further agree not to discourage any CLASS MEMBER from participating in this settlement.

J.      Return of Claim Form by Bar Date.   In order to be an AUTHORIZED CLAIMANT, CLASS MEMBERS must properly complete and timely return a CLAIM FORM, per the instructions therein, for receipt by the CLAIMS ADMINISTRATOR on or before the BAR DATE.  In the event that a CLASS MEMBER fails to submit the requisite CLAIM FORM on or before the BAR DATE, the CLASS MEMBER shall forfeit any right to be an AUTHORIZED CLAIMANT and receive a SETTLEMENT PAYMENT.   The claims of the CLASS MEMBER who fails to completely and timely submit the CLAIM FORM are nevertheless released pursuant to Section IX.

K.      Opt-Out Time Frame and Procedure.  Any CLASS MEMBER may request exclusion from the CLASS and elect to OPT-OUT.  CLASS MEMBERS who choose to do so must mail a OPT-OUT STATEMENT to the CLAIMS ADMINISTRATOR which must be received by the CLAIMS ADMINISTRATOR during the OPT-OUT PERIOD.  OPT-OUT STATEMENTS that do not include all required information, or that are not received by the CLAIM ADMINISTRATOR during the OPT-OUT PERIOD, will be deemed null, void, and ineffective.  A CLASS MEMBER who submits a valid and timely request to OPT-OUT shall forfeit any right under this SETTLEMENT AGREEMENT, including any right to distribution of a SETTLEMENT PAYMENT, and will not be bound by the terms of this SETTLEMENT AGREEMENT, if it is approved, or the FINAL APPROVAL ORDER or FINAL JUDGMENT.  The CLAIMS ADMINISTRATOR shall stamp the postmark date on the original of each OPT-OUT STATEMENT that it receives and shall serve copies of each OPT-OUT STATEMENT and envelopes accompanying the OPT-OUT STATEMENT on CLASS COUNSEL and DEFENDANTS COUNSEL not later than 3 calendar days after receipt thereof.  The CLAIMS ADMINISTRATOR will, within three (3) days of the end of the OPT-OUT PERIOD, send a final list of all OPT-OUT STATEMENTS to CLASS COUNSEL and DEFENDANTS COUNSEL by both email and overnight delivery.  The CLAIMS ADMINISTRATOR shall retain the stamped originals of all OPT-OUT STATEMENTS and originals of all envelopes accompanying OPT-OUT STATEMENTS in its files until such time as the CLAIMS ADMINISTRATOR is relieved of its duties and responsibilities under this SETTLEMENT AGREEMENT.  Any CLASS MEMBER who does not properly submit an OPT-OUT STATEMENT pursuant to this AGREEMENT shall be bound by this SETTLEMENT AGREEMENT and shall have released all claims, as set forth in this SETTLEMENT AGREEMENT.

L.      Deficient Claim Forms.  In the event a CLASS MEMBER submits a CLAIM FORM in a timely manner (*i.e.*, received by the CLAIMS ADMINISTRATOR on or before the BAR DATE), but the CLAIM FORM is incomplete or otherwise deficient in one or more aspects, the CLAIMS ADMINISTRATOR or CLASS COUNSEL will (no later than fourteen (14) calendar days following the BAR DATE) contact the individual, explain the

15

deficiencies, and state that the individual will have ten (10) calendar days from the date the deficiency notice is postmarked to the CLASS MEMBER to correct the deficiencies and resubmit the document.  The envelope containing the corrected and resubmitted CLAIM FORM must be received or postmarked within ten (10) calendar days of the date the deficiency notice is mailed to the individual to be considered timely.  In the event that a CLASS MEMBER fails to cure the defect within the time prescribed herein, such CLASS MEMBER shall not be deemed an AUTHORIZED CLAIMANT.  The claims of any CLASS MEMBER who fails to timely cure a defect are nevertheless released pursuant to Section IX.

M.   Certification by Claims Administrator.  Within fifteen (15) calendar days after the deadline for the submission of corrected CLAIM FORMS to the CLAIMS ADMINISTRATOR, but before the date of the FINAL APPROVAL HEARING, the CLAIMS ADMINISTRATOR shall certify jointly to CLASS COUNSEL and DEFENDANTS COUNSEL: (1) a list of all CLASS MEMBERS who timely filed a CLAIM FORM; (2) a list of all CLASS MEMBERS who filed a timely objection; (3) the percentage and list of all CLASS MEMBERS who requested to OPT-OUT at any time during the OPT-OUT PERIOD; and (4) the total SETTLEMENT PAYMENT due to each AUTHORIZED CLAIMANT, and provide that information to CLASS COUNSEL and DEFENDANTS COUNSEL on an encrypted CD or encrypted removable drive.

N.   Declaration by Claims Administrator.  As soon as practicable following the BAR DATE and the resolution of any deficient submissions, but before the date of the FINAL APPROVAL HEARING, the CLAIMS ADMINISTRATOR shall provide CLASS COUNSEL and DEFENDANTS COUNSEL with a declaration of due diligence and proof of mailing with regard to the mailing of the SETTLEMENT NOTICE and CLAIM FORMS.  CLASS COUNSEL shall bear the responsibility of filing this declaration with the COURT prior to the date of the FINAL APPROVAL HEARING.

O.   Motion for Final Approval and Entry of Final Judgment.  Not later than fifteen (15) calendar days before the FINAL APPROVAL HEARING, CLASS COUNSEL will submit a motion for a FINAL APPROVAL ORDER and FINAL JUDGMENT.  At the FINAL APPROVAL HEARING, the PARTIES shall request that the COURT enter a FINAL APPROVAL ORDER and FINAL JUDGMENT.

P.   Distribution of Funds to Authorized Claimants.  Within thirty (30) calendar days after FINAL EFFECTIVE DATE, the CLAIMS ADMINISTRATOR shall mail SETTLEMENT PAYMENTS to AUTHORIZED CLAIMANTS.  The CLAIMS ADMINISTRATOR shall mail these funds to the address provided by the AUTHORIZED CLAIMANT on his or her CLAIM FORM or at an updated address provided by the AUTHORIZED CLAIMANT.

Q.   Tax Characterization; Allocation of Settlement Payment.  Each SETTLEMENT PAYMENT to be issued to each AUTHORIZED CLAIMANT shall be separated into two (2) equal amounts:  fifty percent (50%) shall be allocated to the claims asserted in the LITIGATION for WAGE RELATED DAMAGES, and fifty percent (50%)

shall be allocated to the claims asserted in the LITIGATION for liquidated damages, interest and/or penalties. The portion of each SETTLEMENT PAYMENT treated as WAGE RELATED DAMAGES shall be made net of all applicable employment taxes, including, without limitation, all required employee-paid payroll taxes and deductions (*e.g.*, federal income taxes, state income taxes, local income taxes, employee's share of FICA taxes, and other state-specific statutory deductions) and other authorized or required deductions (*e.g.*, garnishments, tax liens, child support). The portion allocated to liquidated damages, interest and/or penalties shall be characterized as non-wage income to the AUTHORIZED CLAIMANT. The CLAIMS ADMINISTRATOR will report the wage portion to each AUTHORIZED CLAIMANT on an IRS Form W-2, and the non-wage portion on one or more IRS 1099-MISC forms. The CLAIMS ADMINISTRATOR shall be responsible for issuing the settlement checks, less required withholdings and deductions, to each AUTHORIZED CLAIMANT and mailing the settlement checks, IRS Form W-2s and IRS 1099-MISC forms to each AUTHORIZED CLAIMANT and CLASS COUNSEL.

R. <u>Calculation of Employer Payroll Taxes; Reporting</u>. The CLAIMS ADMINISTRATOR shall calculate the EMPLOYER PAYROLL TAXES, and this amount shall be paid out of the QSF. The CLAIMS ADMINISTRATOR shall be responsible for making all reporting, deposits, and withholdings with respect to all amounts payable to PLAINTIFFS and AUTHORIZED CLAIMANTS required pursuant to any federal, state, or local tax law or regulation hereunder under the EIN of the QSF or the DEFENDANTS as required by applicable law. The CLAIMS ADMINISTRATOR shall handle all tax reporting with respect to the payments made pursuant to this SETTLEMENT AGREEMENT and, regardless of any provision in this SETTLEMENT AGREEMENT, shall report the payments in accordance with applicable law.

S. <u>Time Limit to Negotiate Settlement Checks</u>. Each AUTHORIZED CLAIMANT will have one hundred and twenty (120) calendar days from the date on which the SETTLEMENT PAYMENTS are mailed to negotiate his or her settlement check(s). If any settlement check is not negotiated in that period of time, that settlement check will be voided, and a stop-payment will be placed on the settlement check. Any individual SETTLEMENT PAYMENTS or portions thereof which remain unclaimed for any reason one hundred and twenty (120) calendar days following the mailing of the SETTLEMENT PAYMENT shall be deemed unclaimed. In such event, those AUTHORIZED CLAIMANTS will be deemed to have irrevocably waived any right in or claim to a SETTLEMENT PAYMENT, but this SETTLEMENT AGREEMENT and release of claims contained herein nevertheless will remain binding upon them. Unless otherwise required by the relevant state escheatment laws, the amounts in the QSF attributable to the void and uncashed SETTLEMENT PAYMENTS shall be returned to DEFENDANTS within sixty (60) days following the one hundred and twenty (120) calendar day period for SETTLEMENT PAYMENTS to be negotiated. Neither DEFENDANTS, DEFENDANTS COUNSEL, CLASS COUNSEL, PLAINTIFFS, nor the CLAIMS ADMINISTRATOR shall have any liability for lost or stolen settlement checks, for forged signatures on settlement checks, or for unauthorized negotiation of settlement checks. Without limiting

the foregoing, in the event an AUTHORIZED CLAIMANT notifies the CLAIMS ADMINISTRATOR that he or she believes that a settlement check has been lost or stolen, the CLAIMS ADMINISTRATOR shall immediately stop payment on such check.  If the settlement check in question has not been negotiated prior to the stop payment order, the CLAIMS ADMINISTRATOR will issue a replacement check, from which the fees associated with the stop payment order will first be deducted.  If the settlement check in question has been negotiated prior to the stop payment order, the AUTHORIZED CLAIMANT shall be responsible for reimbursing DEFENDANTS for the fees associated with the stop payment order.  The AUTHORIZED CLAIMANT will have an additional forty-five (45) calendar days to negotiate the re-issued check from the date of re-mailing. If any settlement check is not negotiated in that period of time, that settlement check will be voided.

## VII.   CLASS COUNSEL'S FEES, COSTS, AND EXPENSES

A.    <u>Application for Fees</u>.  CLASS COUNSEL may make an application to the COURT for an award of attorneys' fees and reimbursement of reasonable litigation costs and expenses in an amount not to exceed fifty percent (50%) of the GROSS SETTLEMENT FUND, to be paid from the QSF.  Such application shall be filed in connection with final approval of this SETTLEMENT AGREEMENT.

B.    <u>Fee Application Separate</u>.  The substance of CLASS COUNSEL's application for attorneys' fees and reasonable costs and expenses is to be considered separately from the COURT's consideration of the fairness, reasonableness, adequacy, and good faith of the SETTLEMENT AGREEMENT.   The outcome of any proceeding related to CLASS COUNSEL's application for CLASS COUNSEL'S FEES, COSTS AND EXPENSES shall not terminate this SETTLEMENT AGREEMENT or otherwise affect the Court's ruling on the motion for a FINAL APPROVAL ORDER or FINAL JUDGMENT. CLASS COUNSEL shall have the right to appeal the COURT's determination with respect to their application for attorneys' fees, costs and expenses, which shall not be opposed by DEFENDANTS, so long as CLASS COUNSEL seeks an amount that does not exceed the attorneys' fees, costs and expenses contemplated in this SETTLEMENT AGREEMENT.

C.    <u>Excessive or Reduced Fees</u>.  If the COURT rules that any amount requested by CLASS COUNSEL for attorneys' fees, expenses or costs is excessive and reduces the same, only the reduced amount will be deemed to be CLASS COUNSEL'S FEES, COSTS AND EXPENSES for purposes of this SETTLEMENT AGREEMENT.  Any remaining or reduced amount(s) shall be added to the NET SETTLEMENT FUND.

D.    <u>Satisfaction</u>.  Payment of such CLASS COUNSEL'S FEES, COSTS AND EXPENSES to CLASS COUNSEL as set forth in this SETTLEMENT AGREEMENT shall constitute full satisfaction of any and all obligations by RELEASED PERSONS to pay any person, attorney, or law firm (including but not limited to the law firms of Thomas & Solomon LLP and O'Hara & O'Connell Ciotoli) for attorneys' fees, expenses, or costs (including but not limited to any fees, costs, and expenses related to testifying and non-

testifying experts and consultants) incurred on behalf of all RELEASING PERSONS and shall relieve the RELEASED PERSONS of any claims or liability to any person for any attorneys' fees, expenses, and costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) to which any person may claim to be entitled on behalf of any RELEASING PERSONS for the LITIGATION, or any related action.   Upon payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES hereunder, CLASS COUNSEL and RELEASING PERSONS shall irrevocably and unconditionally release, acquit and forever discharge RELEASED PERSONS from any and all claims for attorneys' fees, expenses, and costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) relating to the LITIGATION, or any related action.   CLASS COUNSEL further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with CLASS COUNSEL's representation of PLAINTIFFS and the CLASS.   CLASS COUNSEL further represent and certify that they are not aware of any liens for attorneys' fees, expenses, or costs existing, filed, or asserted with respect to any of the claims asserted in LITIGATION, or any related action.

   E. <u>Electronic Payment</u>.  CLASS COUNSEL shall be paid CLASS COUNSEL'S FEES, COSTS AND EXPENSES via electronic means.   CLASS COUNSEL shall provide the CLAIMS ADMINISTRATOR with written instructions regarding electronic transfer, an executed IRS Form W-9, as well as all information necessary to effectuate the payment.   The CLAIMS ADMINISTRATOR will issue a respective IRS 1099-MISC for the award of CLASS COUNSEL'S FEES, COSTS AND EXPENSES.

   F. <u>Date of Payment</u>.  Within ten (10) calendar days of the FINAL EFFECTIVE DATE, the CLAIMS ADMINISTRATOR will pay CLASS COUNSEL'S FEES, COSTS AND EXPENSES via electronic means, if the conditions above have been satisfied.

   G. <u>Tax Treatment of Fees, Costs and Expenses</u>.   The CLAIMS ADMINISTRATOR will report as income on an IRS Form 1099-MISC each AUTHORIZED CLAIMANT'S pro rata share of the amount approved by the COURT for payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES.

## VIII.  SERVICE PAYMENTS

   A. <u>Application for Payment</u>.  CLASS COUNSEL may make an application to the COURT for one-time SERVICE PAYMENT awards to PLAINTIFFS in recognition of the work and services that said individuals contributed to their respective cases, including, but not limited to, investigative work, meetings with CLASS COUNSEL, assumption of risks, serving as the class representatives, and participation in mediation and related activities.   The SERVICE PAYMENT(S) shall not exceed $60,000 in total (and no more than $10,000 per PLAINTIFF) to the PLAINTIFFS.   The final amount of any SERVICE PAYMENT shall be determined by the COURT.

   B. <u>Timing of Payments</u>.   The CLAIMS ADMINISTRATOR will make the

SERVICE PAYMENT(S) (in the amount approved by the COURT) within thirty (30) calendar days after the FINAL EFFECTIVE DATE for each PLAINTIFF who becomes an AUTHORIZED CLAIMANT.

        C.    <u>Tax Treatment of Service Payments</u>.  SERVICE PAYMENTS shall be treated as non-wage income, and the CLAIMS ADMINISTRATOR shall issue a Form 1099 to SERVICE PAYMENT recipients reflecting the value of the payments.

        D.    <u>Payment from Gross Settlement Fund</u>.  SERVICE PAYMENTS shall be paid out of the GROSS SETTLEMENT FUND.

        E.    <u>Service Payment Application Separate</u>.  The application for a SERVICE PAYMENT is to be considered separately from the COURT's consideration of the fairness, reasonableness, adequacy, and good faith of the SETTLEMENT AGREEMENT.  The outcome of the COURT's ruling on the application for a SERVICE PAYMENT shall not terminate this SETTLEMENT AGREEMENT or otherwise affect the COURT's ruling on the motion for a FINAL APPROVAL ORDER or for FINAL JUDGMENT.

## IX.    RELEASE OF CLAIMS; WAIVER; ASSIGNMENT OF RIGHTS

By operation of the entry of the FINAL APPROVAL ORDER and FINAL JUDGMENT:

        A.    <u>Release by PLAINTIFFS</u>.  Effective as of the FINAL EFFECTIVE DATE, PLAINTIFFS hereby forever completely settle, compromise, release, and discharge DEFENDANTS and the RELEASED PERSONS from any and all claims asserted in the LITIGATION, regardless of how phrased or under what statute or legal theory asserted, as well as all claims arising out of or that could have been asserted under the identical factual predicate of those claims asserted in the LITIGATION, whether known or unknown, and whether anticipated or unanticipated, that occurred at any time up to and including the date the COURT enters a PRELIMINARY APPROVAL ORDER, including but not limited to the following:

        (1)    any and all claims, demands, actions, and/or causes of action for non-payment of wages, unpaid wages, unpaid tips, front pay, back pay, compensatory damages, punitive damages, minimum wages, overtime wages, failure to maintain and/or furnish employees with proper wage records and/or wage notices and/or wage statements, penalties, liquidated damages, restitution, equitable relief, attorneys' fees, costs and expenses, pre- and post-judgment interest, retaliation for complaining about wages or for asserting wage-related claims, or any other wage-related damages or relief of any kind, including but not limited to claims, demands, actions, and/or causes of action pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.;

        (2)    any and all claims, demands, actions and/or causes of action under the wage and hour laws and regulations of the state of New York, and any local wage and

hour laws, including but not limited to Articles 6 and 19 of the New York Labor Law; 12 New York Codes, Rules and Regulations Parts 137, 146; and all claims for any type of penalties or damages available under the wage and hour laws of the state of New York, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest; and

        (3)     any and all claims for attorneys' fees, costs and expenses.

This release does not extend to claims that cannot be released as a matter of law, but the PARTIES acknowledge their intent that this release be construed as broadly as legally permissible.  PLAINTIFFS further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any RELEASED CLAIMS asserted or settled in the LITIGATION which may arise out of, or in connection with any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, class/collective, union or federal, state or local governmental agency against DEFENDANTS or RELEASED PERSONS.  PLAINTIFFS further acknowledge that they are enjoined from pursuing any RELEASED CLAIMS that PLAINTIFFS have, had, might have or might have had against the DEFENDANTS or RELEASED PERSONS based on any act or omission that occurred up to and including the date the COURT enters a PRELIMINARY APPROVAL ORDER.

        B.     <u>Release by Releasing Persons of State Law Claims</u>.  Effective as of the FINAL EFFECTIVE DATE, each and every RELEASING PERSON hereby forever completely settles, compromises, releases, and discharges DEFENDANTS and RELEASED PERSONS from any and all claims asserted in the LITIGATION, regardless of how phrased or under what statute or legal theory asserted, as well as all claims arising out of or that could have been asserted under the identical factual predicate of those claims asserted in the LITIGATION, whether known or unknown, and whether anticipated or unanticipated, that occurred at any time up to and including the date the COURT enters a PRELIMINARY APPROVAL ORDER, including but not limited to the following:

        (1)     any and all claims, demands, actions, and/or causes of action for non-payment of wages, unpaid wages, unpaid tips, front pay, back pay, compensatory damages, punitive damages, minimum wages, overtime wages, failure to maintain and/or furnish employees with proper wage records and/or wage notices and/or wage statements, penalties, liquidated damages, restitution, equitable relief, attorneys' fees, costs and expenses, pre- and post-judgment interest, retaliation for complaining about wages or for asserting wage-related claims, or any other wage-related damages or relief of any kind;

        (2)     any and all claims, demands, actions and/or causes of action under the wage and hour laws and regulations of the state of New York, and any local wage and hour laws, including but not limited to Articles 6 and 19 of the New York Labor Law;

12 New York Codes, Rules and Regulations Parts 137, 146; and all claims for any type of penalties or damages available under the wage and hour laws of the state of New York, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest; and

      (3)     any and all claims for attorneys' fees, costs and expenses.

This release does not extend to claims that cannot be released as a matter of law, but the PARTIES acknowledge their intent that this release be construed as broadly as legally permissible. The RELEASING PERSONS further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any claims asserted or settled in the LITIGATION which may arise out of, or in connection with any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, class, union or federal, state or local governmental agency against any of the DEFENDANTS or RELEASED PERSONS. RELEASING PERSONS further acknowledge that they are enjoined from pursuing any RELEASED CLAIMS they have, had, might have or might have had against any of the DEFENDANTS or RELEASED PERSONS based on any act or omission that occurred up to and including the date the COURT enters a PRELIMINARY APPROVAL ORDER.

      C.     <u>Release Period for the HICKS RELEASING PERSONS</u>. The release period for the HICKS RELEASING PERSONS will be from September 24, 2006 through and including the date of entry of the PRELIMINARY APPROVAL ORDER.

      D.     <u>Release Period for the ROACH RELEASING PERSONS</u>. The release period for the ROACH RELEASING PERSONS will be from April 5, 2005 through and including the date of entry of the PRELIMINARY APPROVAL ORDER.

      E.     <u>Release by Authorized Claimants of Federal Claims</u>. In addition, each AUTHORIZED CLAIMANT, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, forever and fully releases DEFENDANTS and RELEASED PERSONS from any FLSA claims relating to the time they worked for DEFENDANTS, claims for unpaid wages and/or overtime wages, unpaid tips, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the LITIGATION, whether known or unknown, through the date each respective AUTHORIZED CLAIMANT signs a CLAIM FORM.

      F.     <u>No Assignment</u>. PLAINTIFFS, for themselves and, to their knowledge, on behalf of the CLASS and each CLASS MEMBER, represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the

LITIGATION, or any related action.  Upon the FINAL EFFECTIVE DATE, FINAL CLASS MEMBERS represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the LITIGATION, or any related action.

G.    Tax Indemnification.    AUTHORIZED CLAIMANTS will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this SETTLEMENT AGREEMENT (other than EMPLOYER PAYROLL TAXES) and will indemnify, defend and hold DEFENDANTS and the CLAIMS ADMINISTRATOR harmless from and against any and all taxes, interest, penalties, attorneys' fees and other costs or amounts due or owing by that AUTHORIZED CLAIMANT on such payments, or otherwise imposed on DEFENDANTS or the CLAIMS ADMINISTRATOR as a result of an AUTHORIZED CLAIMANTS failure to timely pay such taxes.  PLAINTIFFS, on behalf of the CLASS and each individual CLASS MEMBER, acknowledge and agree that they have not relied upon any advice from DEFENDANTS as to the taxability of any payments received pursuant to this SETTLEMENT AGREEMENT.

## X.    MEDIA AND CONFIDENTIALITY OBLIGATIONS

A.    No Press Release or Public Disclosure of Settlement.    PLAINTIFFS and CLASS COUNSEL shall not, prior to the issuance of a FINAL APPROVAL ORDER:  (1) issue a press release or otherwise notify the media about the terms of this SETTLEMENT AGREEMENT; or (2) advertise or make any public statements regarding any of the terms of this SETTLEMENT AGREEMENT.

B.    Communications with Press.  Prior to the FINAL APROVAL ORDER, to the extent that CLASS COUNSEL or PLAINTIFFS are contacted by the media about this SETTLEMENT AGREEMENT, they shall be permitted to respond to such inquiries by stating that the PARTIES have reached a settlement subject to COURT approval, and that the PARTIES believe they have reached a fair and reasonable settlement of the disputed claims. PLAINTIFFS and CLASS COUNSEL may not disclose any of the specific terms of this SETTLEMENT AGREEMENT.

C.    Breach of Media and Confidentiality Obligations.  A "breach" of the Media and Confidentiality Obligations is any disclosure by PLAINTIFFS and/or CLASS COUNSEL of the terms or conditions of this SETTLEMENT AGREEMENT beyond those permitted by this Section X.  In the event of any such breach or threatened breach, DEFENDANTS shall, in addition to any other remedies available to them, be entitled to seek a temporary restraining order and/or preliminary and/or permanent injunction, or other equivalent relief, restraining any actual or threatened breach.

## XI.    BINDING EFFECT; OBJECTION RIGHTS

A.    Binding Effect on Final Class Members.    Except for those CLASS

MEMBERS who validly OPT-OUT, all CLASS MEMBERS will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, the FINAL JUDGMENT, and the releases set forth herein; and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement. Regardless of whether he or she timely and fully executes and returns a CLAIM FORM, any CLASS MEMBER who does not OPT-OUT is subject to the releases set forth in Section IX.

B.     Right to Object.  Any CLASS MEMBER who does not OPT-OUT may object to this SETTLEMENT AGREEMENT, provided that such objections are made in a writing filed with the CLAIMS ADMINISTRATOR and served on Counsel for the PARTIES on or before the last day of the OBJECTION PERIOD.  Such objection shall include the name, address and telephone number of the OBJECTOR, a detailed statement of the basis for each objection asserted, the grounds on which the OBJECTOR desires to appear and be heard (if any) at the FINAL APPROVAL HEARING, and, if the OBJECTOR is represented by Counsel, the name and address of Counsel.  Any reasons not included in the written objection shall not be considered.  The CLAIMS ADMINISTRATOR shall stamp the date the objection is received on the original and send copies of each objection to CLASS COUNSEL and DEFENDANTS COUNSEL by email and overnight delivery not later than 3 calendar days after receipt thereof.  No member of the CLASS may be heard at the FINAL APPROVAL HEARING who has not complied with this requirement, and any member of the CLASS who fails to comply with this requirement will be deemed to have waived any right to object and any objection to this SETTLEMENT AGREEMENT.  The PARTIES may file with the Court written responses to any filed objections not later than ten (10) calendar days before the FINAL APPROVAL HEARING.   An OPT-OUT may not submit an objection to the SETTLEMENT AGREEMENT.

## XII.   CLAIMS ADMINISTRATION

A.     Settlement Expenses.  SETTLEMENT EXPENSES are to be paid from the GROSS SETTLEMENT FUND.

B.     Duties.   The CLAIMS ADMINISTRATOR will perform all of the administrative duties assigned herein, including: (1) calculating the NET SETTLEMENT FUND; (2) calculating the potential SETTLEMENT PAYMENTS for each CLASS MEMBER; (3) formatting and printing the SETTLEMENT NOTICES, CLAIM FORMS, and mailing a SETTLEMENT NOTICE and CLAIM FORM to CLASS MEMBERS; (4) notifying Counsel for all PARTIES of timely and untimely submissions of CLAIM FORMS by CLASS MEMBERS; (5) notifying Counsel for all PARTIES of, and assisting CLASS COUNSEL in resolving any disputes regarding, claims by any CLASS MEMBER; (6) copying Counsel for all PARTIES on material correspondence and promptly notifying all Counsel for the PARTIES of any material requests or communications made by any PARTY; (7) receiving and reviewing the CLAIM FORMS submitted by CLASS MEMBERS to determine eligibility to receive a SETTLEMENT PAYMENT; (8) maintaining the original mailing envelope in which CLAIM FORMS, and other correspondence is received; (9)

promptly furnishing to CLASS COUNSEL and DEFENDANTS COUNSEL copies of any requests to OPT-OUT and/or objections which the CLAIMS ADMINISTRATOR receives; (10) mailing SETTLEMENT PAYMENTS and SERVICE PAYMENTS (if applicable) to AUTHORIZED CLAIMANTS; (11) electronically transferring CLASS COUNSEL'S FEES, COSTS AND EXPENSES in accordance with this SETTLEMENT AGREEMENT; (12) responding to inquiries of CLASS MEMBERS regarding the terms of settlement and procedures for submitting CLAIM FORMS, objections, and requests to OPT-OUT; (13) referring to CLASS COUNSEL all inquiries by CLASS MEMBERS regarding matters not within the CLAIMS ADMINISTRATOR'S duties specified herein; (14) promptly apprising Counsel for the PARTIES of the activities of the CLAIMS ADMINISTRATOR; (15) maintaining accurate records of its activities, including the dates of the mailing of SETTLEMENT NOTICES and CLAIM FORMS, the receipt of CLAIMS FORMS, OPT-OUT STATEMENTS or objections, and mailing of SETTLEMENT PAYMENTS, returned mail and other communications and attempted written or electronic communications with CLASS MEMBERS; (16) confirming in a declaration its completion of the administration of this SETTLEMENT AGREEMENT; (17) timely responding to communications from the PARTIES or their Counsel; (18) escheating non-negotiated checks to the appropriate state agency, to the extent required by applicable law; (19) calculating and paying EMPLOYER PAYROLL TAXES; (20) performing all tax reporting duties required by federal, state, or local law; (21) setting up a QSF to which DEFENDANTS shall electronically transfer funds sufficient to enable the CLAIMS ADMINISTRATOR to satisfy the payment obligations to AUTHORIZED CLAIMANTS, CLASS COUNSEL'S FEES, COSTS, AND EXPENSES, SERVICE PAYMENTS, and EMPLOYER PAYROLL TAXES; (22) returning any remaining amounts in the QSF to DEFENDANTS within 60 days following the period AUTHORIZED CLAIMANTS have to cash their checks; (23) protecting personal data of the CLASS MEMBERS from public disclosure; (24) maintaining reasonable administrative, physical, and technical controls that will protect the confidentiality, security, integrity, and availability of personal data of the CLASS MEMBERS; (25) delivering to CLASS COUNSEL and DEFENDANTS COUNSEL an encrypted CD or encrypted portable drive containing all settlement data pertaining to CLASS MEMBERS, including information relating to the mailing of SETTLEMENT NOTICES and CLAIMS FORMS and the receipt of signed CLAIMS FORMS, and copies of all signed CLAIM FORMS; (26) maintaining all records, electronic or otherwise, relating to the administration of this SETTLEMENT AGREEMENT, for a period of two (2) years after the date of FINAL JUDGMENT; (27) such other tasks contained in this SETTLEMENT AGREEMENT; and (28) such other tasks as the PARTIES mutually agree.

C.    <u>Right to Review</u>.  CLASS COUNSEL and DEFENDANTS COUNSEL have the right to review and approve any documents to be mailed by the CLAIMS ADMINISTRATOR prior to their mailing, and the CLAIMS ADMINISTRATOR may not mail any documents without first receiving written approval to send the documents from CLASS COUNSEL and DEFENDANTS COUNSEL.

D.    <u>Risk Assessment of Claims Administrator</u>.  The PARTIES shall be permitted

to conduct a risk assessment of the CLAIMS ADMINISTRATOR to verify that the CLAIMS ADMINISTRATOR has in place an effective information security program capable of protecting the personal information of CLASS MEMBERS.  In addition, the CLAIMS ADMINISTRATOR will be required to contractually obligate itself to maintain reasonable physical, administrative, and technical controls to protect such information.  Either party may object to and request the replacement of the CLAIMS ADMINISTRATOR if it does not pass the assessment process or will not agree to reasonable contractual commitments regarding the security of CLASS information.

## XIII.   TERMINATION OF THIS SETTLEMENT AGREEMENT

A.    Grounds for Settlement Termination.  This SETTLEMENT AGREEMENT may be terminated on the following grounds:

1.    Failure to Obtain Approval.  CLASS COUNSEL or DEFENDANTS COUNSEL may terminate this SETTLEMENT AGREEMENT if the COURT declines to enter a PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER, FINAL JUDGMENT, or this SETTLEMENT AGREEMENT does not become final for any other reason, or if a Court of Appeals reverses the entry of a PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER, FINAL JUDGMENT, or if the FINAL EFFECTIVE DATE does not occur.

2.    Withdrawal from Settlement based on Opt-Outs.  If five percent (5%) or more of the CLASS MEMBERS exercise their rights to OPT-OUT and be excluded from the CLASS and this SETTLEMENT AGREEMENT by the deadlines set herein, DEFENDANTS shall have the absolute discretionary right, notwithstanding any other provision of this SETTLEMENT AGREEMENT, to terminate this SETTLEMENT AGREEMENT, whereupon this SETTLEMENT AGREEMENT will be null and void for all purposes and may not be used or introduced in further litigation or any other proceeding of any kind.

B.    Procedures for Termination.    To terminate this SETTLEMENT AGREEMENT on one of the grounds specified above, the terminating Counsel (*i.e.*, CLASS COUNSEL or DEFENDANTS COUNSEL) shall give written notice to the opposing Counsel no later than:

1.    Fifteen (15) business days after the COURT acts; or

2.    Fifteen (15) business days after a Notice of Appeal is filed; or

3.    Fifteen (15) business days after DEFENDANTS receive notice from the CLAIMS ADMINISTRATOR that five percent (5%) or more of the CLASS exercised their rights to OPT-OUT and be excluded from the CLASS and this SETTLEMENT AGREEMENT.

      C.     Effect of Termination.  In the event that this SETTLEMENT AGREEMENT is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the LITIGATION is barred by operation of law, is invalidated, is not approved or otherwise is ordered not to be carried out by any COURT:

      1.     No Force and Effect.  This SETTLEMENT AGREEMENT shall be terminated, deemed null and void, and shall have no force or effect, and no PARTY shall be bound by any of its terms.

      2.     No Payment Obligations.  DEFENDANTS shall have no obligation to make any payments to anyone, including any PARTY, CLASS MEMBER, or CLASS COUNSEL.  The cost of the CLAIMS ADMINISTRATOR for services rendered up to the date the CLAIMS ADMINISTRATOR is notified that this SETTLEMENT AGREEMENT has been terminated shall be borne by DEFENDANTS.  Any funds in the QSF will revert to DEFENDANTS.

      3.     Orders Vacated.  The PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER, FINAL JUDGMENT, or any other judgment or order entered by the Court in accordance with the terms of this SETTLEMENT AGREEMENT shall be treated as vacated, *nunc pro tunc*.

      4.     No Prejudice.   This SETTLEMENT AGREEMENT and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the PARTIES, all of whom shall be restored to their respective positions prior to the settlement.   The LITIGATION shall proceed without prejudice as if this SETTLEMENT AGREEMENT had not been executed unless the PARTIES jointly agree to: (a) seek reconsideration or appellate review of the decision denying entry of FINAL JUDGMENT; or (b) attempt to renegotiate the settlement and seek COURT approval of the renegotiated settlement.

      5.     Settlement Documents Inadmissible.   Neither this SETTLEMENT AGREEMENT, nor any ancillary documents, related papers, orders, actions, statements, negotiations leading up to the settlement, or filings in furtherance of settlement (including all matters associated with the multiple mediations in the HICKS LITIGATION and ROACH LITIGATION) shall be cited to, used, or deemed admissible or offered into evidence in the LITIGATION or any other judicial, administrative or arbitral proceeding for any purpose whatsoever.  The PARTIES, CLASS COUNSEL and DEFENSE COUNSEL may not use any information obtained as a result of or in connection with this SETTLEMENT AGREEMENT for the LITIGATION or any other purpose.

      6.     Reservation of Rights – Merits/Certification.  None of the PARTIES shall be deemed to have waived any claims, objections, defenses, or arguments with respect to the issue of class or collective action certification or decertification or the merits of any claims or any other issue, but rather shall retain the right to assert or dispute all claims and allegations, to assert or dispute all applicable defenses, and to assert or dispute the propriety

of class/collective action certification or decertification on all applicable grounds.

       7.    <u>Reservation of Rights – Sever Consolidation/Transfer</u>.  Each PARTY reserves the right to seek to sever the consolidation of the HICKS LITIGATION and ROACH LITIGATION, and seek to transfer the HICKS LITIGATION back to the United States District Court for the Western District of New York, Hon. Elizabeth A. Wolford, presiding which shall not be opposed by any other PARTY.

       8.    <u>Return of Documents</u>.  The CLAIMS ADMINISTRATOR must return all information and documents to DEFENDANTS COUNSEL.

       9.    <u>Orders Regarding Attorneys' Fees and Service Awards</u>. Notwithstanding any other provision of this SETTLEMENT AGREEMENT, no order of the COURT, or modification or reversal on appeal of any order of the COURT, reducing the amount of any attorneys' fees, costs or expenses to be paid to CLASS COUNSEL, or reducing the amount of any SERVICE PAYMENT, shall constitute grounds for cancellation or termination of the SETTLEMENT AGREEMENT or grounds for limiting any other provision of the FINAL JUDGMENT.  CLASS COUNSEL retains and reserves all rights of appeal or to seek reconsideration of any order of the COURT reducing the amount of attorneys' fees, costs or expenses to be paid to CLASS COUNSEL and/or any order of the COURT reducing the amount of any SERVICE PAYMENT.  DEFENDANTS shall not oppose the appeal or motion for reconsideration so long as CLASS COUNSEL seeks an amount that does not exceed the limits for fees, costs, expenses and SERVICE PAYMENTS set forth in this SETTLEMENT AGREEMENT.

## XIV.  PARTIES' AUTHORITY

       A.    <u>Fully Authorized Representatives</u>.  The signatories hereby represent that they are fully authorized to enter into this SETTLEMENT AGREEMENT and bind the PARTIES hereto to the terms and conditions hereof.

       B.    <u>Duly-Authorized Legal Agents</u>.  PLAINTIFFS, together with CLASS COUNSEL, covenant and represent that they are the duly-authorized legal agents for the CLASS, the LITIGATION, and this SETTLEMENT AGREEMENT, and that they have the legal right and authority to act as representatives of the CLASS and to make decisions on behalf of the CLASS concerning the LITIGATION, the method and manner of conducting the LITIGATION, and the execution of this SETTLEMENT AGREEMENT.

       C.    <u>Acknowledgment</u>.  PLAINTIFFS acknowledge that they are, together with CLASS COUNSEL, fully authorized to bind themselves and the CLASS to all terms set forth in this SETTLEMENT AGREEMENT, regardless of whether each member of the CLASS timely submits a fully completed CLAIM FORM.

       D.    <u>Notice to Class Members</u>.  It is agreed that because the CLASS MEMBERS are so numerous, it is impossible or impractical to have each CLASS

MEMBER execute this SETTLEMENT AGREEMENT.  The SETTLEMENT NOTICE
and FINAL APPROVAL ORDER will advise all CLASS MEMBERS of the binding nature
of the release, and that the release will have the same force and effect upon FINAL
CLASS MEMBERS as if this SETTLEMENT AGREEMENT were executed by each
FINAL CLASS MEMBER.

## XV.   MUTUAL FULL COOPERATION

The PARTIES to this SETTLEMENT AGREEMENT agree to reasonably cooperate
with each other and shall use their reasonable best efforts, including all efforts contemplated
by this SETTLEMENT AGREEMENT and any other efforts that may become necessary by
order of the COURT, or otherwise, to effectuate this SETTLEMENT AGREEMENT and the
terms set forth herein.  As soon as practicable after execution of this SETTLEMENT
AGREEMENT, PLAINTIFFS and CLASS COUNSEL shall, with the assistance and
cooperation of DEFENDANTS and DEFENDANTS COUNSEL, take all necessary steps to
secure a PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER, FINAL
JUDGMENT and dismissal with prejudice.

## XVI.  NOTICES

Unless otherwise specifically provided herein, all notices, demands or other
communications given hereunder shall be in writing and shall be deemed to have been duly
given as of the third business day after mailing by United States registered or certified
mail, return receipt requested, addressed as follows:

> To PLAINTIFFS and CLASS MEMBERS:
> Michael J. Lingle
> Thomas & Solomon LLP
> 693 East Avenue
> Rochester, NY 14607
> mlingle@theemploymentattorneys.com

> To DEFENDANTS:
> Craig R. Benson
> Littler Mendelson, P.C.
> 900 Third Avenue
> New York, NY 10022
> cbenson@littler.com

## XVII. CONSTRUCTION AND INTERPRETATION

A.    Interpretation.  The PARTIES hereto agree that the terms and conditions of
this SETTLEMENT AGREEMENT are the result of lengthy, intensive, arms-length
negotiations among the PARTIES.  The determination of the terms and conditions of this
SETTLEMENT AGREEMENT has been by mutual agreement of the PARTIES.  Each

PARTY participated jointly in the drafting of this SETTLEMENT AGREEMENT, and therefore the terms and conditions of this SETTLEMENT AGREEMENT are not intended to be, and shall not be, construed against any party by virtue of draftsmanship. All terms and conditions of this SETTLEMENT AGREEMENT in the exact form set forth in this SETTLEMENT AGREEMENT are material to this SETTLEMENT AGREEMENT and have been relied upon by the Parties in entering into this SETTLEMENT AGREEMENT, unless otherwise expressly stated.

B.      <u>Descriptions</u>.  Headings and paragraph titles are inserted as a matter of convenience for reference, and in no way define, limit, extend, or describe the scope of this SETTLEMENT AGREEMENT or any of its provisions.  Headings and paragraph titles shall have no effect upon the construction or interpretation of any part of this SETTLEMENT AGREEMENT.  Each term of this SETTLEMENT AGREEMENT is contractual and not merely a recital.

C.      <u>Governing Law</u>.  This SETTLEMENT AGREEMENT shall be subject to and governed by the laws of the State of New York, without regard to choice of law principles, except to the extent the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

D.      <u>Continuing Jurisdiction</u>.  The COURT shall retain jurisdiction over the interpretation and implementation of this SETTLEMENT AGREEMENT as well as any and all matters arising out of, or related to, the interpretation or implementation of this SETTLEMENT AGREEMENT and of the settlement contemplated thereby.  The COURT shall not have jurisdiction or authority to modify the terms of this AGREEMENT or increase DEFENDANTS' payment obligations.

## XVIII. FORM AND CONTENT RESOLUTION

A.      <u>Future Agreement</u>.  The PARTIES agree they must reach agreement on the form and content of this SETTLEMENT AGREEMENT and its exhibits, the PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER, FINAL JUDGMENT and the motions for approval.

B.      <u>Resolution of Impasse</u>.  The PARTIES agree that in the event they dispute and reach impasse as to the form and content of any documents necessary to effectuate this SETTLEMENT AGREEMENT that cannot be resolved among the PARTIES themselves with the assistance of the CLAIMS ADMINISTRATOR, any and all such disputes may be submitted to Stan Matusz for final and binding resolution.  The PARTIES shall equally divide all costs of Mr. Matusz, but the PARTIES shall bear their own expenses for attorneys' fees, expenses and costs.

## XIX.   INTEGRATION CLAUSE

This SETTLEMENT AGREEMENT and its exhibits sets forth the entire Agreement

between the PARTIES hereto with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the PARTIES (including the PARTIES' settlement term sheet) shall be deemed merged into this SETTLEMENT AGREEMENT.

## XX.      BINDING ON ASSIGNS

This SETTLEMENT AGREEMENT shall be binding upon and inure to the benefit of the PARTIES and his/her/their respective spouses, children, agents, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, representatives, attorneys, exclusive bargaining agents, successors-in-interest, and assigns.

## XXI.   MODIFICATION

No rights hereunder may be waived or modified except in a writing signed by duly authorized representatives of the PARTIES and then only to the extent set forth in such written waiver or modification, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this SETTLEMENT AGREEMENT shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this SETTLEMENT AGREEMENT, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this SETTLEMENT AGREEMENT.

## XXII.  ENFORCEMENT OF THIS SETTLEMENT AGREEMENT

In the event of a dispute concerning the rights or obligations under this SETTLEMENT AGREEMENT or breach of a term of this SETTLEMENT AGREEMENT, notice must be mailed to opposing Counsel as provided in Section XVI.  After receipt of notice, the PARTIES shall meet and confer in a good faith attempt to resolve the matter for ten (10) calendar days.

## XXIII. COUNTERPARTS

This SETTLEMENT AGREEMENT may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon and effective as to all PARTIES, and shall have the same force and effect as if the PARTIES had signed the same instrument.  Any signature made and transmitted by facsimile or email for the purpose of executing this SETTLEMENT AGREEMENT shall be deemed an original signature for purposes of this SETTLEMENT AGREEMENT and shall be binding upon the PARTY whose counsel transmits the signature page by facsimile or email.

**MEMBERS OF THE CLASS:**

TLC 250-3, LLC, TLC ROME, LLC, TLC UTICA, LLC, TLC EAST, LLC, TLC NORTH, LLC:

*Matthew D. Roach*

**MATTHEW ROACH**

By: _____

Date: 10 - 14 - 2018

Printed Name: _____

Title: _____

_____

**MELISSA LONGO**

Date: _____

Date: _____

_____

**MATTHEW J. FAIRBAIRN**

_____

**GARRET TITCHEN**

Date: _____

Date: _____

_____

**JOHN A. PERRY**

_____

**CHRISTINA APPLE**

Date: _____

Date: _____

_____

**DAVID A. STEIN**

_____

**ASHLEY HICKS**

Date: _____

Date: _____

_____

**KRISTEN RAYMOND**

Date: _____

38

**CLASS COUNSEL:**                    **DEFENDANTS COUNSEL:**

**REPRESENTATIVE PLAINTIFFS ON
BEHALF OF THEMSELVES AND ALL
MEMBERS OF THE CLASS:**

**DEFENDANTS T.L. CANNON CORP.,
T.L. CANNON MANAGEMENT CORP.,
TLC WEST, LLC, TLC CENTRAL,
LLC, TLC UTICA, LLC, TLC EAST,
LLC, TLC NORTH, LLC:**

---

**MATTHEW ROACH**

Date: _____

By: _____

Printed Name: _____

Title: _____

*Melissa Longo*
**MELISSA LONGO**

Date: 10-14-18

Date: _____

---

**MATTHEW J. FAIRBAIRN**

---

**GARRET TITCHEN**

Date: _____

Date: _____

---

**JOHN A. PERRY**

---

**CHRISTINA APPLE**

Date: _____

Date: _____

---

**DAVID A. STEIN**

---

**ASHLEY HICKS**

Date: _____

Date: _____

---

**KRISTEN RAYMOND**

Date: _____

36

**BEHALF OF ~~THE MEMBERS AND ALL~~   ~~T.L. CLARK~~**
**MEMBERS OF THE CLASS:**

**TLC WEST, LLC, TLC CENTRAL,**
**LLC, TLC UTICA, LLC, TLC EAST,**
**~~LLC, TLC~~ NORTH, LLC:**

---

**MATTHEW ROACH**

By:_____

Date:_____

Printed Name:_____

Title:_____

---

**~~MELISSA~~ LONGO**

Date:_____

Date:_____

---

**MATTHE~~W~~ ~~~~**

~~~~te:_____

_____

~~J~~_____

~~~~e:_____

~~~~te:_____

_____

~~~~e:_____

~~~~te:_____

_____

~~~~e:_____

2

BEHALF OF THEMSELVES AND ALL
MEMBERS OF THE CLASS:

T.L. CANNON MANAGEMENT CORP.,
TLC WEST, LLC, TLC CENTRAL,
LLC, TLC UTICA, LLC, TLC EAST,
LLC, TLC NORTH, LLC:

MATTHEW ROACH

By:_____

Date: _____

Printed Name: _____

Title: _____

MELISSA LONGO

Date: _____

Date: _____

MATTHEW J. FAIRBAIRN

GARRET TITCHEN

Date: _____

Date: _____

CHRISTINA APPLE

JOHN A. PERRY

Date: 10-13-18

Date: _____

DAVID A. STEIN

ASHLEY HICKS

Date: _____

Date: _____

KRISTEN RAYMOND

Date: _____

CLASS COUNSEL:

DEFENDANTS COUNSEL:

_____

_____

32

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT on:

| **REPRESENTATIVE PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL MEMBERS OF THE CLASS:** | **DEFENDANTS T.L. CANNON CORP., T.L. CANNON MANAGEMENT CORP., TLC WEST, LLC, TLC CENTRAL, LLC, TLC UTICA, LLC, TLC EAST, LLC, TLC NORTH, LLC:** |

_____
**MATTHEW ROACH**

Date: _____

**By:**_____

Printed Name: _____

Title: _____

_____
**MELISSA LONGO**

Date: _____

Date: _____

_____
**MATTHEW J. FAIRBAIRN**

_____
**GARRET TITCHEN**

Date: _____

Date: _____

_____
**JOHN A. PERRY**

_____
**CHRISTINA APPLE**

Date: _____

Date: _____

_____
**DAVID A. STEIN**

*Ashley Hicks*
**ASHLEY HICKS**

Date: _____

Date: _10/14/18_____

_____
**KRISTEN RAYMOND**

Date: _____

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT on:

| REPRESENTATIVE PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL MEMBERS OF THE CLASS: | DEFENDANTS T.L. CANNON CORP., T.L. CANNON MANAGEMENT CORP., TLC WEST, LLC, TLC CENTRAL, LLC, TLC UTICA, LLC, TLC EAST, LLC, TLC NORTH, LLC: |

**MATTHEW ROACH**

Date: _____

**MELISSA LONGO**

Date: _____

**GARRET TITCHEN**

Date: _____

**CHRISTINA APPLE**

Date: _____

**ASHLEY HICKS**

Date: _____

*Christin Raymond*
**KRISTIN RAYMOND** (cc)

Date: ¹⁰/₁₅/₁₈ _____

By:_____

Printed Name: _____

Title: _____

Date: _____

**MATTHEW J. FAIRBAIRN**

Date: _____

**JOHN A. PERRY**

Date: _____

**DAVID A. STEIN**

Date: _____

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT on:

**REPRESENTATIVE PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL MEMBERS OF THE CLASS:**

**DEFENDANTS T.L. CANNON CORP., T.L. CANNON MANAGEMENT CORP., TLC WEST, LLC, TLC CENTRAL, LLC, TLC UTICA, LLC, TLC EAST, LLC, TLC NORTH, LLC:**

_____
**MATTHEW ROACH**

By:_____

Date: _____

Printed Name: _____

Title: _____

_____
**MELISSA LONGO**

Date: _____

Date: _____

_____
**MATTHEW J. FAIRBAIRN**

_____
**GARRET TITCHEN**

Date: _10/15/18_

Date: _____

_____
**JOHN A. PERRY**

_____
**CHRISTINA APPLE**

Date: _____

Date: _____

_____
**DAVID A. STEIN**

_____
**ASHLEY HICKS**

Date: _10/15/18_

Date: _____

_____
**KRISTEN RAYMOND**

Date: _____

32

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT on:

**REPRESENTATIVE PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL MEMBERS OF THE CLASS:**

**DEFENDANTS T.L. CANNON CORP., T.L. CANNON MANAGEMENT CORP., TLC WEST, LLC, TLC CENTRAL, LLC, TLC UTICA, LLC, TLC EAST, LLC, TLC NORTH, LLC:**

_____

**MATTHEW ROACH**

By:_____

Date:_____

Printed Name: CLYDE BRANT

Title: CFO

_____

**MELISSA LONGO**

Date: 10/15/18

Date:_____

_____

**MATTHEW J. FAIRBAIRN**

_____

**GARRET TITCHEN**

Date:_____

Date:_____

_____

**JOHN A. PERRY**

_____

**CHRISTINA APPLE**

Date:_____

Date:_____

_____

**DAVID A. STEIN**

_____

**ASHLEY HICKS**

Date:_____

Date:_____

_____

**KRISTEN RAYMOND**

Date:_____

32

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT on:

| **REPRESENTATIVE PLAINTIFFS ON BEHALF OF THEMSELVES AND ALL MEMBERS OF THE CLASS:** | **DEFENDANTS T.L. CANNON CORP., T.L. CANNON MANAGEMENT CORP., TLC WEST, LLC, TLC CENTRAL, LLC, TLC UTICA, LLC, TLC EAST, LLC, TLC NORTH, LLC:** |
|---|---|

_____
**MATTHEW ROACH**

Date: _____

By:_____

Printed Name: _____

Title: _____

_____
**MELISSA LONGO**

Date: _____

Date: _____

_____
**MATTHEW J. FAIRBAIRN**

_____
**GARRET TITCHEN**

Date: _____

Date: _____

_____
**JOHN A. PERRY**

_____
**CHRISTINA APPLE**

Date: 10/12/2018

Date: _____

_____
**DAVID A. STEIN**

_____
**ASHLEY HICKS**

Date: _____

Date: _____

_____
**KRISTEN RAYMOND**

Date: _____

32

**CLASS COUNSEL:**                                   **DEFENDANTS COUNSEL:**

_____       _____
Michael J. Lingle                                       Craig R. Benson. Esq.
Thomas & Solomon LLP                         LITTLER MENDELSON, P.C.
693 East Avenue                                       900 Third Avenue
Rochester, NY 14607                          New York, NY 10022
mlingle@theemploymentattorneys.com      cbenson@littler.com

Date: 10/15/18                                  Date: _____

33

**CLASS COUNSEL:**                        **DEFENDANTS COUNSEL:**

_____        _____

Michael J. Lingle                         Craig R. Benson. Esq.
Thomas & Solomon LLP                      LITTLER MENDELSON, P.C.
693 East Avenue                           900 Third Avenue
Rochester, NY 14607                       New York, NY 10022
mlingle@theemploymentattorneys.com        cbenson@littler.com

Date: _____        Date: _____10/16/18_____

33

# Exhibit A to the Settlement Agreement and Release

CLAIM FORM

MAIL TO:
INSERT SETTLEMENT ADMINISTRATOR
CONTACT INFORMATION

Must be Postmarked
Or Received
No Later Than
[date 45 days after
mailing of the Notice
Packet], 2018

Claimant Information:

Name _____  _____  _____
       First                Middle            Last

_____
Other Names (if any) Used While Employed by Defendants

_____
Current Residential Street Address

City_____State _____ZIP Code_____

Last Four Digits of Your Social Security Number (used to confirm identity):_____

Telephone Numbers_____       _____
                     Work                          Cell

**PAGE 1 OF 2 – YOU MUST COMPLETE BOTH PAGES OF THE CLAIM FORM IN ORDER TO BE A VALID CLAIM.**

By completing and signing this Claim Form, I understand that this lawsuit, entitled *Matthew Roach, et al. v. T.L. Cannon Corp.* (Lead Case), 3:10-CV-591 (TJM/DEP) and *Ashley Hicks, et al. v. T.L. Cannon Corp., et al.* (Member Case), 3:18-CV-1177 (TJM/DEP), which is the result of the consolidation of *Roach v. T.L. Cannon Corp.* and *Hicks v. T.L. Cannon Corp.,* alleges violations of the Fair Labor Standards Act and the New York Labor Law for failure to provide proper wages and failure to provide required wage notices and wage statements.

I hereby consent and agree to join this Litigation in order to participate in the settlement of the Litigation. I acknowledge that I understand the settlement terms, as described in the Official Court Notice of Settlement of Class and Collective Action, which I have read, and agree to be bound by the settlement of this Litigation, including the release of claims set forth below. I understand the full and precise terms of the proposed settlement are contained in the Settlement Agreement and Release filed with the Court. I further consent and agree to be bound by any adjudication of this action by the Court. I hereby designate Michael J. Lingle of Thomas & Solomon LLP, and Frank S. Gattuso of Gattuso & Ciotoli PLLC, to represent me in this action. **I understand this form must be returned by mail, postmarked no later than [date].**

In exchange for the money I am eligible to receive under the settlement, I, on behalf of myself, and each of my agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, representatives, exclusive bargaining agents, successors, and assigns, hereby forever completely settle, compromise, release and discharge defendants, T.L. Cannon Corp., T.L. Cannon Management Corp., TLC West, LLC, TLC Central, LLC, TLC Utica, LLC, TLC East, LLC, TLC North, LLC, David A. Stein, Matthew J. Fairbairn, and John A. Perry ("defendants") and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, members, joint venturers, affiliated organizations, affiliated entities, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, partners, directors, trustees, heirs, administrators, executors, agents, owners, shareholders, investors, successors, assigns, employees, attorneys, contractors, representatives, employee retirement or benefit plans (and the trustees, administrators, fiduciaries, sponsors, agents, representatives, insurers and reinsurers of such plans), divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in *Roach v. T.L. Cannon,* 10-cv-591 and *Hicks v. T.L. Cannon Corp.,* 13-CV-6455, and any individual or entity that could be jointly liable with defendants and any other persons or entities acting on its/their behalf for the following: (1) any and all claims asserted in the Litigation, regardless of how phrased or under what statute or legal theory asserted, as well as all claims arising out of or that could have been asserted under the identical factual predicate of those claims asserted in the Litigation; (2) any and all claims, demands, actions, and/or causes of action for non-payment of wages, unpaid wages, unpaid tips, front pay, back pay, compensatory damages, punitive damages, minimum wages, overtime wages, failure to maintain and/or furnish employees with proper wage records and/or wage notices and/or wage statements, penalties, liquidated damages, restitution, equitable relief, attorneys' fees, costs and expenses, pre- and post-judgment interest, retaliation for complaining about wages or for asserting wage-related claims, or any other wage-related damages or relief of any kind, including but not limited to claims, demands, actions, and/or causes of action pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*; (3) any and all claims, demands, actions and/or causes of action under the wage and hour laws and regulations of the state of New York, and any local wage and hour laws, including but not limited to Articles 6 and 19 of the New York Labor Law; 12 New York Codes, Rules and Regulations Parts 137; 146, and all claims for any type of penalties or damages available under the wage and hour laws of the state of New York, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest; and (4) any and all claims for attorneys' fees, costs and expenses.

_____          _____
Signature                                              Date

_____
Print Name


**PAGE 2 OF 2 – YOU MUST COMPLETE BOTH PAGES OF THE CLAIM FORM IN ORDER TO BE A VALID CLAIM.**

# Exhibit B to the Settlement Agreement and Release

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

*Matthew Roach, et al. v. T.L. Cannon Corp., et al.* (Lead Case), 3:10-CV-591(TJM/DEP)

*Ashley Hicks, et al. v. T.L. Cannon Corp., et al.* (Member Case), 3:18-CV-1177(TJM)(DEP)

## OFFICIAL COURT NOTICE OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION

### INTRODUCTION

- As detailed below, the parties have reached a proposed settlement of $3,500,000 to settle the above lawsuit, which has been granted preliminary approval by the Court. You have been identified as a potential class member in the above lawsuit. Please read this Notice carefully. It contains important information about your rights concerning the class action settlement described below.

- As described more fully below, to participate in the settlement, you must send a properly completed Claim Form to the Settlement Administrator that must be postmarked by [date 45 days after mailing of the Notice Packet]. If you fail to turn in or timely submit a Claim Form, you will receive no money from the settlement. Unless you "Opt-Out" of the settlement by mailing a written and signed Opt-Out Statement in the manner described below, you will be bound by the terms of the settlement, whether or not you submit a Claim Form.

This Notice explains the lawsuit and the terms of the settlement and explains your rights and obligations. The Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties. The Notice contains information about the following topics:

1.  What is the lawsuit about and why was this notice sent?
2.  Who is affected by the proposed settlement?
3.  What are your options?
4.  What are the terms of the proposed settlement?
5.  Who represents the Parties and how will attorneys for the settlement classes get paid?
6.  How can you participate in the settlement?
7.  What rights am I releasing?
8.  What if you do nothing?
9.  No retaliation
10. When is the fairness hearing to determine whether the settlement will be approved?
11. How can you exclude yourself or "opt-out" of the settlement?
12. How can you object?
13. What if you have questions?

| 1. | What are the Lawsuits about and Why was this Notice Sent? |
|---|---|

This notice concerns two lawsuits, *Roach v. T.L. Cannon Corp.* and *Hicks v. T.L. Cannon Corp.*, brought against T.L. Cannon Corp., T.L. Cannon Management Corp., TLC West, LLC, TLC Central, LLC, TLC Utica, LLC, TLC East, LLC, TLC North, LLC, David A. Stein, Matthew J. Fairbairn, and John A. Perry ("T.L. Cannon" or "Defendants"), which were recently consolidated for purposes of settlement before Judge Thomas J. McAvoy, United States District Judge for the United States District Court for the North District for New York.

**Roach v. T.L. Cannon ("Roach Lawsuit")**

In the *Roach* Lawsuit, Named Plaintiffs, Matthew Roach, Melissa Longo, Jennifer Doty, and Garrett Titchen, former employees of T.L. Cannon, commenced a lawsuit claiming that T.L. Cannon failed to properly compensate hourly employees, including for missed breaks and overtime hours, as well as spread of hours pay where the spread of hours in a shift exceeded ten.

The *Roach* Lawsuit has been litigated for approximately eight years.

**Hicks v. T.L. Cannon ("Hicks Lawsuit")**

Further, in the *Hicks* Lawsuit, Named Plaintiffs Ashley Hicks and Kristen Raymond, former employees of T.L. Cannon, commenced a lawsuit claiming that defendants failed to properly compensate employees, including that defendants improperly paid employees a tipped employee rate despite failing to provide proper wage notices or wage statements, and requiring employees to perform tasks unrelated to a tipped position.

The *Hicks* Lawsuit has been litigated for approximately six years.

***Denial of Allegations in Roach and Hicks Lawsuits by Defendants***

Defendants deny the allegations in the *Roach* and *Hicks* Lawsuits and have denied and continue to deny that they are liable to or owe damages to anyone with respect to the allegations. Defendants contend that they have complied with all aspects of federal, state and any other applicable law. Without admitting or conceding liability or damages, defendants have agreed to settle the two lawsuits.

This Notice tells you about your rights and responsibilities under the proposed settlement.

| 2. | Who is Affected by The Proposed Settlement? |
|---|---|

The proposed settlement includes:

**Roach Class:** (A) Any of defendants' current or former employees who earned minimum wage while working at one of defendants' New York restaurants between April 1, 2005 and

July 1, 2010, and who, during the same time period, worked a ten-hour spread at one of defendants' New York restaurants but did not receive an additional hour of compensation; or (B) any of defendants' current or former employees who, between April 1, 2005 and July 1, 2010, were required to sign a break log for their breaks, and who had their pay docked to reflect breaks that were not actually taken or who were not paid for all hours to which they were entitled; or (c) any of defendants' employees who previously submitted a Consent Form to join the *Roach* Lawsuit ("*Roach* Class Members").

*Hicks* **Class:** All current and former tipped employees who worked for defendants between September 24, 2006 and October 15, 2018 ("*Hicks* Class Members").

| 3. | **What Are Your Options?** |
|----|----|

You have four options with regards to this settlement. You can:

| File a Claim Form | **Join in this settlement.** By submitting a timely and valid Claim Form, you will receive distribution of a settlement payment. You will be bound by the terms of the settlement, if approved by the Court. |
|----|----|
| **Opt-Out of the Settlement** | **Submit an Opt-Out Statement.** By submitting a timely and valid Opt- Out Statement, you are forfeiting any right under the settlement agreement, including any right to distribution of a settlement payment. You will not be bound by the terms of the settlement, if approved by the Court. |
| **Object to the Settlement** | **Submit an Objection.** By submitting a timely and valid Objection, you are letting the Court know you disagree with some or all of the terms of the settlement. You can still submit a Claim Form. |
| **Do Nothing** | By doing nothing, you will still be bound by the terms of the settlement, but you will **NOT** receive any distribution of a settlement payment. |

Details about how each option would affect your rights are explained below.

| 4. | **What are the Terms of The Proposed Settlement?** |
|----|----|

If the settlement is approved, defendants will pay a sum not to exceed $3,500,000 ("Gross Settlement Fund") into a fund to settle all claims in the lawsuits. This fund will cover class counsel's attorneys' fees and costs; service payments to the Named Plaintiffs; the full cost of administration of the settlement and claims process; and any employer share of payroll taxes on the payments to be made to members of the settlement classes.

The "Net Settlement Fund" is the Gross Settlement Fund less the deductions set forth in the preceding paragraph. Shares of the Net Settlement Fund (less applicable tax withholdings) will be distributed to members of the *Roach* and *Hicks* Classes who submit a valid and timely Claim Form.

Your share of the Net Settlement Fund will be determined based on whether you are part of the *Hicks* Class, *Roach* Class, or both *Hicks* and *Roach* Classes.  Approximately twenty-five percent (25%) of the Net Settlement Fund will be allocated to those only in the *Hicks* Class, then another twenty-five percent (25%) of the Net Settlement Fund to those only in the *Roach* Class, and finally, fifty percent (50%) of the Net Settlement Fund shall be allocated to those persons part of both the *Roach* and *Hicks* Classes.

Within your Class, the share you are eligible to receive is based on the total of your pay periods worked during the applicable time period divided by the total pay periods worked by all members of that Class.  Net settlement funds not paid out to class members who submit a timely and fully completed Claim Form shall be returned to the Defendants.

| **5.** | **Who Represents the Parties?** |
|---|---|

Class Counsel:

      **THOMAS & SOLOMON LLP**
      Michael J. Lingle, Esq.
      693 East Avenue
      Rochester, NY 14607
      Telephone: 585.272.0540
      Facsimile: 585.272.0574

      Frank S. Gattuso
      Gattuso & Ciotoli, PLLC
      The White House
      7030 East Genesee Street
      Fayetteville, NY 13066
      Telephone: 315-299-6350

Attorneys for Defendants are:

      **LITTLER MENDELSON, P.C.**
      Craig R. Benson, Esq.
      Jessica F. Pizzutelli, Esq.
      900 Third Avenue
      New York, NY 10022

| **6.** | **What Rights Am I Releasing?** |
|---|---|

If you do not request to exclude yourself from the lawsuit, you are agreeing to settle, compromise, release and discharge Defendants, and their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, members, joint venturers, affiliated organizations, affiliated entities,  shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, partners, directors, trustees, heirs, administrators, executors, agents, owners, shareholders, investors, successors, assigns, employees, attorneys, contractors, representatives, employee retirement or

4

benefit plans (and the trustees, administrators, fiduciaries, sponsors, agents, representatives, insurers and reinsurers of such plans), divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in *Roach v. T.L. Cannon,* 10-cv-591 and *Hicks v. T.L. Cannon Corp.,* 13-CV-6455, and any individual or entity that could be jointly liable with defendants and any other persons or entities acting on its/their behalf for the following: (1) any and all claims asserted in the *Roach v. T.L. Cannon* and *Hicks v. T.L. Cannon Corp.* litigations, regardless of how phrased or under what statute or legal theory asserted, as well as all claims arising out of or that could have been asserted under the identical factual predicate of those claims asserted in the litigations; (2) any and all claims, demands, actions, and/or causes of action for non-payment of wages, unpaid wages, unpaid tips, front pay, back pay, compensatory damages, punitive damages, minimum wages, overtime wages, failure to maintain and/or furnish employees with proper wage records and/or wage notices and/or wage statements, penalties, liquidated damages, restitution, equitable relief, attorneys' fees, costs and expenses, pre- and post-judgment interest, retaliation for complaining about wages or for asserting wage-related claims, or any other wage-related damages or relief of any kind, including but not limited to claims, demands, actions, and/or causes of action pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*; (3) any and all claims, demands, actions and/or causes of action under the wage and hour laws and regulations of the state of New York, and any local wage and hour laws, including but not limited to Articles 6 and 19 of the New York Labor Law; 12 New York Codes, Rules and Regulations Parts 137; 146, and all claims for any type of penalties or damages available under the wage and hour laws of the state of New York, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest; and (4) any and all claims for attorneys' fees, costs and expenses.

| **7.** | **How Can You Participate in the Settlement?** |
|---|---|

If you are an eligible participant and return the enclosed "Claim Form" postmarked by [date 45 days after mailing of the Notice Packet], and the Court approves the settlement, you are eligible to receive a monetary award, as set forth above.

A copy of the Claim Form is enclosed with this Notice and may also be obtained by contacting the Settlement Administrator listed below. The address of the Settlement Administrator appears at the end of this Notice.

| **8.** | **What if You Do Nothing?** |
|---|---|

Individuals who do not timely return the Claim Form enclosed with this Notice will not receive any money from the settlement. If you do nothing, upon approval of the settlement by the Court and that approval becoming final, you will be deemed to have released and waived the rights discussed above in section 6.

| 9. | No Retaliation |
|---|---|

Your decision as to whether or not to submit a Claim Form will in no way affect your employment with Defendants. Defendants are prohibited by law from taking any retaliatory action against employees for joining this lawsuit or participating in the settlement.

| 10. | When is the Fairness Hearing to Determine Whether the Settlement Will be Approved? |
|---|---|

The Court has granted preliminary approval of the proposed settlement, concluding preliminarily that the settlement is fair, adequate, and reasonable.

A hearing will be held to determine whether final approval of the Settlement and the award of reasonable attorneys' fees and costs and service awards should be granted.  At the hearing the Court will hear objections, if any, and arguments concerning the fairness of the proposed settlement and the request for reasonable attorneys' fees and costs and service awards.   The hearing will take place before Judge McAvoy on _____at_____, at the Alexander Pirnie Federal Building and United States Courthouse, 10 Broad Street, Utica, New York 13501. The time and date of this hearing may be continued or adjourned so please contact Class Counsel prior to the date of the hearing if you plan to attend.  YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.

| 11. | How Can You Exclude Yourself or "Opt-Out" of The Settlement? |
|---|---|

You can exclude yourself from the settlement by submitting a written request for exclusion to the Settlement Administrator. If you exclude yourself, you will not participate in this Action, nor will you receive any funds from the settlement.

To exclude yourself from the settlement, you must submit a written statement to the Settlement Administrator that: (1) expressly states "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN 3:10-CV-591 (TJM/DEP), *Matthew Roach, et al. v. T.L. Cannon Corp.* (Lead Case) and 3:18-CV-1177 (TJM/DEP), *Ashley Hicks, et al. v. T.L. Cannon Corp., et al.* (Member Case); (2) includes your full name (and former name, if any), address, telephone number, email address, Social Security number, and dates of employment with Defendants; (3) includes your signature; (4) must be postmarked by no later than [45 days after mailing Notice Packet].

| 12. | How Can You Object? |
|---|---|

You can object to the terms of the settlement, but only if you do not exclude yourself from the settlement as discussed above.

In order to object to the settlement, you must file a copy of your written objection with the Settlement Administrator and the attorneys for the parties identified above on or before [45 days after mailing the Notice Packet].   Your written objection must include your full name, address, and telephone number, a detailed statement of the basis for each objection asserted, and the grounds on which you desire to appear and be heard (if any) at

6

the Final Fairness Hearing.  If you are represented by an attorney, you must also include the name and address of your attorney.

If you submit a timely objection, you may also be heard, at your own expense, at the Final Approval Hearing, which is currently set for _____at_____, at the Alexander Pirnie Federal Building and United States Courthouse, 10 Broad Street, Utica, New York 13501. You can represent yourself or appear through your own attorney who you retain at your expense.

**If you intend to object to the settlement but wish to receive your share of the settlement if it is approved, then you must still timely file your Consent Form.  Otherwise, if the Court approves the settlement despite your or any other objections and you have not submitted a claim form, you will not receive any proceeds from the settlement.**

| **13.     What if you have Questions?** |
|---|

This notice only summarizes this lawsuit, the settlement and related matters. For more information about the settlement or if you have any questions regarding the settlement, you may contact the Settlement Administrator.

Dahl Administration LLC
6465 Wayzata Blvd Suite 420
Minneapolis MN 55426

[ADD TOLL FREE PHONE NUMBER]

You may also contact Class Counsel at the address or numbers listed in section 5, above.

DO NOT CONTACT THE COURT WITH ANY QUESTIONS.